**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| PHOENIX 1040 LLC, ) | Case No. 23-11239 (TMH) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 93-3032550 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| AMERIFIRST FINANCIAL, INC., ) | Case No. 23-11240 (TMH) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 86-0634557 ) | |

**MOTION OF DEBTORS FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) directing procedural consolidation and joint administration of the Debtors' chapter 11 cases and (b) granting related relief. The Debtors request that the Court (as defined herein) maintain one file and one docket for all of the jointly administered cases under the case of AmeriFirst Financial, Inc., and that the cases be administered under a consolidated caption, as follows:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AMERIFIRST FINANCIAL, INC., *et al.*,[1] | ) ) ) | Case No. 23- 11240 (TMH) |
| Debtors. | ) ) ) | (Jointly Administered) |

---

[1] The Debtors and the last four (4) digits of their respective taxpayer identification numbers include: Phoenix 1040 LLC (2550) and AmeriFirst Financial, Inc. (4557). The Debtors' service address is 1550 McKellips Road, Suite 117, Mesa, AZ 85203.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code, as defined below.

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Debtor AmeriFirst Financial, Inc., to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, directing joint administration for procedural purposes only of the chapter 11 cases of: AmeriFirst Financial, Inc., Case No. 23-11240 (TMH) and Phoenix 1040 LLC, Case No. 23-11239 (TMH). The docket in Case No. 23-11240 (TMH) should be consulted for all matters affecting this case.

## Jurisdiction and Venue

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1015-1 and 9013-1(m).

**Background**

7. On August 24, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no official committees have been appointed or designated.

8. Debtor AmeriFirst Financial, Inc. ("AFI") is a mid-sized independent mortgage company. It is licensed to operate in 44 states and serves customers via branches located in over 20 states. In addition to originating and purchasing residential mortgage loans, AFI owns certain loan master servicing rights and fees generated thereby.

9. Additional factual background regarding events leading to the filing of these chapter 11 cases is set forth in the *Declaration of T. Scott Avila in Support of First Day Motions* (the "Avila Declaration"), filed concurrently herewith and incorporated herein by reference.

**Basis for Relief**

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The twenty-four Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Furthermore, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

12. Joint administration is generally uncontroversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. June 6, 2023); (directing joint administration of chapter 11 cases); *In re Lannett Company, Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 4, 2023) (same); *In re SiO2 Medical Products, Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. March 30, 2023) (same); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D.

Del. Aug. 24, 2022); *In re Riverbed Tech., Inc.*, No. 21-11503 (CTG) (Bankr. D. Del. Nov. 18, 2021) (same).[1]

13. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the United States Trustee for the District of Delaware (the "United States Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies. This motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors' joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Notice

15. The Debtors will provide notice of this Motion to: (a) United States Trustee for the District of Delaware; (b) the United States Attorney's Office for the District of Delaware; (c) the state attorneys general for all states in which the Debtors conduct business; (d) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (e) counsel to the prepetition lender; (f) counsel to the postpetition lender; and (g) any party that has

---

[1] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).

## No Prior Request

16. No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  August 29, 2023                                  **PACHULSKI STANG ZIEHL & JONES LLP**

 */s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:      302-652-4100
Facsimile:       302-652-4400
Email:    ljones@pszjlaw.com
               dbertenthal@pszjlaw.com
               tcairns@pszjlaw.com


*Proposed Counsel for Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PHOENIX 1040 LLC, | ) | Case No. 23-11239 (TMH) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 93-3032550 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AMERIFIRST FINANCIAL, INC., | ) | Case No. 23-11240 (TMH) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 86-0634557 | ) | **Docket Ref. No. \_\_\_\_** |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) directing procedural consolidation and joint administration of the Debtors' chapter 11 cases and (b) granting related relief, all as more fully set forth in the Motion; and upon the Avila Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

§§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 23-11240 (TMH).

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AMERIFIRST FINANCIAL, INC., *et al.*,[1] | ) ) ) | Case No. 23-11240 (TMH) |
| Debtors. | ) ) ) | (Jointly Administered) |

---

[1] The Debtors and the last four (4) digits of their respective taxpayer identification numbers include: Phoenix 1040 LLC (2550) and AmeriFirst Financial, Inc. (4557). The Debtors' service address is 1550 McKelleps Road, Suite 117, Mesa, AZ 85203.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than AmeriFirst Financial, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, directing joint administration for procedural purposes only of the chapter 11 cases of: AmeriFirst Financial, Inc., Case No. 23-11240 (TMH) and Phoenix 1040 LLC, Case No. 23-11239 (TMH). The docket in Case No. 23-11240 (TMH) should be consulted for all matters affecting this case.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and such notice satisfies the requirements of the Bankruptcy Rules and Local Rules.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.