# **EXHIBIT A**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| AMERIFIRST FINANCIAL, INC., *et al.*,[1] | ) | Case No. 23- 11240 (TMH) |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | **Re: Docket No. ____** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE OPERATING CASH MANAGEMENT SYSTEM, (B) HONOR AND PAY BANK FEES, (C) MAINTAIN EXISTING BUSINESS FORMS, (II) SCHEDULING A FINAL HEARING, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of an interim order (this "Interim Order"), pursuant to sections 105, 345, and 363 of the Bankruptcy Code, Rules 6003 and 6004 of the Bankruptcy Rules, and Rule 2015-2 of the Local Rules, (i) authorizing the Debtors to (a) continue operating the Cash Management System, (b) honor and pay the Bank Fees in the normal course, including any prepetition Bank Fees, and (c) maintain existing business forms, and (ii) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the Avila Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (255) and AmeriFirst Financial, Inc. (4557). The Debtors' business address is 1550 McKelleps Road, Suite 117, Mesa, AZ 85203.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis, as set forth in this Interim Order.

2. The final hearing (the "Final Hearing") on the Motion shall be held on _______, 2023, at __:__ __.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _________, 2023. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, to: (a) continue operating the Cash Management System, substantially as identified on **Exhibit C** to the Motion and as described in the Motion; (b) honor their prepetition obligations related thereto; (c) use, in their present form, all preprinted correspondence and Business Forms (including letterhead) without reference to the Debtors' status as debtors in possession; (d) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on **Exhibit D** to the Motion, and need not comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Guidelines (to the extent applicable); (e) treat the Debtor Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (f) deposit funds in and withdraw

funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; and (g) pay the Bank Fees, including any prepetition amounts and any ordinary course Bank Fees incurred in connection with the Bank Accounts and to otherwise perform their obligations under the documents governing the Bank Accounts; *provided* that in the case of each of (a) through (g), such action is taken in the ordinary course of business and consistent with historical practices.

4. The Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course of business consistent with historical practices, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order; *provided* that the Debtors shall only instruct or request any Banks to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Bank for payment after the Petition Date as authorized by an order of the Court.

5. The Banks are authorized to debit the Debtors' accounts in the ordinary course of business, consistent with historical practices, without the need for further order of this Court for: (a) all checks drawn on the Debtors' accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtors' accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the

Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

6. Any existing agreements between or among the Debtors, the Banks, and other parties shall continue to govern the postpetition cash management relationship between the Debtors and the Bank, and all of the provisions of such agreements, including, without limitation, the termination, fee provisions, rights, benefits, offset rights, and remedies afforded under such agreements shall remain in full force and effect unless otherwise ordered by the Court, and the Debtors and the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and cash management procedures in the ordinary course of business, consistent with historical practices and the Debtors' prepetition secured debt agreements, including, without limitation, the opening and closing of bank accounts, subject to the terms and conditions of this Interim Order.

7. The Debtors' time to comply with section 345(b) of the Bankruptcy Code is hereby extended for a period of forty-five days from the date of this Order (the "Extension Period"), provided, however, that such extension is without prejudice to the Debtors' right to request a further extension of the Extension Period or a final waiver of the requirements of section 345(b) in these Chapter 11 Cases.

8. For the Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days of the date of entry of this Interim Order, the Debtors shall (a) contact such bank, (b) provide such bank with each of the Debtors' employer identification numbers, and (c) identify each of their Bank Accounts held at such bank as being held by a debtor in possession in the Debtors' bankruptcy cases. For any Bank at which the Debtors hold Bank Accounts that are not party to a Uniform Depository Agreement

with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Bank to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Interim Order.

9. Subject to the terms hereof, the Debtors are authorized, but not directed, in the ordinary course of business consistent with historical practices and the Debtors' prepetition secured debt agreements, to open any new bank accounts or close any existing Bank Accounts and enter into any ancillary agreements, including deposit account control agreements, related to the foregoing, as they may deem necessary and appropriate, provided that the Debtors give notice to the U.S. Trustee and any official committees appointed in these chapter 11 cases within 15 days of opening or closing a bank account. The relief granted in this Interim Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a "Bank Account," and to the bank at which such account is opened, which bank shall be deemed a "Bank," provided that any new domestic bank account opened by the Debtors shall be established at an institution that is a party to a Uniform Depository Agreement with the U.S. Trustee or is willing to immediately execute such a Uniform Depository Agreement.

10. All banks maintaining any of the Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date; *provided*, *however*, that any such bank shall not be found to be in violation of this Interim Order nor liable to the Debtors or their estates should any such bank honor or pay any bank payment (a) in a good faith belief that the Court has authorized such payment to be honored, or (b) as the result of a mistake made despite implementation of customary item handling procedures.

11. The Banks are authorized, without further order of this Court, to deduct any applicable fees from the applicable Bank Accounts in the ordinary course of business consistent with historical practices and pursuant to the applicable agreements governing each Bank Account.

12. The Banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers, including, without limitation, on account of checks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts, in each case to the same extent the Debtors were responsible for such items prior to the Petition Date.

13. Subject to the terms set forth herein, any bank, including the Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

14. Any banks, including the Banks, are further authorized to honor the Debtors' directions with respect to the opening and closing of any Bank Account and accept and hold, or

invest, the Debtors' funds in accordance with the Debtors' instructions; provided that the Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

15. The Debtors shall calculate quarterly fees under 28 U.S.C. section 1930(a)(6) based on the disbursements of each debtor, regardless of who pays those disbursements.

16. Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien or setoff right, in favor of any person or entity, that existed as of the Petition Date.

17. Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors

or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

18. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

19. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

20. The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

21. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

22. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

23. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

24. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.