**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERIFIRST FINANCIAL, INC., *et al.*,[1] | Case No. 23- 11240 (TMH) |
| | (Joint Administration Requested) |
| Debtors. | **Re: Docket Nos. 19, 21, 22** |

**OMNIBUS RESPONSE OF FEDERAL NATIONAL MORTGAGE ASSOCIATION TO**
**VARIOUS FIRST DAY MOTIONS FILED BY THE DEBTORS**

Federal National Mortgage Association ("Fannie Mae"), by and through its undersigned counsel, hereby files this omnibus response (the "Response") to certain of the first-day motions filed by the Debtors (collectively, the "First Day Motions")[2] including:

1) *Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to (A) Continue Operating Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Granting Related Relief* [Docket No. 19] (the "Cash Management Motion");

2) *Motion of the Debtors for Interim and Final Orders, (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Lenders, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (IV) Granting Related Relief* [Docket No. 21] (the "DIP Motion"); and

3) *Debtors' Motion for Interim and Final Orders Under Sections 105(a), 363, 1107(a) and 1108 of the Bankruptcy Code (I) Authorizing the Debtors to Continue in the Ordinary Course of Business: (A) Sale Activities Related to Certain CIK Properties, (B) Originating and Funding Mortgage, Loans, (C) Selling Scratch and Dent Loans, (D) Servicing Loans, and (II) Granting Related* [Docket No. 22] (the "Ordinary Course Motion").

In support of the Response, Fannie Mae represents as follows:

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (255) and AmeriFirst Financial, Inc. (4557). The Debtors' business address is 1550 McKellips Road, Suite 117, Mesa, AZ 85203.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the applicable First Day Motions.

## BACKGROUND

1.     On August 24, 2023, (the "Petition Date"), each of the above-captioned Debtors filed voluntary petitions for relief pursuant to chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2.     On August 29, 2023, the Debtors filed the First Day Motions.

3.     Fannie Mae is a shareholder-owned company, which operates under a congressional charter.  It was established to stabilize the secondary mortgage market and to promote home ownership by providing access to mortgage credit.  Fannie Mae "serves an important governmental objective: 'to maintain the secondary mortgage market and assist in meeting low- and moderate-income housing goals.'"  *Fiella v. Fed. Nat'l Mort. Ass'n*, 928 F.3d 141, 149 (1st Cir. 2019) (quoting *Mendrala v. Crown Mortgage Co.*, 955 F.2d 1132, 1140 (7th Cir. 1992)).

4.     As a servicer of Fannie Mae-owned mortgage loans (collectively, the "Fannie Mae Loans"), AmeriFirst Financial, Inc. ("AFI") is obligated to service the Fannie Mae Loans in accordance with, and subject to, the Fannie Mae Mortgage Selling and Servicing Contract, the Fannie Mae Selling Guide (the "Selling Guide"), the Fannie Mae Servicing Guide (the "Servicing Guide" and together with the Selling Guide, the "Guides"), and all supplemental servicing instructions or directives provided by Fannie Mae, all applicable master agreements, recourse agreements, repurchase agreements, indemnification agreements, loss-sharing agreements, and any other agreements between Fannie Mae and AFI, all as amended, restated or supplemented from time to time (collectively, and as further defined in the Guides, the "Fannie Mae Lender Contract"), which is the unitary, indivisible master servicing contract comprising all the rights, duties, obligations, representations, warranties, covenants and agreements between

AFI and Fannie Mae governing the servicing of the Fannie Mae Loans.  The Fannie Mae Lender Contract includes, among other rights, the right of Fannie Mae to terminate the Fannie Mae Lender Contract with or without cause thereby terminating the right to service the Fannie Mae Loans.

5.       While AFI is a party to the Fannie Mae Lender Contract, its rights are subject to the restrictions applicable to executory contracts under Bankruptcy Code section 365.  There is no property interest in "servicing rights," or in any fees generated from such "servicing rights," separate from the contractual rights and duties established in the Fannie Mae Lender Contract governed by section 365 of the Bankruptcy Code.

6.       AFI's obligations under the Fannie Mae Lender Contract include the collection and remittance of amounts owed to Fannie Mae, and of amounts owed to taxing authorities and homeowner insurance company.  As a Fannie Mae servicer, AFI collects, holds, and remits funds that are at all times the property of Fannie Mae and/or individual borrowers.  The Debtors have no equitable or ownership or property interest in the Fannie Mae Loans, collections or other property owned by Fannie Mae or such borrowers.  *See* 11 U.S.C. § 541(d).

7.       AFI's selling and servicing approvals were suspended by Fannie Mae, for cause, on March 27, 2023, and AFI is therefore not permitted to sell any loans to Fannie Mae or to add any Fannie Mae Loans to AFI's servicing portfolio.

8.       Fannie Mae is informed and believes that AFI incurred a pre-petition change of control (the "Change of Control").  At this time, Fannie Mae takes no position on the pending dispute among various parties concerning such Change of Control.  However, Fannie Mae had no advance notice of the Change in Control, which notice is required as set forth in the Fannie

Mae Lender Contract.[3]  Accordingly, Fannie Mae did not issue a prior written approval of, or notice of non-objection to, such Change in Control, which approval or non-objection is also required by the Fannie Mae Lender Contract.[4]

9.      Fannie Mae reserves all rights and remedies with respect to the Fannie Mae Lender Contract including with respect to any defaults whether known at this time or unknown.

10.      No liens or other transfers related to the Fannie Mae Lender Contract and associated benefits are permitted without Fannie Mae's consent.  Fannie Mae did not consent to any pre-petition lien being granted and Fannie Mae has not consented to any other lien or encumbrance.

