**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERIFIRST FINANCIAL, INC.,[1] | Case No. 23-11240 (TMH) |
| | (Joint Administration Requested) |

**Ref Docket No. 22**

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE IN THE
ORDINARY COURSE OF BUSINESS: (A) SALE ACTIVITIES RELATED TO
CERTAIN "CIK" PROPERTIES, (B) ORIGINATING AND FUNDING MORTGAGE
LOANS, (C) SELLING "SCRATCH AND DENT LOANS", (D) SERVICING
LOANS, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the above debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors") motion  for entry of this interim ("Interim

Order") and final orders, under sections 105(a), 362, 363, 1107(a) and 1108 of title 11 of the

United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing, but not directing, the Debtors

to continue in the ordinary course of business: (a) sale activities related to certain "Cash is

King" owned properties ("CIK Properties"), including authorizing the sale of such CIK

Properties free and clear of liens, claims, and encumbrances, (b) originating and funding

mortgage loans, (c) selling "scratch and dent" loans, (d) servicing loans, and (ii) granting

related relief (the "Motion"); and the Court having conducted a hearing on August 30, 2023 (the

"Hearing") to consider the Motion; and notice of the Motion having been adequate under the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include:  Phoenix 1040 LLC (2550) and AmeriFirst Financial, Inc. (4557).  The Debtors' service address is 1550 McKelleps Road, Suite 117, Mesa, AZ 85203.

circumstances; and upon the record of the Hearing and the Motion; and after due deliberation; and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is GRANTED as set forth herein; and it is further

ORDERED, that the Debtors are hereby authorized but not directed, to continue in the ordinary course of business:

(a) sale activities related to CIK Properties, including authorizing the sale of such CIK Properties free and clear of liens, claims, and encumbrances, subject only to the consent of the holders of mortgage liens on the CIK Properties;

(b) originating and funding mortgage loans,

(c) selling S&D Loans; and

(d) servicing loans; and it is further

ORDERED, nothing in this Interim Order: (i) alters or amends the Fannie Mae Lender Contract[2] between AFI and Federal National Mortgage Association ("Fannie Mae") under which AFI services and/or contracts with third parties to service Fannie Mae owned mortgages and loans; (ii) grants any party rights in the Fannie Mae Lender Contract or any mortgages, loans or other property owned by Fannie Mae; or (iii) impairs any of Fannie Mae's rights or remedies under the Fannie Mae Lender Contract or Fannie Mae's rights or remedies concerning any mortgages, loans or other property owned by Fannie Mae (none of which are waived).  For the avoidance of doubt, Fannie Mae reserves all rights and remedies under and related to the Fannie Mae Lender Contract, none of which are waived under this Interim Order.  Without limiting the generality of the foregoing, Fannie Mae reserves the right to seek additional adequate protection,

---

[2] As used herein, the term "Fannie Mae Lender Contract", means the Lender Contract as defined in the Fannie Mae Selling Guide (as amended, restated, modified or supplemented from time to time, the "Fannie Mae Selling Guide") and in the Fannie Mae Servicing Guide (as amended restated, modified or supplemented from time to time, the "Fannie Mae Servicing Guide", and together with the Fannie Mae Selling Guide, the "Fannie Mae Guides").

DOCS_DE:244461.11

relief from the stay and/or other relief concerning its rights related to the Fannie Mae Lender Contract; and it is further

ORDERED, AFI and any sub-servicer retained by AFI are authorized to perform as required and provided for under the Fannie Mae Lender Contract and the Fannie Mae Guides; and it is further

ORDERED, nothing in this Interim Order: (i) alters or amends the Freddie Mac Agreements[3] between AFI and Federal Home Loan Mortgage Corporation ("Freddie Mac") under which AFI services and/or contracts with third parties to service Freddie Mac owned or securitized mortgages and loans; (ii) grants any party rights in the Freddie Mac Agreements or any mortgages, loans or other property owned by Freddie Mac; or (iii) impairs any of Freddie Mac's rights or remedies under the Freddie Mac Agreements or Freddie Mac's rights or remedies concerning any mortgages, loans or other property owned by Freddie Mac (none of which are waived). For the avoidance of doubt, Freddie Mac reserves all rights and remedies under and related to the Freddie Mac Agreements, none of which are waived under this Interim Order. Without limiting the generality of the foregoing, Freddie Mac reserves the right to seek additional adequate protection, relief from the stay and/or other relief concerning its rights related to the Freddie Mac Agreements; and it is further

ORDERED, AFI and any sub-servicer retained by AFI are authorized to perform as required and provided for under the Freddie Mac Agreements and the Freddie Mac Guide; and it

---

[3] As used herein, the term "Freddie Mac Agreements," means the Freddie Mac Single-Family Seller/Servicer Guide (the "Freddie Max Guide"), the Freddie Mac Single-Family Seller/Servicer Guide Plus Additional Provisions, certain applicable Master Agreements (as defined in the Freddie Mac Guide), Purchase Contracts (as defined in the Freddie Mac Guide), Pricing Identifier Terms (as defined in the Freddie Mac Guide) supplements, addendums, Bulletins (as defined in the Freddie Mac Guide), terms of business and any other agreements between AFI and Freddie Mac, as amended, restated or supplemented from time to time.

3

is further

ORDERED, that the Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003; and it is further

ORDERED, that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice; and it is further

ORDERED, that the final hearing (the "Final Hearing") on the Motion shall be held on September 18, 2023, at: 2:00 p.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on September 11, 2023 and shall be served on:  (a) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn.: Laura Davis Jones (ljones@pszjlaw.com), David M. Bertenthal (dbertenthal@pszjlaw.com) and Timothy P. Cairns (tcairns@pszjlaw.com), (b) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.:  Linda Richenderfer (linda.richenderfer@usdoj.gov); and (c) any statutory committee appointed in these chapter 11 cases; and it is further

ORDERED, that pending the Final Hearing, the Debtors shall not pay any prepetition amounts associated with the ordinary course transactions described above exceeding $10,000, *provided, however*, that the $10,000 cap shall not prohibit the Debtors or account owners/custodial parties (as applicable) from disbursing through any means funds held in the Debtors' bank accounts for borrower-related disbursements (e.g., property taxes, hazard

4

insurance, or similar disbursements) and other disbursements for funds held as custodian of or for another party or other amounts due to subservicers for servicing related matters, which authorization shall be consistent with the Fannie Mae Lender Contract and the Freddie Mac Agreements; and it is further

ORDERED, that notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: August 31st, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**