IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERIFIRST FINANCIAL, INC., *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 23-11240 (TMH)<br><br>(Jointly Administered)<br><br>Ref Docket No. 71 |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, AND (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")² of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (i) authorizing the Debtors to (a) file a consolidated creditor list in lieu of submitting a separate list for each Debtor, (b) file a consolidated list of the thirty largest unsecured creditors, and (c) redact certain personally identifiable information for the Debtors' individual creditors and interest holders; and (ii) granting related relief, as set forth in the Motion; and upon consideration of the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order

---

¹ The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The location of Debtor AmeriFirst Financial, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1550 McKelleps Road, Suite 117, Mesa, Arizona 85203.

² Capitalized terms not defined herein retain the meanings assigned to them in the Motion.

consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. As soon as practicable after entry of an order authorizing the engagement of the proposed notice and claims agent in the Chapter 11 Cases, the Debtors shall furnish to the proposed notice and claims agent a consolidated creditor list.

3. The requirements of Local Rule 1007-2(a) and Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are waived, and the Debtors are authorized to submit a consolidated list of creditors; *provided* that if any of the Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, each Debtor shall file its own separate mailing matrix and provide same to the Clerk's office within ten days of any such conversion.

4. The Debtors are authorized to file a consolidated list of the Debtors' thirty largest unsecured creditors.

5. The Debtors are authorized to redact home address information pursuant to section 101(41A) of the Bankruptcy Code in respect of the Debtors' individual creditors and

interest holders listed on the Creditor Matrix, schedules and statements, or similar documents filed with the Court. The Debtors reserve any and all rights to request the authority to seal additional personally identifiable information in future documents filed with the Court. The U.S. Trustee and the Court will receive an unredacted copy of the Creditor Matrix only upon request. An unredacted copy of the Creditor Matrix will be filed under seal. Any official committee appointed in these cases and any party in interest may make a request for an unredacted copy of the Creditor Matrix. Any party in interest that is not, upon request, provided with an unredacted version of the Creditor Matrix may file a motion with the Court to obtain an unredacted copy of the Creditor Matrix.

6. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Order.

7. Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Order. Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service without revealing the sealed or redacted information. All pleadings required to be served on employees will be served at their residential address.

8. To the extent that a party in interest files a document on the docket in these Chapter 11 Cases that is required to be served on creditors whose information is under seal pursuant to this Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the Debtors' notice and claims agent, to effectuate the service on such party's behalf.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Local Rules are satisfied by such notice.

10. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 8th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**