**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERIFIRST FINANCIAL, INC., *et al.*, | Case No. 23-11240 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Ref. Docket No. 75** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO**
**(A) CONTINUE TO MAINTAIN THEIR INSURANCE POLICIES AND PROGRAMS,**
**(B) HONOR ALL INSURANCE OBLIGATIONS, (C) RENEW, AMEND,**
**SUPPLEMENT, EXTEND, OR PURCHASE AND FINANCE INSURANCE POLICIES;**
**(II) AUTHORIZING CONTINUATION OF INSURANCE PREMIUM FINANCING**
**AGREEMENT; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an interim order (this "Interim Order"): (i) authorizing, but not directing, the Debtors to continue their existing Insurance Policies; (ii) authorizing, but not directing, the Debtors to pay certain (a) prepetition Insurance Obligations, and (b) postpetition Insurance Obligations in the ordinary course of business; (iii) authorizing the Debtors to renew, amend, supplement, extend, or purchase and finance insurance policies in the ordinary course; (iv) authorizing the Debtors to honor Surety Obligations, to the extent necessary; and (v) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C.

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The location of Debtor AmeriFirst Financial, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1550 McKellps Road, Suite 117, Mesa, Arizona 85203.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

§ 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on October 2, 2023, at 11:00 a.m. (prevailing Eastern Time).  Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be received by the following parties, by no later than 4:00 p.m. (prevailing Eastern Time) on September 25, 2023: (i) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn:  Laura Davis Jones (ljones@pszjlaw.com), David M. Bertenthal (dbertenthal@pszjlaw.com), and Timothy P. Cairns (tcairns@pszjlaw.com); (ii) the Office of the United States Trustee, 844 King Street, Suite

2

2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda Richenderfer (linda.richenderfer@usdoj.gov); and (iii) counsel for any official committee of unsecured creditors appointed in the Chapter 11 Cases.  In the event that no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.      The Debtors are hereby authorized, but not directed, to pay, in the ordinary course of their business, all premiums, claims, deductibles, retrospective adjustments, administrative and broker's fees, and all other obligations related to the Insurance Policies and Surety Bonds on account of such prepetition obligations without further order of this Court, *provided* that such payments shall not exceed $75,000 in the aggregate on an interim basis pending a final hearing on the Motion, and the Debtors are authorized to pay and honor any postpetition Insurance Obligations in connection with the Insurance Policies and any postpetition Surety Obligations in connection with Surety Bonds as such obligations come due in the ordinary course of business.

4.      Subject to entry of a final order and only as necessary to avoid immediate and irreparable harm, the Debtors are hereby authorized, but not directed, to:  maintain their Insurance Policies without interruption, on the same basis and in accordance with the same practices and procedures that were in effect prior to the Petition Date and in the ordinary course of their business, in their business judgment and at their sole discretion, and maintain their Surety Bonds in accordance with practices and procedures that were in effect before the commencement of these Chapter 11 Cases, including but not limited to paying all prepetition and postpetition amounts due in connection with the Surety Bonds, renewing or securing new surety bonds, posting collateral, honoring indemnity agreements, or canceling any outstanding Surety Bonds.

5.      The Debtors are authorized, but not directed, to renew, amend, supplement, extend, or purchase insurance policies, to the extent that the Debtors determine that such action is in the best interest of their estates; *provided* that the Debtors shall provide notice of any renewal, amendment, supplement, or extension of an insurance policy to the U.S. Trustee and any official committee appointed in the Chapter 11 Cases within seven (7) days of the effective date of such renewal, amendment, supplement, or extension.

6.      Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed to be:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

7.      Each of the banks and financial institutions at which the Debtors maintain their accounts relating to the payment of the Insurance Obligations and Surety Obligations are authorized to:  (a) receive, process, honor, and pay all checks presented for payment and to honor all funds transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts; and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this Interim Order or any other order of the Court,

4

whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

8.      The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of the Insurance Obligations and Surety Obligations, and to replace any prepetition checks or electronic funds transfer requests that may be lost, dishonored, or rejected as a result of the commencement of these Chapter 11 Cases.

9.      Nothing contained in this Interim Order shall be construed to accelerate payments that are not otherwise due and payable.

10.     Entry of this Interim Order is necessary to avoid immediate and irreparable harm.  The requirements of Bankruptcy Rule 6003(b) have been satisfied.

11.     Adequate notice of the Motion has been provided under the circumstances. Such notice satisfies the requirements of Bankruptcy Rule 6004(a).  Notwithstanding Bankruptcy Rules 6004(h), 7062, and 9014, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: September 8th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

5