IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERIFIRST FINANCIAL, INC.,[1] | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 23-11240 (TMH) <br> ) <br> ) (Joint Administration Requested) <br> ) |

Ref Docket Nos. 22, 59

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE IN THE ORDINARY COURSE OF BUSINESS: (A) SALE ACTIVITIES RELATED TO CERTAIN "CIK" PROPERTIES, (B) ORIGINATING AND FUNDING MORTGAGE LOANS, (C) SELLING "SCRATCH AND DENT LOANS", (D) SERVICING LOANS, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the above debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") motion for entry of an interim order and a final order (this "Final Order"), under sections 105(a), 362, 363, 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing, but not directing, the Debtors to continue in the ordinary course of business: (a) sale activities related to certain "Cash is King" owned properties ("CIK Properties"), including authorizing the sale of such CIK Properties free and clear of liens, claims, and encumbrances, (b) originating and funding mortgage loans, (c) selling "scratch and dent" loans, (d) servicing loans, and (ii) granting related relief (the "Motion")[2]; and the Court having conducted a hearing on August 30, 2023 (the "Hearing") to consider the Motion; and the Court having entered an interim order on the Motion [Docket No. 59]; and notice of a final hearing having been provided; and the Court

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Phoenix 1040 LLC (2550) and AmeriFirst Financial, Inc. (4557). The Debtors' service address is 1550 McKelleps Road, Suite 117, Mesa, AZ 85203.

[2] Capitalized terms not otherwise defined herein shall have the meanings given them in the Motion.

DOCS_DE:244712.1 70786/001

having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is GRANTED on a final basis as set forth herein; and it is further

ORDERED, that the Debtors are hereby authorized but not directed, to continue in the ordinary course of business:

    (a) sale activities related to CIK Properties, including authorizing the sale of such CIK Properties free and clear of liens, claims, and encumbrances, subject only to the consent of the holders of mortgage liens on the CIK Properties;

    (b) originating and funding mortgage loans,

    (c) selling S&D Loans; and

    (d) servicing loans; and it is further

ORDERED, nothing in this Final Order: (i) alters or amends the Fannie Mae Lender Contract[3] between AFI and Federal National Mortgage Association ("Fannie Mae") under which AFI services and/or contracts with third parties to service Fannie Mae owned mortgages and loans; (ii) grants any party rights in the Fannie Mae Lender Contract or any mortgages, loans or other property owned by Fannie Mae; or (iii) impairs any of Fannie Mae's rights or remedies under the Fannie Mae Lender Contract or Fannie Mae's rights or remedies concerning any mortgages, loans or other property owned by Fannie Mae (none of which are waived). For the avoidance of doubt, Fannie Mae reserves all rights and remedies under and related to the Fannie

---

[3] As used herein, the term "Fannie Mae Lender Contract", means the Lender Contract as defined in the Fannie Mae Selling Guide (as amended, restated, modified or supplemented from time to time, the "Fannie Mae Selling Guide") and in the Fannie Mae Servicing Guide (as amended restated, modified or supplemented from time to time, the "Fannie Mae Servicing Guide", and together with the Fannie Mae Selling Guide, the "Fannie Mae Guides").

Mae Lender Contract, none of which are waived under this Interim Order. Without limiting the generality of the foregoing, Fannie Mae reserves the right to seek additional adequate protection, relief from the stay and/or other relief concerning its rights related to the Fannie Mae Lender Contract; and it is further

ORDERED, AFI and any sub-servicer retained by AFI are authorized to perform as required and provided for under the Fannie Mae Lender Contract and the Fannie Mae Guides; and it is further

ORDERED, nothing in this Final Order: (i) alters or amends the Freddie Mac Agreements[4] between AFI and Federal Home Loan Mortgage Corporation ("Freddie Mac") under which AFI services and/or contracts with third parties to service Freddie Mac owned or securitized mortgages and loans; (ii) grants any party rights in the Freddie Mac Agreements or any mortgages, loans or other property owned by Freddie Mac; or (iii) impairs any of Freddie Mac's rights or remedies under the Freddie Mac Agreements or Freddie Mac's rights or remedies concerning any mortgages, loans or other property owned by Freddie Mac (none of which are waived). For the avoidance of doubt, Freddie Mac reserves all rights and remedies under and related to the Freddie Mac Agreements, none of which are waived under this Final Order. Without limiting the generality of the foregoing, Freddie Mac reserves the right to seek additional adequate protection, relief from the stay and/or other relief concerning its rights related to the Freddie Mac Agreements; and it is further

