**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERIFIRST FINANCIAL, INC., *et al.*,[1] | ) | Case No. 23-11240 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Docket Ref. Nos. 21, 116** |

**REPLY OF THE DEBTORS IN SUPPORT OF MOTION OF THE DEBTORS FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS (A) TO OBTAIN POSTPETITION FINANCING AND (B) TO UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDERS, (III) MODIFYING THE AUTOMATIC STAY, (IV) SCHEDULING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF**

AmeriFirst Financial, Inc. ("AmeriFirst") and Phoenix 1040, LLC ("Phoenix"), as debtors and debtors in possession (collectively, the "Debtors"), in these chapter 11 cases (the "Chapter 11 Cases"), hereby file this reply (this "Reply") in support of their postpetition financing motion [Dkt. No. 21] (the "DIP Motion").[2]  Eric Bowlby ("Mr. Bowlby"), on behalf of himself and other displaced shareholders of AmeriFirst, filed a preliminary objection to the DIP Motion prior to the Interim Hearing and has now filed a supplemental objection to the DIP Motion [Dkt. No. 116].  In support of this Reply, the Debtors respectfully represent as follows:

**REPLY**

1. The sole objection to the DIP motion is from Eric Bowlby, a disgruntled former majority shareholder and the former Chief Executive Officer of AmeriFirst.  He was removed prepetition from his positions with AmeriFirst by the Prepetition Agent under a stock

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include:  Phoenix 1040 LLC (2550) and AmeriFirst Financial, Inc. (4557).  The Debtors' service address is 1550 McKelleps Road, Suite 117, Mesa, AZ 85203.
[2] Capitalized terms used but not defined herein shall have the meanings set forth in the DIP Motion.

pledge that he signed. Hence, he is no longer an equity holder. And more importantly, he is not a creditor with an allowed claim in these cases. Although no thorough investigation has yet been conducted, the estates may have substantial claims against him. The Debtors therefore submit that Mr. Bowlby does not have standing to object to the DIP Motion. Notwithstanding the foregoing and without prejudice thereto, the Debtors will address the substance of Mr. Bowlby's various objections briefly, none of which have any merit in fact or law.

2. First, Mr. Bowlby asserts that the Debtors no longer require any financing in excess of the $2.775 million in borrowings previously approved under the Interim Order. Mr. Bowlby bases his argument on the fact that a majority of the Debtors' employees have been terminated. It is true that AmeriFirst has terminated approximately 127 of its employees since the Petition Date to prevent further losses. The Debtors nonetheless require the full $5 million of DIP Loans in order to continue AmeriFirst's other operations, effectuate an orderly sale process, and administer these cases. It would not have been nearly enough to remain in chapter 11 if AmeriFirst had retained all of its employees as of the Petition Date. It is only through AmeriFirst's postpetition efforts to cut costs as it liquidates its assets in an orderly manner that the remaining DIP Loans will be sufficient.

3. Second, Mr. Bowlby asserts that the DIP Lenders are insiders and therefore the DIP Loans should be subject to a higher level of scrutiny, which would require further investigation and discovery. The premise for this argument is a series of complaints about things the DIP Lenders did, or did not do, prior to the Petition Date. These unsworn statements are not evidence – and were put before the Court at the Interim Hearing. This Court rejected the notion that the "entire fairness" standard applies here. At the Interim Hearing, the Court ruled instead

that the proper standard is whether the Debtors have properly exercised their business judgment, and based on the uncontroverted evidence, found that this standard was met.

        4.      Third, Mr. Bowlby objects to any roll-up of the Prepetition Obligations on the basis that the Prepetition Lenders are effectuating some scheme to take control of the Debtors. To the contrary, the Prepetition Lenders, as DIP Lenders, are funding the orderly liquidation of AmeriFirst in an effort to maximize value. Under such circumstances, it is entirely standard for the DIP Lenders to protect their position by rolling up a portion of their prepetition debt. *See, e.g., In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. Aug. 4, 2023) (authorizing $19.925 million in new money and a roll-up of up to $42.750 million); *In re SiO2 Med. Prods., Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. Apr. 26, 2023) (authorizing $60 million in new money and a dollar for dollar roll-up with new money); *In re Starry Grp. Holdings, Inc.*, No. 23-10219 (KBO) (Bankr. D. Del. Mar. 31, 2023) (authorizing a DIP facility in an aggregate principal amount of up to $43 million in new money loans and a roll-up in an aggregate amount equal to the remaining outstanding principal balance of the prepetition loans); *In re OSG Group Holdings, Inc.*, No 22-10718 (JTD) (Bankr. D. Del. Aug. 9, 2022) (authorizing an approximately $25 million DIP and a $10.7 million roll-up); *In re Phoenix Services Topco LLC*, No. 22-10906 (MFW) (Bankr. D. Del. Sept. 29, 2022) (authorizing $25 million in new money on an interim basis with an additional $25 million funding into escrow on an interim basis available for draw and a roll-up of approximately $75 million pursuant to interim order); *In re TPC Group Inc.*, No. 22-10493 (CTG) (Bankr. D. Del. June 3, 2022) (authorizing $32 million in new money and a roll-up of $59 million); *In re Nine Point Energy Holdings, Inc.*, No. 21-10570 (MFW) (Bankr. D. Del. March 17, 2021) (authorizing $13 million in new money and a roll-up of $39 million); *In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. July 20, 2020) (authorizing $50 million in new money and a roll-up

