# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERIFIRST FINANCIAL, INC.,[1] | ) Case No. 23-11240 (TMH) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

Ref. Docket No. 106

### ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN OMNI AGENT SOLUTIONS AS ADMINISTRATIVE AGENT EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the application (the "Application")[2] of the Debtors for entry of an order (this "Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, (a) authorizing the Debtors to employ and retain Omni Agent Solutions ("Omni") as administrative Agent ("Administrative Agent") in the Debtors' chapter 11 cases effective as of the Petition Date pursuant to the Retention Agreement; and (b) granting related relief; and this Court having jurisdiction to consider the matters raised in the Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application and opportunity for a hearing on the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Phoenix 1040 LLC (2550) and AmeriFirst Financial, Inc. (4557). The Debtors' service address is 1550 McKelleps Road, Suite 117, Mesa, AZ 85203.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Application having been given to the Notice Parties, and it appearing that no other or further notice need be provided; and this Court having reviewed and considered the Application, the Deutch Declaration and the First Day Declaration; and this Court having found that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and this Court having found that the terms and conditions of Omni's employment is reasonable as required by section 328(a) of the Bankruptcy Code; and this Court having found that Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and this Court having found that the relief requested in the Application being in the best interests of the Debtors, its creditors, its estates, and all other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain Omni as Administrative Agent effective as of the Petition Date under the terms of the Retention Agreement, as may be amended herein, and Omni is authorized to perform the bankruptcy administration services described in the Application and set forth in the Retention Agreement.

3. Omni is authorized to take such other action to comply with all duties set forth in the Application.

4. Omni shall apply to this Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses

5. The Debtors shall indemnify the Indemnified Parties (as defined in the Retention Agreement) under the terms of the Retention Agreement, as modified pursuant to this Order.

6. The Indemnified Parties shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Retention Agreement for services other than the services provided under the Retention Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.

7. Notwithstanding anything to the contrary in the Retention Agreement, the Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Omni's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Omni's contractual obligations if this Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution or reimbursement under the terms of the Retention Agreement as modified by this Order.

8. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing the chapter 11 cases, the Indemnified Parties believe that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Retention Agreement (as modified by this Order), including the advancement of defense costs, the Indemnified Parties must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving the payment requested

therein. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution or reimbursement.

9. Notwithstanding anything to the contrary in the Retention Agreement, sections II (c) and VII of the Retention Agreement shall not apply during the pendency of these chapter 11 cases.

10. The Debtors and Omni are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. Notwithstanding any term in the Retention Agreement to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13. In the event of any inconsistency between the Retention Agreement, the Application, and this Order, this Order shall govern.

**Dated: September 27th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

4

DOCS_DE:244748.4 70786/001