## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERIFIRST FINANCIAL, INC.,[1] *et al.*, | ) Case No. 23-11240 (TMH) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | **Re: D.I. 21, 58-61, 114, 87, 89-91, 97-99** |

### STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS CONCERNING THE DEBTORS' FIRST DAY MOTIONS AND REQUESTING STATUS CONFERENCE

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its undersigned proposed counsel, hereby submits this statement and request for an emergency status conference (the "Statement") in response to the motion of debtors AmeriFirst financial, Inc. ("AFI") and Phoenix 1040 LLC ("Phoenix, and together with AmeriFirst, the "Debtors") to obtain post-petition financing, authorizing the use of cash collateral, granting adequate protection, and modifying the automatic stay [D.I. 21] (the "DIP Motion") as well as the other first day motions for which interim but not final orders have been entered by the Court, seeking to authorize, among other things: (i) payment of prepetition wages [D.I. 65] (the "Wages Motion"); (ii) continued use of existing cash management procedures [D.I. 66] (the "Cash Management Motion"); (iii) payment of certain tax obligations [D.I. 97] (the "Taxes Motion"); and (iv) payment of certain insurance obligations [D.I. 99] (the "Insurance Motion," and collectively with the Wages Motion, the Cash Management

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Phoenix 1040 LLC (2550) and AmeriFirst Financial, Inc. (4557). The Debtors' service address is 1550 McKellips Road, Suite 117, Mesa, AZ 85203.

Motion, and Taxes Motion, the "<u>Unresolved Other First Day Motions</u>"). In support of the Statement, the Committee respectfully represents as follows:[2]

## BACKGROUND

**A.     The Debtors' Chapter 11 Cases and Appointment of the Committee**

1. On August 24, 2023 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions under chapter 11 of the title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), commencing their Chapter 11 Cases.

2. On September 15, 2023, the Office of the United States Trustee (the "<u>U.S. Trustee</u>") appointed the Committee. [D.I. 122]. As of the date hereof, the Debtors have not filed any updated budget for their proposed DIP loan beyond the three-week skeletal budget filed on August 24, 2023 with the DIP Motion and seven-week budget on September 8, 2023. [D.I. 21], Ex. B; [D.I. 87], Ex. A. Nor has anything been filed that would allow the Court to understand any further need for additional borrowings.

3. On September 19, 2023 the Committee selected Kasowitz Benson Torres LLP ("<u>Kasowitz</u>") as proposed counsel to the Committee, and on September 20, 2023, the Committee selected Morris, Nichols, Arsht & Tunnell LLP ("<u>MNAT</u>") as proposed co-counsel to the Committee. As described below and explained to the Debtors last week during a meet and confer, Kasowitz does not intend for its role to be as general Committee counsel, but rather as special litigation counsel to the Committee to investigate and determine whether the estate has viable claims against CP Credit Opportunities Fund Loan SPV (Fund III), L.P., RCP Customized Credit

---

[2] This morning, counsel to the Debtors also submitted a request for an emergency hearing based on their view that conflict concerns must be addressed immediately that preclude the disclosure of information, as discussed *infra*. The Committee submits that most of the documents it has requested are available publicly and do not implicate confidentiality issues, and none implicate privilege issues.

2

Fund (Fund IV-A), L.P. (the "Proposed DIP Lenders") or other non-debtors in these Chapter 11 Cases.

B.   **The Debtors' First Day Motions**

4.   Prior to the appointment of the Committee, the Court entered interim orders on the DIP Motion and the Unresolved Other First Day Motions.

5.   Additionally, on September 1, 2023, a full *two weeks before the Committee was appointed*, the Debtors noticed a hearing on final authorization of the relief sought in the DIP Motion on September 18, 2023 (*one business day after the Committee was appointed*) with the objection deadline noticed for September 13, 2023. [D.I. 67]. Additionally, the Debtors set the hearing on final authorization of the relief sought in the DIP Motion for September 26, 2023, a week before the omnibus hearing on the Unresolved Other First Day Motions.

6.   Notwithstanding numerous outreach attempts over the last week commencing immediately following the Committee's selection of proposed co-counsel, and repeated requests by the Committee, the Debtors have only produced some information to MNAT on a professional-eyes-only basis.

