IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> AMERIFIRST FINANCIAL, INC., *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 23-11240 (TMH) <br><br> (Jointly Administered) <br><br> **Ref. Docket No. 63** |

**ORDER (I) AUTHORIZING REJECTION OF UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY EFFECTIVE AS OF DATES SPECIFIED HEREIN; (II) ABANDONING ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for the entry of an order (this "Order"): (i) authorizing the Debtors to reject the Leases listed on **Schedule 1** annexed hereto effective as of the Rejection Date; (ii) authorizing the Debtors to abandon any remaining personal property located at the Leased Premises; and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The location of Debtor AmeriFirst Financial, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1550 McKelleps Road, Suite 117, Mesa, Arizona 85203.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

DOCS_DE:244443.9

found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Each of the Leases identified on **Schedule 1** hereto is rejected under section 365 of the Bankruptcy Code effective as of the earlier of (a) August 31, 2023 or (b) the date the Debtors have surrendered the Leased premises to the landlord via delivery of the keys, key codes, or alarm codes to the premises, as applicable, to the applicable lease counterparty, or, if not delivering such keys or codes, otherwise tendering access to and possession of the premises.

3. Within two (2) business days after entry of this Order, the Debtors will serve this Order on the counterparty to each Lease and any known owner or lessor of personal property located at the leased premises.

4. With respect to the Leases listed on **Schedule 1** hereto, subject to the following provisions, as applicable, the Debtors are authorized to abandon any personal property located at the leased premises as of the Rejection Date:

   a. the Debtors shall not abandon their only copy of any business, financial, or other records that are necessary to comply with the Debtors' obligations under the Bankruptcy Code and Bankruptcy Rules;

   b. the Debtors shall not abandon any personal property that is leased to the Debtors or as which is otherwise not owned by the Debtors, and shall use their reasonable best efforts to return such property to the owner of the property; *provided*, *however*, that the Debtors may abandon personal property owned by a counterparty to the lease at the leased premises. The Debtors shall not abandon personal property against which the Debtors know a third party has asserted a lien without providing notice to such party;

  c. to the extent that the Debtors propose to abandon any personal property that may contain "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "**Confidential Information**"), the Debtors shall remove the Confidential Information from such personal property before such abandonment; and

  d. the applicable counterparty to each lease may dispose of the abandoned personal property without liability to the Debtors or any consenting third party, and, to the extent applicable, the automatic stay is modified to allow such disposition.

5. Counterparties to Leases that are rejected pursuant to this Order must file a proof of claim relating to the rejection of such Leases, if any, by the later of: (a) any applicable claims bar date established in these Chapter 11 Cases; or (b) 30 days after entry of this Order. The Debtors reserve all rights to contest any such claim and to contest the characterization of each Lease, as executory or not, and to contest whether such Lease may have terminated prior to the Petition Date or otherwise, or may not have been effective prior to the Petition Date or otherwise.

6. The Debtors reserve their rights to assume, assign, or reject other executory contracts or unexpired leases, and nothing herein shall be deemed to affect such rights.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: September 28th, 2023
Wilmington, Delaware

THOMAS M. HORAN
UNITED STATES BANKRUPTCY JUDGE

DOCS_DE:244443.9