**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| AMERIFIRST FINANCIAL, INC., *et al.*,[1] | ) Case No. 23-11240 (TMH) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**Ref. Docket Nos. 18, 58**

**FINAL ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"): (a) authorizing, but not directing, the Debtors to (i) pay certain prepetition employee wages, salaries, other compensation, reimbursable employee expenses, and (ii) continue employee benefits programs in the ordinary course, including payment of certain prepetition obligations related thereto; and (b) granting related relief, all as more fully set forth in the Motion; and upon the Avila Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Phoenix 1040 LLC (2550) and AmeriFirst Financial, Inc. (4557). The Debtors' service address is 1550 McKelleps Road, Suite 117, Mesa, AZ 85203.

[2] Capitalized terms used in this Final Order but not immediately defined have the meanings given to such terms in the Motion.

United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to: (a) continue, modify, change, and discontinue the Employee Compensation and Benefits in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law, and (b) pay and honor prepetition amounts outstanding under or related to the Employee Compensation and Benefits Programs in the ordinary course of business, up to the amounts set forth in paragraph 3 of this Final Order; *provided*, that if the Debtors take any action authorized by this paragraph 2 that is not in accordance with practices and procedures that were in effect before the commencement of these chapter 11 cases, the Debtors shall not take any such action without prior written consent of the DIP Lender. Nothing herein shall be deemed to authorize the payment of any amounts which violate, implicate, or otherwise are subject to 503(c) of the Bankruptcy Code. The Debtors will seek approval of any insider bonus or incentive programs, if any, under separate motion under section 503(c) of the Bankruptcy Code.

3. Notwithstanding anything to the contrary herein, the Debtors are authorized, but not directed, in their sole discretion, to pay, remit, or reimburse, as applicable, not more than an aggregate amount of $1,030,000 for the following obligations to the extend authorized by the DIP Orders:

| Employee Obligation | Final Amount |
|---|---|
| Unpaid Compensation Obligations | $500,000 |
| Withholding Obligations | $205,000 |
| Payroll Processing Fees | $55,000 |
| Reimbursable Expenses and Credit Care Obligations | $140,000 |
| **Employee Compensation** | **$900,000.00** |
| Health Benefit Plans | $115,000 |
| 401(k) Plan | $15,000 |
| **Employee Benefits Programs** | **$130,000** |
| **Total** | **$1,030,000** |

4. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized, but not directed, to continue the Workers' Compensation Program in the ordinary course. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

5. The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

6. The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

7. Nothing herein shall be deemed to authorize the payment of any amounts which violates or implicates section 503(c) of the Bankruptcy Code; provided that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

8. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Final Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Final Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors'

designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

10. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits Programs.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: October 2nd, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

5