**EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERIFIRST FINANCIAL, INC,[1] *et al.*, | ) | Case No. 23-11240 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF KASOWITZ BENSON TORRES LLP
AS SPECIAL LITIGATION COUNSEL EFFECTIVE AS OF SEPTEMBER 19, 2023

Upon consideration of the *Application for Order Authorizing the Retention and Employment of Kasowitz Benson Torres LLP as Special Litigation Counsel for the Official Committee of Unsecured Creditors Effective as of September 19, 2023* (the "Application"),[2] pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and approving the employment of Kasowitz as special litigation counsel to the Official Committee of Unsecured Creditors of AmeriFirst Financial, Inc., *et al.* (the "Committee") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") effective as of September 19, 2023; and the declarations of Matthew B. Stein and Todd Cowen in support of the Application annexed thereto (together, the "Declarations") which were filed with the Court as Exhibit B and Exhibit C, respectively, to the

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The location of Debtor AmeriFirst Financial, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1550 McKelleps Road, Suite 117, Mesa, Arizona 85203.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Application; and the Court being satisfied, based on the representations made in the Application and the Declarations, that (i) Kasowitz does not hold or represent any interest adverse to the Debtors' estates, and (ii) Kasowitz is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

**It is hereby ORDERED that**:

1. The Application is granted to the extent set forth herein;

2. In accordance with sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to employ Kasowitz in these Chapter 11 Cases effective as of September 19, 2023, and Kasowitz is authorized to perform the services set forth in the Application and the Stein Declaration.

3. In connection with the Chapter 11 Cases, Kasowitz shall be compensated for professional services rendered, and reimbursed for expenses incurred on and after September 19, 2023, in accordance with Bankruptcy Code sections 330 and 331, the applicable provisions of

the Bankruptcy Rules and the Local Bankruptcy Rules, and with any other applicable procedures and orders of this Court.

4. Kasowitz shall provide at least 10 calendar days' notice to the Committee, the Debtors, and the U.S. Trustee prior to any increases in the rates set forth in the Stein Declaration and shall file such notice with this Court.

5. The Committee is authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

6. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8. Nothing contained herein shall be construed to approve any provision of any agreement between Kasowitz and the estate for indemnification, arbitration, choice of venue, jurisdiction, jury waiver, limitation of damages, or similar provision

Dated: _____, 2023
       Wilmington, Delaware

                                                  _____
                                                  THE HONORABLE THOMAS M. HORAN
                                                  UNITED STATES BANKRUPTCY JUDGE