**EXHIBIT B**

**<u>Stein Declaration</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERIFIRST FINANCIAL, INC,[1] *et al*., | ) | Case No. 23-11240 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF MATTHEW B. STEIN IN SUPPORT OF APPLICATION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF AMERIFIRST FINANCIAL, INC., *ET AL.* TO RETAIN AND EMPLOY
KASOWITZ BENSON TORRES LLP AS SPECIAL LITIGATION COUNSEL
*NUNC PRO TUNC TO* SEPTEMBER 19, 2023**

I, Matthew B. Stein, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a member of Kasowitz Benson Torres LLP ("Kasowitz" or the "Firm"), a national law firm with its principal office at 1633 Broadway, New York, New York 10019, and other offices in Atlanta, Georgia; Denver, Colorado; Houston, Texas; Los Angeles, California; Miami, Florida; Newark, New Jersey; Redwood Shores, California; San Francisco, California; and Washington, D.C.

2.      I am an attorney at law duly admitted to (i) the bar of the States of New York and New Jersey; (ii) the United States District Court for the Southern District of New York; the United States District Court for the Eastern District of New York; the United States District Court for the District of New Jersey and (iii) the United States Court of Appeals for the Third Circuit and have submitted a *pro hac vice* application in the above-captioned chapter 11 cases (the "Chapter 11

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The location of Debtor AmeriFirst Financial, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1550 McKelleps Road, Suite 117, Mesa, Arizona 85203.

Cases"), which application is pending as of this filing.  No disciplinary proceedings are pending against me.

3.      I submit this Declaration in connection with the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain and to employ Kasowitz as special litigation counsel to the Committee *nunc pro tunc* to September 19, 2023, at its normal hourly rates in effect from time to time and in accordance with its normal reimbursement policies, and to provide the disclosures required under sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1, and 2016-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules").

4.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon Kasowitz's completion of further review, or as additional information regarding parties in interest becomes available, a supplemental declaration will be submitted to the Court reflecting such amended, supplemented, or otherwise modified information.

5.      Neither I, Kasowitz, nor any member, counsel to, or associate of Kasowitz represents any entity other than the Committee in connection with these Chapter 11 Cases.  In addition, to the best of my knowledge, after due inquiry, neither I, Kasowitz, nor any member, counsel to, or associate of Kasowitz represents any party in interest other than the Committee and the entities listed on the Match List (as defined below).  Additionally, in the event that the Court

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

grants the Application, Kasowitz will waive its unsecured $187,386 against AFI and will not be a creditor of the Debtors.

6.    Attorneys at Kasowitz have served as counsel and litigation counsel to debtors, trustees, creditors' committees, creditors, and equity interest holders in many of the country's largest bankruptcy proceedings including, but not limited to:  *In re Wesco Aircraft Holdings, Inc.*, Case No. 23-90611 (DRJ) (Bankr. S.D. Tex. 2023); *In re Party City Holdco Inc.*, Case No. 23-90005 (DRJ) (Bankr. S.D. Tex. 2023); *In re PWM Property Management, LLC*, Case No. 21-11445 (MFW) (Bankr. D. Del. 2021); *In re MatlinPatterson Global Opportunities Partners II L.P.*, Case No. 21-11255 (DSJ) (Bankr. S.D.N.Y. 2021); *In re Garrett Motion Inc.,* Case No. 20-12212 (MEW) (Bankr. S.D.N.Y. 2020); *In re Fieldwood Energy, LLC*, Case No. 20-33948 (MI) (Bankr. S.D. Tex. 2020); *In re Quorum Health Corp.*, Case No. 20-10766 (BLS) (Bankr. D. Del. 2020); *In re MTE Holdings LLC*, Case No. 19-12269 (CTG) (Bankr. D. Del. 2019); *In re Toys "R" Us, Inc.*, Case No. 17-34665 (KLP) (Bankr. E.D. Va. 2017); *In re Hercules Offshore, Inc.*, Case No. 16-11385 (KJC) (Bankr. D. Del. 2016); *In re Caesars Entertainment Operating Co., Inc.*, Case No. 15-01145 (ABG) (Bankr. N.D. Ill. 2015); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. 2014), and as special litigation counsel in, *inter alia*, *In re Covia Holdings Corp.*, Case No. 20-33295 (DRJ); *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. 2018); *In re National Events Holdings, LLC*, Case No. 17-11556 (JLG) (Bankr. S.D.N.Y. 2017); and *In re Relativity Fashion, LLC*, Case No. 15-11989 (MEW) (Bankr. S.D.N.Y. 2015).

7.    Accordingly, Kasowitz has the necessary background to deal effectively with many of the potential legal issues and difficulties that may arise in the context of these Chapter 11 Cases.

Kasowitz is both well qualified and uniquely able to represent the Committee in these Chapter 11 Cases in an efficient and timely manner.

