# Exhibit A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re AmeriFirst Financial, Inc.
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. 23-11240-TMH

Chapter 11

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: RCP Credit Opportunities Fund Loan SPV (Fund III), L.P., RCP Customized Credit Fund (Fund IV-A), Reverence Capital Partners
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A attached hereto.

| PLACE Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street, 16th Floor<br>Wilmington, DE 19801 | DATE AND TIME<br>October 10, 2023, at 5:00 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

   The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/9/2023

CLERK OF COURT

OR

_____          /s/ Donna Culver
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Official Committee of Unsecured Creditors , who issues or requests this subpoena, are:

Donna L. Culver, Esq., dculver@morrisnichols.com, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, DE 19801, T: 302-351-9208, F: 302-225-2571

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 23-11240-TMH    Doc 248-1    Filed 10/12/23    Page 3 of 14

23-11240-TMH
B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: RCP CREDIT OPPORTUNITIES FUND LOAN SPV (FUND III), L.P. RCP CUSTOMIZED CREDIT FUND (FUND IV-A), REVERENCE CAPITAL PARTNERS

on *(date)* 10/09/2023.

[X] I served the subpoena by delivering a copy to the named person as follows: RCP CREDIT OPPORTUNITIES FUND LOAN SPV (FUND III), L.P., RCP CUSTOMIZED CREDIT FUND (FUND IV-A), REVERENCE CAPITAL PARTNERS

C/O CORPORATION SERVICE COMPANY, 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808 (CORRECT ADDRESS); ACCEPTD BY: LYNANNE GARES (AUTHORIZED AGENT) on *(date)* 10/09/2023 ; or

[ ] I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: 10/09/2023

*Server's signature*

GILBERT DEL VALLE    PROCESS SERVER
*Printed name and title*
BRANDYWINE PROCESS SERVERS, LTD.
PO BOX 1360, WILMINGTON, DE 19899
302-475-2600
*Server's address*

Additional information concerning attempted service, etc.:

SERVED WITH EXHIBIT A;

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

Case 23-11240-TMH    Doc 248-1    Filed 10/12/23    Page 4 of 14

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

As used in this Request, the following words shall have the definitions set forth below. Terms not defined have the meanings assigned to them, if any, by sections 101 and 102 of the Bankruptcy Code, or other applicable law or rules. All terms not otherwise defined shall have their ordinary and common meanings.

1. "AFI" shall mean AmeriFirst Financial, Inc.

2. Any/all, and/or, singular/plural, gender: The singular includes the plural and vice versa. The use of any gender includes the masculine and feminine genders. The use of the disjunctive "or" includes the conjunctive "and" and vice versa. The use of the word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each."

3. "Bankruptcy Cases" shall mean the above-captioned chapter 11 cases pending in the Bankruptcy Court.

4. "Bankruptcy Code" shall means title 11 of the United States Code.

5. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Delaware.

6. "Communication" or "communications" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including, but not limited to, oral, written, and electronic mail communications, letters, text messages, and direct messages.

7. "Concerning" shall mean directly or indirectly relating to, referring to, reflecting, containing, pertaining to, showing, constituting, evidencing, describing, discussing, or mentioning.

8. "Claims" shall have the meaning set forth in 11 U.S.C. § 101(5) of the Bankruptcy Code, interpreted broadly.

9. "David Sloane" shall mean David Sloane as well as any subordinates, officers, employees, agents, or associated individuals under his direction, or acting on his behalf.

10. "Debtors" shall mean, singularly or in combination, AFI, Phoenix, PSZJ and T. Scott Avila (regardless of whether the Request refers to time periods before or after the Petition Date), as well as any subordinates, officers, employees, agents, advisors or associated individuals under their direction, as well as any affiliates, representatives, predecessors, successors, and all persons acting in concert with or on behalf of AFI, Phoenix or T. Scott Avila.

11. "DIP Motion" shall mean the Motion to Approve Debtor in Possession Financing at docket number 21 in the Bankruptcy Cases.

12. "DIP Facility" shall mean the DIP Credit Facility, as used in the DIP Term Sheet.

13. "DIP Term Sheet" shall mean the term sheet attached as Exhibit A to the Interim DIP Order and the Final DIP Order entered in the Bankruptcy Cases.

14. "Directors" shall mean David Sloane and Jeffrey Dane.

15. "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, and shall include, without limitation, any writing, recording, photograph, electronic mail correspondence, computer database, data bank, report, memoranda, books summarizing, ledgers or other items containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained. In all cases where originals and/or non-identical copies are not available, "documents" also means

identical copies of original documents and copies of non-identical copies. The term "document" also includes every copy of a writing or record where such copy contains any commentary or notation of any kind which does not appear on the original or on any other copy. Without limitation, a document is deemed to be within your control if you have ownership, possession, or custody of the document, or a copy thereof, or the right to secure the document or a copy thereof from any other person or public or private entity having physical possession thereof.