11.      Under the terms of the Fannie Mae Lender Contract, Fannie Mae is entitled to deduct and exercise all rights and defenses, offsets, and recoupments from any amounts otherwise due under the Fannie Mae Lender Contract.

## **RESPONSE**

12.      It is imperative that any orders of this Court granting the relief requested in the First Day Motions reflect and protect Fannie Mae's rights and are not inconsistent with the Fannie Mae Lender Contract.  No modifications to the Fannie Mae Lender Contract may be made without Fannie Mae's written consent, nor may any assignment alter Fannie Mae's rights under the Fannie Mae Lender Contract.  *See, e.g.*, *In re Fleming Cos.,* 499 F.3d 300 (3d Cir. 2007) (obligations under contract may not be modified as part of assignment).

13.      In the hours since the status conference held in this case by the Court on August 29, Fannie Mae has been working with the Debtors in good faith to incorporate language into the

---

[3] *See, e.g.*, Selling Guide, A4-1-03, Report of Changes in the Seller/Servicer's Organization (09/04/2018) (requiring 60 days' advance notice of any change in control and specifying that failure to obtain advance notice is a breach of the Fannie Mae Lender Contract), available at https://selling-guide.fanniemae.com/1645976491
[4] *Id.*

Debtors' proposed orders to protect Fannie Mae's rights in respect of the First Day Motions consistent with rulings by other Courts in the District. *See In re Reverse Mortgage Investment Trust, Inc.*, Case No. 22-11225 (MFW) (Bankr. D. Del. 2022) [Docket Nos. 429, 495, 500] (final cash management, DIP financing, and ordinary course servicing orders); *In re First Guaranty Mortgage Corporation*, Case No. 22-10584 (CTG) (Bankr. D. Del. 2022) [Docket Nos. 273, 292] (final cash management and DIP financing orders). The negotiations have been very constructive. As the date hereof, the discussions remain ongoing in respect of those particular First Day Motions, and revised proposed orders have not been filed on the docket in the Debtors' chapter 11 cases.

14.    In these discussions, Fannie Mae proposed, and Fannie Mae believes that counsel to the Debtors has agreed to include, certain provisions to the proposed order(s) for certain of the First Day Motions to, generally speaking, preserve Fannie Mae's rights related to the Fannie Mae Lender Contract. Provided that the proposed language is contained in one or more revised proposed order(s) lodged with the Court, Fannie Mae has no further objection to the First Day Motions at this time, but reserves all rights to continue to review the First Day Motions and object to any relief requested on a final basis. To speak more specifically as to three of the First Day Motions:

15.    <u>First</u>, Fannie Mae's proposed language for the Cash Management Motion clarifies that the Debtors have no ownership interest in any custodial accounts held pursuant to the Fannie Mae Lender Contract. Any use of the Bank Accounts, which is defined to include certain of these custodial accounts that are not property of the Debtors' estates, must be subject in all respects to the Fannie Mae Lender Contract. Property held in those accounts and related

collections may only be used as permitted by the Fannie Mae Lender Contract for the purposes specified therein.

16.    <u>Second</u>, in connection with the DIP Motion (and any other applicable First Day Motion), Fannie Mae objects to any order suggesting that either (a) servicing rights for Fannie Mae Loans, and/or the fees generated by such servicing rights, are Prepetition Collateral, or (b) liens would be granted on such servicing rights or the fees generated thereby, which in each case would amount to another breach of the Fannie Mae Lender Contract.[5]  Likewise, all of Fannie Mae's contractual rights and remedies under the Fannie Mae Lender Contract must be preserved including defenses, deductions, offsets and recoupments free from any limitation or encumbrance.

17.    <u>Third</u>, the Ordinary Course Motion must also be subject to the terms of the Fannie Mae Lender Contract.  AFI and any sub-servicer retained by the Debtor should be authorized to perform their obligations owed to Fannie Mae, subject to all terms of the Fannie Mae Lender Contract.

18.    Finally, without limiting the foregoing or the proposed language in respect of the First Day Motions, Fannie Mae further reserves all of its rights under the Fannie Mae Lender Contract, and objects to each of the First Day Motions to the extent that any related order of this Court is inconsistent with or fails to clearly preserve Fannie Mae's rights thereunder, including preserving all of Fannie Mae's rights related to the Fannie Mae Loans and proceeds thereof, none of which, neither Debtor AFI's "servicing rights," nor the fees generated from such "servicing rights," may be transferred or pledged to any other party without the prior written consent of Fannie Mae in accordance with the Fannie Mae Lender Contract.  That said, Fannie Mae hopes

---

[5] *See* Servicing Guide, A2-7-02: Pledge of Servicing Rights and Transfer of Interest in Servicing Income (11/25/2015), available at https://servicing-guide.fanniemae.com/1581707891.

and expects that reasonable and acceptable forms of the proposed orders will be negotiated prior to the hearing on the First Day Motions.

**BIELLI & KLAUDER, LLC**

Dated: August 30, 2023

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Fax: (302) 397-2557
Email: dklauder@bk-legal.com

-and-

**O'MELVENY & MYERS LLP**

Stephen Warren (admitted *pro hac vice*)
Jordan A. Weber (admitted *pro hac vice*)
400 Soduth Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Phone: (213) 403-6000
Email: swarren@omm.com
Email: jweber@omm.com

-and-

Jennifer Taylor (*pro hac vice* pending)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Phone: (415) 984-8700
Email: jtaylor@omm.com

-and-

Daniel Shamah (admitted *pro hac vice*)
Times Square Tower
7 Times Square
New York, NY 10036
Phone: (212) 326-2000
Email: dshamah@omm.com

*Counsel for Federal National Mortgage Association*