---

[4] As used herein, the term "Freddie Mac Agreements," means the Freddie Mac Single-Family Seller/Servicer Guide (the "Freddie Max Guide"), the Freddie Mac Single-Family Seller/Servicer Guide Plus Additional Provisions, certain applicable Master Agreements (as defined in the Freddie Mac Guide), Purchase Contracts (as defined in the Freddie Mac Guide), Pricing Identifier Terms (as defined in the Freddie Mac Guide) supplements, addendums, Bulletins (as defined in the Freddie Mac Guide), terms of business and any other agreements between AFI and Freddie Mac, as amended, restated or supplemented from time to time.

ORDERED, AFI and any sub-servicer retained by AFI are authorized to perform as required and provided for under the Freddie Mac Agreements and the Freddie Mac Guide; and it is further

ORDERED, that nothing in this Final Order: (i) alters or amends the guaranty agreements[5] between AFI and Government National Mortgage Association ("GNMA") under which AFI and GNMA contract for the issuance and guaranty of securities backed by the mortgages that serve as collateral for GNMA mortgage-backed securities ("GNMA Guaranty Agreements"); (ii) grants any party rights in the GNMA Guaranty Agreements or any mortgage loans that presently, subsequently, or are otherwise acquired by AFI and serve as collateral for GNMA mortgage-backed securities; or (iii) impairs any of GNMA's rights or remedies under the GNMA Guaranty Agreements or GNMA's rights or remedies concerning any mortgage loans that presently, subsequently, or are otherwise acquired by AFI and serve as collateral for GNMA mortgage-backed securities (none of which are waived). For the avoidance of doubt, GNMA reserves all rights and remedies under and related to the GNMA agreements, including all of its rights and remedies under the National Housing Act, 12 U.S.C. § 1716, *et seq.* and 24 C.F.R. Part 300, the Ginnie Mae Guide, all applicable GNMA Guaranty Agreements, any mortgage-backed securities prospectus documents, escrow agreements, unilateral notification, notices of violation, supplements, addendums, amendments, and related agreements (collectively, the "GNMA Agreements"), none of which are waived under this Final Order. Without limiting the generality of the foregoing, GNMA reserves the right to seek additional adequate protection, or

---

[5] The Guaranty Agreements are made by and between Ginnie Mae and the financial entity approved by Ginnie Mae for the issuance and guaranty of securities backed by mortgages that serve as collateral for Ginnie Mae mortgage-backed securities. The forms of Guaranty Agreements that apply to particular pool types can be found in Ginnie Mae Mortgage-Backed Securities Guide, 5500.3, Rev. 1, Appendices III-15 through III-20 and III-23 through III-27. See https://www.ginniemae.gov/issuers/program_guidelines/Pages/mbsguideappendiceslib.aspx.

other relief concerning its rights related to the GNMA Agreements. AFI and any sub-servicer retained by AFI are authorized to perform as required and provided for under the GNMA Guaranty Agreements, all applicable master agreements, and the Ginnie Mae Guide; and it is further

ORDERED, that nothing in this Final Order (a) modifies, impairs or affects any contract, contract of insurance, agreement, approval, authorization or writing of or with the U.S. Department of Housing and Urban Development's Federal Housing Administration ("FHA"); (b) releases or waives any of AFI's or any non-debtor's obligations and liabilities pursuant to any and all statutes, regulations, rules, policies and procedures of FHA including, without limitation, (i) Title II of the National Housing Act, 12 USC §1707 *et seq.*, (ii) 24 C.F.R. Parts 201 – 203 and 206, and (iii) the FHA Handbooks and Mortgagee Letters; or (c) authorize or grant any lien or security interest in any escrow or custodial account, and all funds therein, held by AFI for the benefit of borrowers with FHA-insured mortgages; and it is further

ORDERED, that notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: September 13th, 2023
Wilmington, Delaware

THOMAS M. HORAN
UNITED STATES BANKRUPTCY JUDGE