of $75 million); *In re Libbey Glass Inc.*, No. 20-11439 (LSS) (Bankr. D. Del. June 3, 2020) (authorizing $30 million in new money and a roll-up of $30 million); *In re Orexigen Therapeutics, Inc.*, No. 18-10518 (KG) (Bankr. D. Del. March 13, 2018) (authorizing $7.5 million new money and a roll-up of $7.5); *In re Remington Outdoor Co., Inc.*, No. 18-10684 (BLS) (Bankr. D. Del. Mar. 28, 2018) (authorizing approximately $338 million DIP and a roll-up of approximately $150 million); *In re Bon-Ton Stores, Inc.*, No. 18-10248 (MFW) (Bankr. D. Del. Feb. 6, 2018) (authorizing full roll-up of all $489 million outstanding prepetition revolving obligations); *In re Real Indus. Inc.*, No. 17-12464 (KJC) (Bankr. D. Del. Nov. 20, 2017) (authorizing approximately $365 million DIP that included a creeping roll-up pursuant to interim order and a full roll-up pursuant to final order of approximately $266 million prepetition debt).

5. In this case, the roll-up is limited to an amount equal to the sum of (x) the aggregate amount of $676,400, representing the sum of $325,000 in protective advances to Phoenix 1040, LLC immediately prior to the Petition Date to fund the retention of Paladin Management Group and Pachulski Stang Ziehl & Jones and a $351,400 protective advance to Phoenix 1040, LLC to pay the premium for a director and officer liability insurance policy for the Debtors; and (y) 100% of the aggregate amount of Cash Collateral used by AmeriFirst from and after the Petition Date and the principal amount of all DIP Loans advanced pursuant to the Interim Order and this Final Order. In total, and even assuming that the entire amount of the DIP facility is advanced, the roll-up should be within the range of $6 million out of the approximately $15.8 million in outstanding Prepetition Obligations in principal amount. Mr. Bowlby also ignores that the underlying prepetition liens and claims of the Prepetition Lenders that are being rolled-up remain subject to standard challenge rights of any committee that may be appointed or other parties in interest.

6.Fourth, Mr. Bowlby takes issue with the proposed releases by AmeriFirst in favor of the Prepetition Lenders.  Again, Mr. Bowlby refuses to acknowledge that all such releases are also subject to challenge.

7.Fifth, Mr. Bowlby asserts, again without any evidence to the contrary, that the Debtors failed to adequately market the opportunity to provide financing here.  In fact, the record establishes that the Debtors' Chief Restructuring Officer contacted potential financing sources and no other financing is available to the Debtors.  This reality makes sense given that the Prepetition Lenders have not consented to any priming and no one would be willing to loan on a junior basis to the Prepetition Obligations.

8.Finally, Mr. Bowlby challenges the adequacy of notice based on the time period between the filing of the proposed Final Order on September 7, 2023, and the objection deadline of September 13, 2023.  He completely ignores that this Court set this timing through the Interim Order after discussion with the parties at the Interim Hearing, including the United States Trustee.  Counsel for Mr. Bowlby expressed no objection to the contemplated schedule at that time.  Nor is any additional notice necessary under any applicable rule given that the DIP Motion was filed on August 29, 2023, more than two weeks prior to the objection deadline.

9.In sum, Mr. Bowlby lacks standing to object to the DIP Motion because he is not a legitimate creditor of these estates – rather, he is a potential litigation target as the former majority shareholder and CEO of AmeriFirst.  Nonetheless, even if the substance of Mr. Bowlby's objections to the DIP Motion are considered, they lack merit and should be overruled.  The Debtors need the funding under the DIP Loans in order to continue their efforts to maximize value for the benefit of all stakeholders.  The Debtors' current focus is on selling AmeriFirst's mortgage servicing portfolio and loan portfolio for the highest price possible under the circumstances while

minimizing administrative expenses. The only way to preserve and maximize value is to drastically reduce costs and sell all available assets that can be readily sold.

WHEREFORE, the Debtors urge the Court to overrule Mr. Bowlby's objection and grant the DIP Motion in the form of Final Order previously filed with the Court and such other and further relief as may be appropriate.

| | |
|---|---|
| Dated: September 14, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | |
| | <u>/s/ Laura Davis Jones</u> |
| | Laura Davis Jones (DE Bar No. 2436) |
| | David M. Bertenthal (CA Bar No. 167624) |
| | Timothy P. Cairns (DE Bar No. 4228) |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, Delaware 19899-8705 (Courier 19801) |
| | Telephone:  302-652-4100 |
| | Facsimile:   302-652-4400 |
| | Email: ljones@pszjlaw.com |
| | dbertenthal@pszjlaw.com |
| | tcairns@pszjlaw.com |
| | |
| | *Proposed Counsel to the Debtors and Debtors in Possession* |

DOCS_SF:109534.3 70786/001