7.   Critically, information necessary for entry of the proposed final order on the DIP [D.I. 81], Ex. A (the "Proposed Final DIP Order") required by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") has not been made available to the Committee. Nor, as far as the Committee understands, has this information been made available to the United States Trustee or any other party in interest in these Chapter 11 Cases. Further, certain information that is customarily made available to creditors' committees in chapter 11 cases has not been produced to the Committee yet either.

3

8. As described below, this information is also critical to the Committee's and the Court's ability to evaluate the need for additional relief on the Unresolved Other First Day Motions, and for the Committee to investigate whether the estates have viable claims against the Proposed DIP Lenders or other third parties.

9. On September 21, 2023, proposed counsel to the Committee contacted the Debtors' counsel regarding the resolution of the DIP Motion and the Unresolved First Day Motions, and to adjourn the hearing on approval of the DIP Motion one week to October 2, 2023. On September 22, 2023, the Debtors, with the consent of the Proposed DIP Lenders, agreed to push the hearing on the DIP Motion to October 2, 2023 and extend the deadline for objections to September 27, 2023 at 5:00 p.m., in exchange for the Committee's agreement not to object to additional draws under the approved interim DIP funding should they be necessary.

10. In their correspondence with the Debtors' counsel on September 21, 2023, the Committee also requested a copy of the DIP financing agreement and budget extending past October 13, 2023. On September 23, 2023, proposed counsel to the Committee asked for a copy of the DIP agreement and when an updated budget would be filed. The Committee also met and conferred with the Debtors' counsel the same day on these and other issues.

11. During the meet and confer on September 23, 2023, counsel to the Debtors indicated that they would respond on September 24, 2023 after speaking with the Debtors' CRO regarding what they could provide. The Debtors' counsel also cited concerns regarding what they described as potential conflicts regarding Kasowitz's pre-petition representation of AmeriFirst Financial, Inc. against the Proposed DIP Lenders and that they would report back by September 24, 2023 regarding their views on these issues. Kasowitz explained that they would not serve as

counsel to the Committee in any manner adverse to the Debtors, and would limit their representation to special litigation counsel.

12. On September 24, 2023, the Debtors stated that they would only provide prepetition loan documents and UCC searches to the Committee on a professional eyes only basis, barring Committee members from seeing the documents, certain of which are public, and all of which the Debtors stated they would not seek to file under seal. *See* DIP Motion ¶ 17 at (ii). Counsel to the Committee informed the Debtors of their view that these documents are unquestionably public, and should be provided to the Committee without restrictions, and that the Debtors had not articulated a basis for withholding them. It should be noted that the Debtors have not articulated how any of these documents are confidential, proprietary, or otherwise impact the ability of the Debtors to maximize their assets.

13. Counsel to the Committee again followed up on September 26, 2023 reiterating the request for a final budget with assumptions and the DIP credit agreement. Additionally, counsel to the Committee requested a list of additional information concerning the engagement of the Debtors' counsel and CRO, board minutes and presentations, communications between the Debtors and the Proposed DIP Lenders, and documents relating to findings of fact in the Proposed Final DIP Order.

14. The Debtors have not made any documents available to the Committee (certain of which are documents that are required to be filed under the Bankruptcy Rules and Local Rules), despite multiple follow-up requests, citing purported conflicts concerns regarding Kasowitz's retention. Kasowitz attempted to work through these issues with the Debtors' counsel during their meet and confer on September 23, 2023. Kasowitz also has not objected to only allowing MNAT

to access certain information. However, the DIP budget, UCC searches, prepetition loan documents are documents that should be made available to all parties and present no issues.

15. Debtors' counsel has continued to stonewall, citing conflicts issues, while leaving the Committee and parties in interest in the dark. Importantly, the Court will also need evidentiary support to make the requested findings of fact in connection with the final order on the DIP Motion. Further, without a final budget and disclosure of what has been paid out of the DIP proceeds so far and what is needed, it is not possible to analyze the extent to which the relief in the Unresolved Other First Day Motions is actually needed.

16. As set forth below, the Committee believes that the hearings on final authorization of the relief requested in the DIP Motion and Unresolved Other First Day Motions cannot go forward given the absence of requisite information to evaluate the relief requested by the Debtors, and believes an emergency status conference is needed to determine when this information will be provided. Such information is necessary for the Court to enter a final DIP order and other final orders concerning the Unresolved Other First Day Motions, and for the Committee to evaluate potential claims against the DIP Lenders and other third parties.