### SCOPE OF SERVICES

8.      The professional services for which the Debtors desire to employ Kasowitz include, without limitation, the following:

9.      Subject to further order of the Court, the Committee requests the retention and employment of Kasowitz for rendering the following necessary legal services required in this case, including, among others:

    (a)      advising the Committee with respect to its rights, duties and powers in these Chapter 11 Cases;

    (b)      assisting the Committee in analyzing whether potential claims exist against non-Debtor third parties and pursuing recoveries in connection therewith;

    (c)      investigating, as directed by the Committee, among other things, valuation, assets, liabilities, and financial condition of the Debtors, prior transactions with non-Debtor third parties, the Debtors' prepetition and post-petition management, and operational issues concerning the Debtors insofar as they concern potential claims against non-Debtor third parties;

    (d)      advising the Committee with respect to the Debtors' proposed first-day relief insofar as the relief relates to or concerns potential claims against non-Debtor third parties, and advising the Committee with respect to postpetition financing and/or restructuring transactions insofar as they concern or relate to claims against non-Debtor third parties; communicating with the Committee's constituents in furtherance of its responsibilities, including, but not limited to, communications required under section 1102 of the Bankruptcy Code; and

    (e)      perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law, consistent with the scope of its representation.

For the avoidance of doubt, and as noted above, Kasowitz will limit its work that concerns ore relates to litigation against non-Debtor third parties.

4

10.     Additionally, in order to ensure that there is no unnecessary duplication of services by either Kasowitz or Morris Nichols during the pendency of these Chapter 11 Cases, Kasowitz and Morris Nichols have coordinated and will continue to coordinate appropriate and effective division of responsibilities on the services each provides to the Committee, and will exercise best efforts to avoid any duplication of services.  Accordingly, Kasowitz's legal services as special litigation counsel will be separate and distinct from the legal services that Morris Nichols will provide as general Committee counsel, and Kasowitz does not anticipate providing legal services beyond the scope described herein.

## KASOWITZ'S CONNECTION WITH THESE CHAPTER 11 CASES

11.     Kasowitz utilizes a number of procedures (the "Procedures") to determine its relationships, if any, to parties that may have connections to a client debtor.  In implementing the Procedures, Kasowitz took the following actions to identify parties that may have connections with the Debtors and Kasowitz's connections with such parties:

- Kasowitz reviewed a list of parties in interest, including, but not limited to, the Debtors, their directors, creditors of the Debtors, the Debtors' largest equityholders, and recent contract counterparties to the Debtors, each of which is identified on Schedule 1 hereto (the "Retention Checklist").

- Kasowitz compared the Retention Checklist with the names of its current and former clients[3] in its electronic database.  This database generally includes the name of each client of Kasowitz, the contact person at each corporate client, and the names of each party known to be adverse or potentially adverse to the client.

---

[3] As referenced in Schedule 2, the term "current client" means an entity listed as a client in Kasowitz's conflicts search system to whom time was posted in the last 12 months preceding the Petition Date and the term "former client" means an entity listed as a client in Kasowitz's conflicts search system to whom time was posted between 12 and 36 months preceding the Petition Date but for which the client representation has been closed.  Whether an actual client relationship exists can only be determined by reference to the documents governing Kasowitz's representation rather than its potential listing in Kasowitz's conflicts search system.  The list generated from Kasowitz's conflicts search system is over-inclusive.  As a general matter, Kasowitz discloses connections with "former clients" or "closed clients" for whom time was posted in the last 36 months but does not disclose connections if time was billed more than 36 months before the Petition date.

- A memo was distributed to all of Kasowitz's members asking whether they were aware of any representations adverse to the Debtors.

12.    As part of its practice, Kasowitz appears in cases, proceedings, and transactions involving many different creditors, shareholders, attorneys, accountants, financial consultants, investment bankers, and other entities, some of which may be or may represent claimants and parties in interest in these Chapter 11 Cases.  Kasowitz does not represent any such entity in connection with these Chapter 11 Cases or have a relationship with any such entity or professionals which would be adverse to the Debtors.  Additionally, Kasowitz has represented, and may currently represent, entities which hold or may in the future hold certain of the Debtors' debt or securities in beneficial accounts on behalf of unidentified parties.  Because distressed debt and securities are actively traded in the commercial markets, Kasowitz may be unaware of the actual holder of such debt or securities at any given moment.  Kasowitz represents numerous entities in unrelated matters that may buy and/or sell debt or securities of Debtors.

13.    In addition, if Kasowitz has or hires professionals who worked at a prior firm on any matter in a material way for any party actually or potentially adverse to the Debtors and their estates, Kasowitz will procedurally "wall off" such professionals from those that work on these Chapter 11 Cases.

14.    Despite the efforts described above to identify and disclose Kasowitz's connections with parties in interest in these cases, Kasowitz is unable to state with certainty that every client relationship or other connection has been disclosed.  In this regard, if Kasowitz discovers additional information that requires disclosure, Kasowitz will file a supplemental disclosure statement with the Court.

**SPECIFIC DISCLOSURES**

15.     The list attached hereto as <u>Schedule 2</u> (the "<u>Match List</u>") is the product of implementing the Procedures.

A.     **Kasowitz's Prepetition Relationship to the Debtors**

16.     On December 19, 2022, AFI executed an engagement letter with Kasowitz (the "<u>2022 Engagement</u>") to pursue potential litigation against RCP related to a junior secured lending facility between RCP and AFI.  A copy of the 2022 Engagement is attached hereto as <u>Exhibit 1</u>. By May 2023, Kasowitz, RCP, and then-Chief Executive Officer and majority shareholder of AFI Eric Bowlby had reached a settlement.  Among other things, as part of the settlement, the parties agreed to an amended and restated credit agreement executed on or about May 15, 2023 (the "<u>Prepetition Credit Agreement</u>" ) as well as related loan documents (the "<u>Loan Documents</u>").