16. "First Day Declaration" shall mean the *Declaration of T. Scott Avila in Support of First Day Motions* [D.I. No. 20].

17. "Identified Individuals" shall mean, separately, collectively, or in any combination, David Sloane, T. Scott Avila, and/or Jeffrey Dane.

18. "Interim DIP Order" shall mean the *Interim Order (I) Authorizing Debtors (A) To Obtain Postpetition Financing And (B) To Utilize Cash Collateral, (II) Granting Adequate Protection To Prepetition Lenders, (III) Modifying The Automatic Stay, (IV) Scheduling A Final Hearing, And (V) Granting Related Relief* [D.I. No. 61] entered in the Bankruptcy Cases.

19. "Jeffrey Dane" shall mean Jeffrey Dane as well as any subordinates, officers, employees, agents, or associated individuals under his direction, or acting on his behalf.

20. "Paladin" shall mean Paladin Management Group, LLC, as well as any affiliates, representatives, predecessors, successors, employees and all persons acting on behalf of Paladin Management Group, LLC.

21. "Phoenix" shall mean Phoenix 1040, LLC, as well as any subordinates, officers, employees, agents, advisors or associated individuals under their direction, as well as any affiliates, representatives, predecessors, successors, and all persons acting in concert with or on behalf of Phoenix 1040, LLC.

22. "Phoenix Holdings" shall mean Phoenix 1040 Holdings, LLC, as well as any subordinates, officers, employees, agents, advisors or associated individuals under their direction, as well as any affiliates, representatives, predecessors, successors, and all persons acting in concert with or on behalf of Phoenix 1040 Holdings, LLC.

23. "Petition Date" shall mean August 24, 2023.

24. "Post-petition" shall mean the time period from and after the Petition Date.

25. "Proposed Final DIP Order" means that certain proposed order, as well as any subsequently amended versions of that proposed order, filed at docket number 82 in the Bankruptcy Cases.

26. "PSZJ" shall mean Pachulski Stang Ziehl & Jones LLP.

27. "T. Scott Avila" shall mean T. Scott Avila as well as any subordinates, officers, employees, agents, or associated individuals under his direction, or acting on his behalf.

28. "You," "your," or "RCP" shall mean RCP Credit Opportunities Fund Loan SPV (Fund III), L.P., RCP Customized Credit Fund (Fund IV-A), Reverence Capital Partners, as well as any subordinates, officers, employees, agents, advisors or associated individuals under their direction, as well as any affiliates, representatives, predecessors, successors, and all persons acting in concert with or on behalf of RCP Credit Opportunities Fund Loan SPV (Fund III), L.P., RCP Customized Credit Fund (Fund IV-A), or Reverence Capital Partners.

## INSTRUCTIONS

1. The requests for production of documents contained in these document requests shall be deemed to be a request for all such documents, whether prepared by you or by any other party or any other person, which documents are in your possession, or in the possession, custody, or control of your accountants, attorneys, consultants, receivers, employees, agents, or anyone acting on your behalf.

4

2. Each document is to be produced with all non-identical copies and drafts thereof, in their entirety, without abbreviations or redactions.

3. Documents shall be produced as kept in the ordinary course of business.

4. If any document is withheld from production based on a claim of attorney-client privilege or other grounds, provide a privilege log that contains the following information with respect to each document:

   a. The date of the document;

   b. The type of the document;

   c. The identity of the author(s) of the document;

   d. The title or position of the author(s)'

   e. The recipient(s) or addressee(s) of the document, including any copyees, and their respective titles or positions;

   f. The nature of the privilege or other protection asserted; and

   g. A description of the subject matter of the document sufficient to enable the Committee and/or the Court to evaluate such claim of privilege or other protection.

5. Notwithstanding the assertion of any objection, any document claimed to be privileged or otherwise protected from discovery that contains non-privileged material should be disclosed, with the purportedly privileged section redacted. The redacted portion should be listed on the Privilege Log.

6. All documents should be Bates labeled and marked with appropriate confidentiality indications, and should be produced in single-page Group IV Tiffs (except that Excel spreadsheets should be produced in native form, with a "nativelink" file); with OCR at the

document level; and with the following load files: LFP, OPT, and DAT. The following metadata should be provided: BEGDOC, ENDDOC, BEGATTACH, ENDATTACH, PageCt, Author, To, Cc, Bcc, Custodian, Date Sent, Subject, FileName, DateLastMod, and MD5Hash.