## STATEMENT OF THE COMMITTEE

**I. ADDITIONAL DISCLOSURE OF INFORMATION REQUIRED UNDER THE BANKRUPTCY RULES AND THE LOCAL RULES IS NECESSARY TO PERMIT THE COMMITTEE TO EVALUATE THE RELIEF SOUGHT IN THE DIP MOTION AND PROPOSED FINAL DIP ORDER**

**A. Insufficient DIP Documents Have Been Made Available**

17. Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 4001 requires debtors seeking to obtain post-petition financing to make a "motion for authority to obtain credit . . . in accordance with Rule 9014," which, "shall be accompanied by," among other things, "*a copy of the credit agreement*." Fed. R. Bankr. P. 4001(c)(1)(A) (emphasis added).

18. The Bankruptcy Rules also require, among other things, that copies of agreements with any motion to authorize: (1) an agreement to provide adequate protection; (2) an agreement to prohibit or condition the use, sale or lease of property; (3) an agreement to modify or terminate the automatic stay; and (4) an agreement to use cash collateral. Fed. R. Bankr. P. 4001(d)(1)(A)(i)-(iv).

19. It is elementary that the DIP Motion, and the Proposed Final DIP Order require disclosure of the DIP loan agreement because they request post-petition financing and also because they request the approval of agreements related to the provision of adequate protection, the conditioning or prohibition on use of estate property, and concerning the use of cash collateral. Fed. R. Bankr. P. 4001(c)(1)(A), 4001(d)(1)(A)(i)-(iv).

20. The Bankruptcy Rules also require the disclosure of all "material provisions" of a credit agreement, including "including interest rate, maturity, events of default, liens, borrowing limits, and borrowing conditions." Fed. R. Bankr. P. 4001(c)(1)(B). Additionally, certain enumerated provisions in a DIP credit agreement also require disclosure. *Id.*

21. The Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") also require debtors to: (1) provide the "essential terms" and to "identify the location of the same" in any "proposed form of order, cash collateral stipulation and/or loan agreement"; and (2) expressly identify the existence of certain provisions and the justification for their inclusion in any "proposed form of order, cash collateral stipulation and/or loan agreement" contains those provisions. L.R. 4001-1(a), 4001-2(a). And Local Rule 4001(a)(ii) requires specific disclosures about defined terms and where they can be found in the applicable loan agreements.

22.     Additionally, although not expressly required by the Bankruptcy Rules or the Local Rules, it is customary for debtors to share information with the committee that would support the findings of fact in the Proposed Final DIP Order.  Board minutes and presentations, and communications and negotiations between the Debtors and proposed DIP lenders concerning the proposed DIP financing also are commonly made available.

23.     Notwithstanding the fact that more than one month has elapsed in these Chapter 11 Cases, the Debtors have yet to provide a public version of the DIP agreement to the Committee, let alone made it available to all parties in interest as required.[3]  Indeed, the Proposed Final Order contemplates the entry into a revised DIP term sheet (the "DIP Term Sheet") instead of a DIP loan agreement.  *See, e.g.*, Proposed Final DIP Order ¶ 6(a) (proposed finding of "good cause" for incurrence of "DIP Obligations . . . pursuant to the DIP Term Sheet"), 6(e) (proposed finding that DIP Lenders' willingness to lend is conditioned upon authorization to enter into "DIP Term Sheet"), 7(a)-(b) (proposed authorization to AmeriFirst to execute and deliver the "DIP Term Sheet" and to "borrow money pursuant to the DIP Term Sheet" set forth in any "DIP Loan Document" [undefined]), 9 (proposed authorization to enter into "DIP Term Sheet").

24.     Additionally, contrary to the requirements of Bankruptcy Rule 4001(c)(1)(A) and Local Rule 4001-(a), the Debtors in certain instances expressly referenced only provisions of the "DIP Term Sheet" rather than the loan agreement itself in response to questions concerning:  (1) fees, pricing and economic terms; (2) material conditions to closing and borrowing; (3) liens over

---

[3] This is particularly surprising given the fact that the Debtors disclosed no such information would be sealed.  DIP Motion ¶ 17 at (ii).

unencumbered asset; (4) provisions binding the estates or other parties in interest concerning investigation and challenge rights. Proposed Final DIP Order ¶ 17 at (ii), (v), (vii), (xvii).[4]

25. Curiously, the Proposed Final Order appears to provide a blanket open-ended authorization to "borrow money pursuant to the DIP Term Sheet, *on terms and subject to the conditions, set forth in any DIP Loan Documents*," when no such documents have been made available on the public docket or to the Committee and it is unclear if any even exist. Proposed Final Order ¶ 7 (emphasis added).