17.     Between May 2023 and August 21, 2023, Kasowitz continued its work for AFI to ensure RCP's compliance with the Prepetition Credit Agreement and the Loan Documents.  This involved contact with RCP's counsel to negotiate resolutions concerning various issues that arose under the Prepetition Credit Agreement and Loan Documents during this time.

18.     On August 21, 2023, Kasowitz executed a second engagement letter with AFI (the "<u>2023 Engagement Letter</u>") for the specific purpose of investigating and pursuing claims against RCP.  A copy of the 2023 Engagement Letter is attached hereto as <u>Exhibit 2</u>.  AFI never funded the retainer requested in connection with the 2023 Engagement Letter.

19.     On August 24, 2023, RCP issued a Notice of Events of Default under the Prepetition Credit Agreement and purported to exercise remedies available under that Prepetition Credit Agreement,  and the Loan Documents in: (i) foreclosing upon the common stock of AFI; (ii) transferring this stock to Phoenix, cancelling the stock it, and issuing new shares to Phoenix; and (iii) directing Phoenix to remove "the former directors of [AFI]" and "elect[ing] two new

directors . . . to [AFI's] Board of Directors."   First Day Decl., ¶ 12.   Additionally, "the

reconstituted board of AFI executed a unanimous consent removing all former officers of [AFI]

and electing new officers.  *Id.*  Kasowitz did not receive advance notice of these events and was

not aware of its effective termination as counsel to AFI until speaking with counsel to the Debtors,

Pachulski Stang Ziehl & Jones LLP on August 24, 2023 after the aforementioned events had

occurred.

21.   As stated in the Debtors' petitions [D.I. 1] and based on Kasowitz's internal billing

records, as the Petition Date, Kasowitz held an unsecured claim of $187,386 against AFI.

Kasowitz has informed the Committee that it will waive this claim upon Court approval of its

retention as special litigation counsel.

**B.    The Debtors Seek to Disqualify Kasowitz from**
**Representing the Committee as Special Litigation Counsel**

21.   Following the Committee's selection of Kasowitz as special litigation counsel,

Kasowitz and Morris Nichols sought to engage with counsel to the Debtors.  During a meet and

confer on September 23, 2023, counsel to the Debtors raised concerns that Kasowitz's prior

representation of the Debtors would preclude it from representing the Committee.  Kasowitz

explained during the meet and confer that it was aware of these potential conflicts and had

previously agreed that its role in the Chapter 11 Cases would be limited to serving as special

litigation counsel.  It also explained at the meet and confer that the Committee's interests with

respect to maximizing recoveries against non-Debtor third parties were aligned with the interests

of the Debtors in maximizing recoveries for all parties in interest.

22.   The Debtors also raised concerns regarding Kasowitz's retention of privileged and

confidential information after its representation terminated.  However, given the narrow scope of

Kasowitz's retention pursuant to the 2022 Engagement Letter and the 2023 Engagement Letter,

and the limited scope of Kasowitz's proposed retention by the Committee, there is no risk that any such information can or will be used in a manner adverse to the Debtors.  To the contrary, all such privileged and confidential information relates to the prepetition relationship between AFI and RCP and potential claims that may exist arising out of such relationship.  Moreover, all such information would be discoverable by the Committee in connection with these Chapter 11 Cases, regardless of the identity of counsel.

C.    **Kasowitz's Representation of Entities on Schedule 1**

23.    To the best of my knowledge, Kasowitz's representation of **AFI Financial, Inc., which took place over the last 12 months through on or about August 24, 2023, represented .064% of Kasowitz's annual revenues**.  In addition, for the 12-month period ending December 31, 2021, Kasowitz represented Reverence Capital Partners in matters wholly-unrelated to this bankruptcy or AFI, constituting .018% of the Firm's revenues.

24.    Additionally, Kasowitz previously represented, currently represents, and may represent in the future additional entities described on the Match List (or their affiliates) in matters completely unrelated to the Debtors.  An entity is listed as a "Current Client" on the Match List if Kasowitz has any open matters for such entity or a known affiliate of such entity and attorney time charges have been recorded on any such matters within the past year.  An entity is listed as a "Former Client" on the Match List if Kasowitz represented such entity or a known affiliate of such entity within the past three years based on recorded attorney time charges on a matter, but such entity is not a Current Client.  To the best of my knowledge and information, aside from (i) U.S. Bank N.A. and its affiliates, from which Kasowitz has received fees over the last 12 months representing 1.43% of Kasowitz's annual revenues and (ii) Freddie Mac and its affiliates, from which Kasowitz has received fees over the last 12 months representing 1.27% of Kasowitz's

annual revenues, none of the other individuals or entities listed on the Match List are clients or affiliates of clients that represent more than 1% of Kasowitz's annual revenues over the past twelve months or twenty-four months.

25.    Kasowitz has not represented, does not represent, and will not represent any of such foregoing entities in matters related to the Debtors or these Chapter 11 Cases.