7. If a document called for by a request is known to have existed but cannot be located now, identify the document and state:

    a. Whether the document has been in your possession, custody, or control;

    b. Where the document was last known to be and the date when the document was last known to be in such location;

    c. In whose possession, custody, or control the document may be found; and

    d. Where applicable, whether and when the document was destroyed.

8. These are continuing requests. Unless otherwise stated, the time period for these requests is December 1, 2022 to the present.

## DOCUMENTS REQUESTED

1. All documents and communications concerning the formulation, negotiation and drafting of the DIP Term Sheet, including, but not limited to, communications (including records of any phone calls) between or among any of: (i) the Debtors, (ii) Directors; (iii) Paladin and (iv) RCP.

2. All documents and communications relating to or indicating whether the DIP Term Sheet was, or was not, the product of "arms-length negotiations."

3. All documents and communications relating to the DIP Term Sheet, DIP Facility and the DIP Motion.

4. All documents and communications supporting findings requested in the Proposed Final DIP Order.

5. All documents and communications concerning any actual or potential post-petition financing for the Debtors other than the DIP Facility, including any efforts to solicit financing.

6. All documents and communications relating to the Roll-Up, as defined in the DIP Term Sheet and Interim DIP Order, including financing documents and communications between and among the Debtors, PSZJ, Paladin and the Identified Individuals.

7. All documents and communications relating to the case deadlines and milestones set forth in the DIP Term Sheet.

8. All documents and communications concerning the formation of Phoenix.

9. All communications and communications concerning the formation of Phoenix Holdings.

10. All documents and communications concerning the retention of Paladin by the Debtors.

11. All documents and communications concerning the appointment of the Identified Individuals to roles managing the Debtors, including positions as officers or directors.

12. All documents and communications concerning the decision to dismiss the majority of the Debtors' employees after the Petition Date.

13. All documents and communications concerning the decision to wind-down the Debtors' business operations.

14. All documents and communications concerning whether Debtors' business operations continue to operate as a going concern.

15. All documents and communications concerning the selection of PSZJ as counsel to the Debtors.

16. All documents and communications evidencing any and all relationships and/or connections between RCP and the following: Phoenix, Phoenix Holdings, Paladin, the Identified Individuals.

17. All documents and communications concerning any Claims of RCP against the Debtors and Phoenix Holdings.

18. All documents and communications relating to the Change in Control, as defined in the First Day Declaration.

19. All documents and communications concerning the commencement of the Bankruptcy Cases.

20. Documents sufficient to show your previous involvement in matters with the Debtors, Jeffrey Dane, David Sloane, and/or Paladin.

21. All documents and communications relating to the decision to file the Bankruptcy Cases in the Bankruptcy Court.

22. All documents and communications between you and the Debtors and the Directors since May 15, 2023.

23. All documents and communications relating to the negotiation, drafting and performance of the Amended and Restated Credit and Security Agreement, dated May 15, 2023, and executed by AFI and RCP.

24. All documents and communications relating to the negotiation, drafting and performance of the Pledge Agreement, dated May 15, 2023, and executed by Eric Bowlby, Ken Bowlby and RCP.

25. All documents and communications relating to the negotiation, drafting and performance of the Guaranty Agreement, dated May 15, 2023, and executed by Eric Bowlby and RCP.

26. All documents and communications relating to the negotiation, drafting and performance of the Term Sheet, dated March 31, 2023, and executed by AFI, Eric Bowlby and RCP.

27. All documents and communications relating to the negotiation, drafting and performance of the Side Letter, dated May 15, 2023, and executed by AFI, Eric Bowlby and RCP.

28. All documents and communications relating to the negotiation, drafting and performance of the Security Agreement, dated May 15, 2023, and executed by AFI and RCP.

29. All documents and communications relating to any "warehouse lines," as that term is used in the Term Sheet.

30. All documents and communications relating to the negotiation, drafting and performance of the Limited Waiver and Second Amendment to Credit and Security Agreement, dated May 15, 2023, and executed by AFI, Eric Bowlby and RCP.

31. All documents and communications the Debtors' need, if any, for post-petition financing, including without limitations all budgets, projections, models, presentations, and drafts of any of the foregoing.

32. All tax returns and filings for the Debtors for the years 2019 through the present.

33. All documents produced to you by any party, other than the Committee, in response to any subpoena or document requests that you propounded in the Bankruptcy Cases.

34. All documents produced by you to any party, other than the Committee, in response to any subpoena or document requests that you propounded in the Bankruptcy Cases.

35. All documents communications with Debtors' prior management on and prior to the Petition Date.

36. All documents and communications concerning Debtors' assets over which RCP asserts or has asserted a security interest.