26. The Debtors' non-provision of the DIP loan agreements and other related information seems to be without justification given these requirements and because "no terms are sought to be filed under seal." *See* DIP Motion ¶ 17 at (ii). In addition to failing to provide the DIP agreement, the Committee has not been provided with other disclosures that are needed before any order can be entered authorizing the relief sought in the DIP Motion.

### B. Only a Partial and Incomplete DIP Budget Is Available

27. Local Rule 4001(a)(iii) provides that if a debtor is subject to a budget under a DIP motion, that *inter alia*, "the applicable budget shall be attached as an exhibit," which budget "shall show in reasonably sufficient detail the sources and uses of cash necessary for ongoing operations on a weekly basis during the budget period."

28. The Debtors also have only filed partial information on the sources and uses of DIP proceeds. On the Petition Date, the Debtors filed a 3-week budget with the DIP Motion. DIP Motion, Ex. B. Subsequently, they filed a slightly more detailed 7-week budget. [D.I. 87], Ex. A.

---

[4] Additionally the Debtors previously stated that the milestones "have not been agreed as yet and will be set forth in the proposed Final Order." *Id.* ¶ 17 at (viii). Although a revised DIP Term Sheet is attached to the Proposed Order disclosing the milestones, again, there is no DIP agreement. Proposed Final DIP Order, Ex. A.

However, the DIP Term Sheet contemplates the Chapter 11 Cases potentially lasting through the end of November 2023, or 14 weeks from the Petition Date. Proposed Final DIP Order, Ex. A at 1. Furthermore, this budget is broken down only at a skeletal level. Accordingly, parties in interest cannot assess the need for the funds contemplated under the proposed budget, and the Court is without the information it needs to decide whether to approve of the DIP Motion on a final basis. And the Debtors also have not provided information on how much of the budget has actually been utilized. This makes it impossible for the Committee and other parties in interest to assess the need for additional DIP financing and the relief requested in the Unresolved Other First Day Motions.

29.     Additionally, the Debtors have not provided other information customarily shared with the Committee, having refused to provide its UCC searches and copies of prepetition loan documents, which are public, to the Committee, unless the Committee agrees to professional-eyes-only treatment of the documents. Nor have they agreed to provide board minutes and presentations, communications between the Debtors and Proposed DIP Lenders, and documents relating to findings of fact in the Proposed Final DIP Order. The Committee will also need these documents to adequately evaluate potential claims against the DIP Lenders and other third parties.

## **CONCLUSION**

The Committee respectfully submits that the hearings on final approval of the relief requested in the DIP Motion and the Unresolved Other First Day Motions should not go forward as currently scheduled, and should not be scheduled until the Committee has had a reasonable opportunity to review the Debtors' documents and respond to the extent necessary.

Dated: September 27, 2023
       Wilmington, Delaware

                                          /s/ *Robert J. Dehney*
                                          Robert J. Dehney (No. 3578)
                                          **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
                                          1201 North Market Street, 16th Floor
                                          P.O. Box 1347
                                          Wilmington, Delaware 19899-1347
                                          Telephone: (302) 658-9200
                                          Facsimile: (302) 658-3989
                                          Email: rdehney@morrisnichols.com

                                          - and -

                                          Matthew B. Stein (*pro hac vice* pending)
                                          Robert M. Novick (*pro hac vice* pending)
                                          Edward E. Filusch (*pro hac vice* pending)
                                          Andrew H. Elkin (*pro hac vice* pending)
                                          **KASOWITZ BENSON TORRES LLP**
                                          1633 Broadway
                                          New York, New York 10019
                                          Telephone: (212) 506-1700
                                          Facsimile: (212) 506-1800
                                          Email: MStein@kasowitz.com
                                                         RNovick@kasowitz.com
                                                         EFilusch@kasowitz.com
                                                         AElkin@kasowitz.com

                                          **PROPOSED COUNSEL FOR OFFICIAL**
                                          **COMMITTEE OF UNSECURED CREDITORS**