26.    Neither I, Kasowitz, nor any member, counsel or associate thereof, insofar as I have been able to ascertain, or have been informed, has any current connection with the Debtors' creditors or any other party in interest herein, or their respective attorneys, other than the parties listed in the Match List.  In addition to the foregoing, through diligent inquiry, I have ascertained no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, and Bankruptcy Rule 2014(a), between Kasowitz and (i) the United States Trustee or any person employed by the Office of the U.S. Trustee, (ii) any attorneys, accountants, or financial consultants in the Chapter 11 Cases, or (iii) any claimants or other parties in interest in these Chapter 11 Cases, except as set forth herein.  I know of no other connections of Kasowitz to the Chapter 11 Cases.

27.    To the extent issues may arise that would cause the Debtors to be adverse to the entities listed on the Match List, or any other client of Kasowitz, such that it would not be appropriate for Kasowitz to represent the Committee with respect to the matters, Morris Nichols should be able to represent the Committee with respect to such matters.  To the extent Morris Nichols is also conflicted, the Committee may seek to retain special conflicts counsel.

## **KASOWITZ'S DISINTERESTEDNESS**

28.    Based upon the above and Kasowitz's extensive disclosure of its relationship with AFI prepetition, I believe that Kasowitz is a "disinterested person" as that term is defined in section 101(14) and as required by section 327(a) of the Bankruptcy Code in that Kasowitz, its partners, associates, and counsel: are not creditors, equity security holders or insiders of the Debtors; are

not and were not within two years before the date of the filing of the petition, managers or employees of the Debtors; and do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

## KASOWITZ'S COMPENSATION

29. The Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, proposes to compensate Kasowitz at its regular hourly rates for legal and non-legal personnel, and to reimburse reasonable and necessary expenses pursuant to sections 330 and 331 of the Bankruptcy Code.

30. The principal attorneys designated to represent the Committee and their current standard hourly rates are the following:[4]

| | |
|---|---|
| Matthew B. Stein | $1,450.00 per hour |
| Robert M. Novick | $1,550.00 per hour |
| Edward E. Filusch | $1,250.00 per hour |
| Andrew H. Elkin | $1,050.00 per hour |
| Andrew S. Golden | $900.00 per hour |
| Gabriel Santos Neves | $800.00 per hour |

31. Kasowitz's hourly rates are set at a level designed to compensate Kasowitz fairly for the work of its attorneys and paraprofessionals and to cover fixed routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. The hourly rates and corresponding rate structure Kasowitz will use in these Chapter 11 Cases are the same as those Kasowitz uses in other restructuring matters, as well as in similarly complex nonbankruptcy matters, whether in court or otherwise, regardless of whether a fee application is required. Current hourly rates range as follows:

---

[4] Kasowitz's rates are subject to periodic adjustment. If Kasowitz adjusts these rates for 2023 or 2024, it will provide notice of such changes.

| | |
|---|---|
| Partners | $1,150 to $2,300 |
| Special Counsel | $1,150 to $2,000 |
| Associates | $625 to $1,150 |
| Staff Attorneys | $425 to $715 |
| Paralegals | $310 to $595 |

32.     These rates may change from time to time in accordance with Kasowitz's established billing practices and procedures to reflect economic and other conditions, and, generally are adjusted January of each year.

33.     The Debtors, subject to orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the U.S. Trustee (the "U.S. Trustee Guidelines"), will reimburse Kasowitz's expenses incurred in connection with its representation of the Committee in accordance with Kasowitz's normal reimbursement policies.  Kasowitz's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  Other reimbursable expenses (whether the service is performed by Kasowitz in house or through a third-party vendor) include, but are not limited to, facsimiles, overtime meals, deliveries, court costs, transcript fees, travel, and clerk fees.

34.     No promises have been received by Kasowitz, or any member, counsel, or associate thereof, as to payment or compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court.  Kasowitz has no agreement with any other entity to share with such entity any compensation received by Kasowitz or by such entity.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

35.     Kasowitz shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the

Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Bankruptcy Court. Kasowitz also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective As of November 1, 2013* (the "<u>Revised UST Guidelines</u>"), both in connection with this application and the interim and final fee applications to be filed by Kasowitz in these Chapter 11 Cases.

**<u>ATTORNEY STATEMENT PURSUANT TO REVISED U.S. TRUSTEE GUIDELINES</u>**

36.     The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

> **<u>Question</u>**: Did Kasowitz agree to any variations from, or alternatives to, Kasowitz's standard billing arrangements for this engagement?
>
> **<u>Answer</u>**: No. Kasowitz and the Committee have not agreed to any variations from, or alternatives to, Kasowitz's standard billing arrangements for this engagement. The rate structure provided by Kasowitz is appropriate and is not significantly different from (a) the rates that Kasowitz charges for other nonbankruptcy representations or (b) the rates of other comparably skilled professionals.
>
> **<u>Question</u>**: Did any of the Kasowitz professionals in this engagement vary their rate based on the geographic location of the Chapter 11 Cases?
>
> **<u>Answer</u>**: No. The hourly rates used by Kasowitz in representing the Debtors are consistent with the rates that Kasowitz charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.
>
> **<u>Question</u>**: If Kasowitz has represented the Committee in the 12 months prepetition, disclose Kasowitz's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If Kasowitz's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.
>
> **<u>Answer</u>**: The Committee did not exist prepetition. However, Kasowitz has not represented or any member of the Committee in the 12 months prepetition. The Committee selected Kasowitz on September 19, 2023, postpetition, and its billing rates and material financial terms have not changed since its selection.

**Question**: Did the Committee approve Kasowitz's budget and staffing plan, and, if so, for what budget period?

**Answer**: Kasowitz and Morris Nichols, in conjunction with the Committee, are developing a budget and staffing plan for these Chapter 11 Cases and intend to review the budgeting and staffing plan with the Committee for its approval. It will then provide the budget and staffing plan to the U.S. Trustee prior to filing such budget and staffing Plan.

## COORDINATION WITH OTHER PROFESSIONALS OF THE COMMITTEE

37.    Kasowitz is aware that the Committee and the Debtors may submit applications to retain other professionals and advisors. Kasowitz intends to carefully monitor and coordinate efforts with such professionals throughout these Chapter 11 Cases and will clearly delineate its respective duties so as to prevent duplication of effort whenever possible.

## CONCLUSION

38.    The Application requests approval of the Committee's retention of Kasowitz at Kasowitz's normal hourly rates in effect at the time the services are rendered and in accordance with Kasowitz's normal reimbursement policies, subject to any modifications to such policies that Kasowitz may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines. Subject to these terms and conditions, Kasowitz intends to apply, pursuant to section 330 of the Bankruptcy Code, for allowances of compensation for professional services rendered in these Chapter 11 Cases and for reimbursement of actual and necessary expenses incurred in connection therewith in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines.

39.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

KASOWITZ BENSON TORRES LLP

By: /s/ *Matthew B. Stein*
Matthew B. Stein
Partner, Kasowitz Benson Torres LLP

## Schedule 1

**Debtors**
Phoenix 1040 LLC
AmeriFirst Financial, Inc.

**Equity**
Phoenix 1040 Holding LLC

**Committee**
Kristen Rahn
Mortgageshots, LLC
Paragon Micro, Inc.

**Current and Former Directors/Officers**
David Sloane
Jeffrey Dane
T. Scott Avila
Eric M. Bowlby
Kenneth Bowlby

**Secured Lenders**
RCP Credit Opportunities Fund Loan SPV
(Fund III), L.P.
RCP Customized Credit Fund (Fund IV-A),
L.P.
CIT Bank, NA
Dell Financial Services LLC
US Bank Equipment Finance
Var Technology Finance

**Agencies**
Fannie Mae
Freddie Mac
Ginnie Mae

**Top 30 Unsecured Creditors**
RCP Credit Opportunities Fund Loan SPV
(Fund III), L.P.
RCP Customized Credit Fund (Fund IV-A),
L.P.
Wells Fargo Bank, N.A.
US Bank
Paragon Micro Inc.
Lakeview Loan

Farhang and Medcoff
Truist Bank
JPMCB
Kasowitz Benson Torres LLP
CIT
Total Expert
Quarles & Brady LLP
United Healthcare
Phoenix Arena Development, LP
El Camino Real Building
The Law Office of Jeff A. George, APC
Optimal Blue, LLC
DB Trust Co. Americas
Arthur J. Gallagher Risk Management
Services
Assimilate Solutions
Damontek
ARIVS Academy Mortgage Corporation
Experian
Mourier Land Investment Corporation
ClearCompany HRM
UKG Inc.
Black Knight Technologies
Mortgage Coach

**Banks**
Alliance Bank of Arizona
BMO Harris Bank
Centier Bank
Chase Bank
Citizens Bank
Wells Fargo
Truist Bank
US Bank

**UCC Parties**
CIT Bank, NA
Dell Financial Services LLC
Federal Home Loan Mortgage Corp
US Bank Equipment Finance
Var Technology Finance

**Real Property**

Cousins Fund II Phoenix III, LLC
El Camino Real Building
Mourier Land Investment Corp
UKG Inc.

**Trade Debt**
Arvis
Assimilate Solutions
Black Knight Technologies
Clearcompany Hrm
DB Trust Co Americas
Floify
JPMCB Lakeview Loan Servicing, LLC
Mortgage Coach
Optimal Blue, LLC
Paragon Micro Inc
Phoenix Arena Development, LP
Total Expert
4G BUSINESS SOLUTIONS, INC
ACADEMY MORTGAGE
CORPORATION
ADVANTAGE PLUS CREDIT
REPORTING, INC.
ADVANTAGE SYSTEMS, INC.
ALTISOURCE HOLDINGS, LLC
ALTURAS STANFORD
AMERICAN PACIFIC MORTGAGE
AMERIHOME MORTGAGE COMPANY,
LLC
ANNUAL REGISTRATION
MANAGEMENT SERVICES, LLC
ARIVS
ARIZONA ACADEMY OF REAL
ESTATE INC
ARIZONA DEPARTMENT OF
ECONOMIC SECURITY
ARTHUR J. GALLAGHER RISK
MANAGEMENT SERVICES
ASSIMILATE SOLUTIONS
BENSON SYSTEMS
BLACK KNIGHT TECHNOLOGIES, LLC
BUCHALTER
CENTENO | MONICA^2306EM414228
CENTURYLINK
CENTURYLINK,

CISCO CREDIT INFORMATION
SERVICES COMPANY
CIT
CITY OF MESA CUSTOMER SERVICE
CLEARCAPITAL.COM INC
CLEARCOMPANY HRM
CLIX MARKETING GROUP INC
COMCAST
COMPUTER SERVICES INC
CORELOGIC CREDCO LLC
CORELOGIC SOLUTIONS, LLC
COSOL PROPERTY MANAGEMENT
COUSINS FUND II PHOENIX III, LLC
COX COMMUNICATIONS
CPS ENERGY
CROSSCHECK COMPLIANCE LLC
DAMONTEK
DATAVERIFY
DB TRUST CO. AMERICAS
DIGITECH OFFICE EQUIPMENT
DIVVY - CC
DUKE ENERGY PAYMENT
PROCESSING
EL CAMINO REAL BUILDING
EXPERIAN
FARHANG AND MEDCOFF
FCI LENDER SERVICES, INC.
FEDEX
FIRST AMERICAN DATA TREE, LLC
FIRST AMERICAN MORTGAGE
SOLUTIONS, LLC
FLOIFY
FRANKLIN AMERICAN MORTGAGE
COMPANY
FREEDOM MORTGAGE CORP
GOS PRODUCTS FOR BUSINESS
GOTO TECHNOLOGIES USA, INC.
HARRIS PARK PROFESSIONAL PLAZA
HULL BARRETT, PC IMAGINE
TECHNOLOGY GROUP
JPMCB
KASOWITZ BENSON TORRES LLP
KERN COUNTY TAX COLLECTOR
LAKEVIEW LOAN SERVICING, LLC
LAND BROTHERS MORTGAGE &
REALTY

LANE POWELL
LEGALSHIELD
LES EXTENSION, LLC
LSK CONSULTANTS, LLC
MANSPERGER PATTERSON &
MCMULLIN PLC
MASS MUTUAL MAXEX, LLC
MERSCORP HOLDINGS, INC
MORTGAGE COACH
MORTGAGE COLLABORATIVE
COOPERATIVE
MORTGAGE REFERENCES INC.
MOURIER LAND INVESTMENT
CORPORATION
NAVESINK MORTGAGE SERVICES
LLC
NEWREZ, LLC
NORTH CAROLINA DEPARTMENT OF
REVENUE
NORTH SCOTTSDALE GATEWAY, LLC
OCL FINANCIAL SERVICES LLC
OPTIMAL BLUE, LLC
PACIFIC OFFICE AUTOMATION
PARAGON MICRO INC
PARKS COFFEE
PAUL NICINSKI
PENNYMAC CORP.
PG&E
PHOENIX ANALYTIC SERVICES, INC
PHOENIX ARENA DEVELOPMENT, LP
PINNACLE PROPERTY DATA
PNM
PROSHRED SECURITY
QC ALLY, LLC
QUADIENT FINANCE USA, INC
QUARLES & BRADY LLP
REVERSEVISION, INC
RICHEY MAY & CO
ROBINSON GROUP REALTY
SHAWN ELLINGSON
SILVERWORK SOLUTIONS LLC
SOUTHWEST ACCESS & VIDEO SRP
STEVE LARSEN
SUBSEQUENT QC, LLC
SYNERGI PARTNERS INC

TALISMAN MARKETING
CONSULTING, LLC
TALX CORPORATION
THE HARTFORD
THE LAW OFFICE OF JEFF A. GEORGE,
APC
TIDE POOL ENTERPRISES INC
TIEMPO DEVELOPMENT LLC
TOTAL EXPERT T
RACY KEARNS
TRUIST BANK
TXU ENERGY
U.S. BANK THIRD PARTY LENDING
UKG INC.
ULINE UNITED HEALTHCARE
UNIVOIP INC US BANK
VAR TECHNOLOGY FINANCE
VERI-TAX
VISION GLOBAL CAPITAL RESOURCE
INC
WELLS FARGO BANK, N.A.
WELLS FARGO FINANCIAL LEASING
WISCONSIN DEPARTMENT OF
REVENUE
WRIGHT, FINLAY & ZAK, LLP
WSFS BANK
XACTUS

**Insurance**
Aspen Specialty Insurance Management Co.
The Hartford

**Counterparties**
LES Extension, LLC
North Scottsdale Gateway, LLC
Premier Business Centers
Regus Lee's Summit, MO
Robinson Realty
SXQ Co

**Professional Services**
Kasowitz Benson Torres LLP
Lane Powell
Pachulski Stang Ziehl & Jones LP
Paladin Management Group, LLC
Quarles & Brady LLP

Richey May
The Law Office of Jeff A George, Apc

Starr, Karen
Attix, Lauren
Casey, Linda
Richenderfer, Linda

**<u>Court Staff</u>**
Lugano, Al
Batts, Cacia
Farrell, Catherine
Szymanski, Cheryl
Brady, Claire
Gadson, Danielle
Laletas, Demitra
Walker, Jill
Ranieri, Joan
Haney, Laura
Capp, Laurie
Johnson, Lora
Lopez, Marquietta
Barksdale, Nickita
Subda, Paula
Bello, Rachel
Cavello, Robert

**<u>Judges</u>**
Judge Brendan L. Shannon
Judge Thomas M. Horan
Judge Craig T. Goldblatt
Judge J. Kate Stickles
Judge John T. Dorsey
Judge Karen B. Owens
Judge Laurie Selber Silverstein
Judge Mary F. Walrath

**<u>UST's Office</u>**
Hackman, Benjamin
Green, Christine
Cooke, Denis
Giordano, Diane
Wynn, Dion
Serrano, Edith A.
McCollum, Hannah M.
Dice, Holly
O'Malley, James R.
Leamy, Jane
Cudia, Joseph
McMahon, Joseph
Sarkessian, Juliet

**Schedule 2**

**Match List**

| Name Searched | Match | Category | Match's Relationship Kasowitz |
|---|---|---|---|
| AmeriFirst Financial, Inc. | AmeriFirst Financial, Inc.<br><br>Eric Bowlby[1] | Debtor | Former Client[2] |
| Freddie Mac | Federal Home Loan Mortgage Corporation<br><br>Federal Housing Finance Agency ("FHFA") as Conservator of Federal National Mortgage Association and Federal Home Loan<br><br>Freddie Mac | Agencies | Current Client |
| Chase Bank | JPMorgan Chase – Credit Trading | Banks | Former Client Affiliate |
| JPMCB | JPMorgan Chase - Credit Trading | | Former Client Affiliate |
| Wells Fargo | Wells Fargo Securities, LLC | Banks | Former Client Affiliate |
| US Bank | US Bank, NA | Banks/Top 30 | Current Client |
| United Healthcare | United Family Healthcare | Trade Debt/Top 30 | Former Client Affiliate |

---

[1] Eric Bowlby was not a client but a client affiliated party.

[2] Although the last invoice to AmeriFirst Financial, Inc. ("AFI") was sent within the past twelve months, as set forth in (1) the *Application of the Official Committee of Unsecured Creditors of AmeriFirst Financial Inc., et al. to Retain and Employ Kasowitz Benson Torres LLP as Special Litigation Counsel Nunc Pro Tunc* to September 19, 2023 and (2) the Declaration of Matthew B. Stein in support thereof, each filed contemporaneously, Kasowitz Benson Torres LLP's representation of AFI terminated on August 24, 2023.

| Name Searched | Match | Category | Match's Relationship Kasowitz |
|---|---|---|---|
| RCP Credit Opportunities Fund Loan SPV (Fund III), L.P. | Reverence Capital Partners | Secured Lenders | Former Client |
| DB Trust Co. Americas | Deutsche Bank | Trade Debt/Top 30 | Former Client |
| Experian | Experian Information Solutions | Trade Debt/Top 30 | Current Client |

**<u>EXHIBIT 1</u>**

**December 19, 2022 Engagement Letter**

# K A S O W I T Z   B E N S O N   T O R R E S   LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

JENNIFER S. RECINE
DIRECT DIAL: (212) 506-1916
DIRECT FAX: (212) 500-3416
JRecine@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

December 19, 2022

**<u>Via Email</u>**

AmeriFirst Financial, Inc.
C/O – Eric Bowlby (CEO)
1550 E. McKellips Road
Suite 117
Mesa, AZ 85203
EBowlby@amerifirst.us

Re:    <u>Terms and Conditions of Engagement</u>

Dear Mr. Bowlby:

This letter confirms AmeriFirst Financial, Inc.'s (the "Company") retention of Kasowitz Benson Torres LLP ("Kasowitz") in connection with conducting an initial claims analysis (the "Analysis") concerning potential litigation claims the Company may have concerning its relationship with Reverence Capital Partners ("Reverence").

Our representation will consist only of analyzing potential claims and initial outreach to Reverence to try to negotiate a resolution of this matter.  Absent a separate agreement between Kasowitz and the Company, we will not file a formal action against Reverence.  In the event that the commencement (or defense) of formal litigation is required, Kasowitz will only represent the Company in such an action pursuant to the terms of a mutually agreeable separate letter of engagement, as necessary.

Kasowitz bills for its services based on the hourly time charges of its attorneys and legal assistants.  Disbursements (<u>e.g.</u>, duplicating, postage, telefax, and other similar expenses) are billed separately.  For this retention, Kasowitz agrees to extend the Company a 20% discount on all hourly fees (the "Discount").  Bills are rendered on a monthly basis and are payable on receipt.

DocuSign Envelope ID: FCD42F79-4E61-4538-ABA6-3BC50D54A702

# KASOWITZ BENSON TORRES LLP

December 19, 2022
Page 2


We require an initial retainer of **$50,000**.  Any unused portion of the retainer will be returned to you when the matter is completed. Please forward the retainer promptly to us. Wiring instructions are included at the end of the letter.  The Discount will continue to apply for the entirety of the Engagement, so long as bills are paid within thirty days of receipt.

We are required to advise you that, under state law, in the event of any fee dispute between you and Kasowitz involving a sum of more than $1,000 but less than $50,000, you have the option to seek resolution of such dispute in an arbitration proceeding conducted pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of the State of New York.

Please return an executed original of this letter and keep one copy for your files.

We look forward to working with you.


Sincerely,

KASOWITZ BENSON TORRES LLP

By:_____
                Jennifer S. Recine


AGREED:


Eric Bowlby

DocuSign Envelope ID: FCD42F79-4E61-4538-ABA6-3BG50D54A702

# KASOWITZ BENSON TORRES LLP

December 19, 2022
Page 3

FUNDS SHOULD BE WIRED TO:

**CITIBANK, N.A.**
Private Bank
153 East 53rd Street
New York, New York 10022
ABA# 021 000 089
BIC# CITIUS 33 PBG
For the benefit of:
Kasowitz Benson Torres LLP
Account #4980267744
Swift Code:  CITI US 33
Tax I.D. #13-3720397
Please Reference:  Jennifer S. Recine

**DocuSign**

## Certificate Of Completion

Envelope Id: FCD42F794F614538ABA63DCF0D54A702                                                Status: Completed
Subject: Complete with DocuSign: Kasowitz Benson Torres Engagement Letter 12.19.2022.pdf
Source Envelope:
Document Pages: 3                              Signatures: 1                              Envelope Originator:
Certificate Pages: 1                            Initials: 0                               Linda Welsch
AutoNav: Enabled                                                                          1550 E McKellips Rd Ste 117
EnvelopeId Stamping: Enabled                                                              Mesa, AZ  85203
Time Zone: (UTC-07:00) Arizona                                                            lwelsch@amerifirst.us
                                                                                          IP Address: 68.109.145.228

## Record Tracking

Status: Original                              Holder: Linda Welsch                       Location: DocuSign
        12/19/2022 9:26:52 AM                         lwelsch@amerifirst.us

| Signer Events | Signature | Timestamp |
|---|---|---|
| Eric Bowlby<br>ebowlby@amerifirst.us<br>President<br>AmeriFirst Financial, Inc.<br>Security Level: Email, Account Authentication (Optional) | DocuSigned by:<br>*Eric Bowlby*<br>1426248D9E874AE...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 65.122.4.234 | Sent: 12/19/2022 9:27:50 AM<br>Viewed: 12/19/2022 10:02:58 AM<br>Signed: 12/19/2022 10:03:29 AM |

**Electronic Record and Signature Disclosure:**
   Not Offered via DocuSign

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 12/19/2022 9:27:50 AM |
| Certified Delivered | Security Checked | 12/19/2022 10:02:58 AM |
| Signing Complete | Security Checked | 12/19/2022 10:03:29 AM |
| Completed | Security Checked | 12/19/2022 10:03:29 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

**<u>EXHIBIT 2</u>**

**August 21, 2023 Engagement Letter**

# KASOWITZ BENSON TORRES LLP

JENNIFER S. RECINE
DIRECT DIAL: (212) 506-1916
DIRECT FAX: (212) 500-3416
JRecine@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

August 21, 2023

**Via Email**

AmeriFirst Financial, Inc.
C/O – Eric Bowlby (CEO)
1550 E. McKellips Road
Suite 117
Mesa, AZ 85203
EBowlby@amerifirst.us

Re:    Terms and Conditions of Engagement

Dear Mr. Bowlby:

This letter confirms AmeriFirst Financial, Inc.'s (the "Company") retention of Kasowitz Benson Torres LLP ("Kasowitz" or the "Firm") to serve as special litigation counsel to pursue the Company's litigation claims against Reverence Capital Partners ("Reverence").

Kasowitz bills for its services based on the hourly time charges of its attorneys and legal assistants. Disbursements (e.g., duplicating, postage, telefax, and other similar expenses) are billed separately. For this retention, Kasowitz agrees to extend the Company a 20% discount on all hourly fees (the "Discount"). Bills are rendered on a monthly basis and are payable on receipt.

The Company will provide to the Firm a retainer in the amount of **$2,000,000.00**. The initial amount of the retainer is set to approximate our estimate of fees and expenses expected to be accrued and unpaid by the Company between payment cycles. The Firm's estimate of expected fees and expenses may change based upon actual or expected fees and expenses incurred or expected to be incurred, as applicable, in which case the Firm will consult with the Company and the parties will agree in good faith to adjust the retainer. Further, the Company agrees to replenish the retainer upon receiving invoices from the Firm so that the retainer amount remains at or above the Firm's estimated fees and expenses expected to be

# KASOWITZ BENSON TORRES LLP

August 21, 2023
Page 2

accrued and unpaid by the Company between payment cycles. This amount is deemed earned upon receipt, does not constitute a security deposit, will not be held in a separate account on your behalf, and will not earn interest.

We are required to advise you that, under state law, in the event of any fee dispute between you and Kasowitz involving a sum of more than $1,000 but less than $50,000, you have the option to seek resolution of such dispute in an arbitration proceeding conducted pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of the State of New York.

Please return an executed original of this letter and keep one copy for your files.

We look forward to working with you on this matter.

Sincerely,

KASOWITZ BENSON TORRES LLP

By:_____
            Jennifer S. Recine

AGREED:

_____
Eric Bowlby

K A S O W I T Z   B E N S O N   T O R R E S   LLP

August 21, 2023
Page 3


FUNDS SHOULD BE WIRED TO:

**CITIBANK, N.A.**
Private Bank
153 East 53rd Street
New York, New York 10022
ABA# 021 000 089
BIC# CITIUS 33 PBG
For the benefit of:
Kasowitz Benson Torres LLP
Account #4980267744
Swift Code:  CITI US 33
Tax I.D. #13-3720397
Please Reference:  Jennifer S. Recine