

1313 North Market Street
P.O. Box 951
Wilmington, DE 19801- 0951
302 984 6000
www.potteranderson.com

L. Katherine Good
Partner
Attorney at Law
kgood@potteranderson.com
302 984-6049 Direct Phone
302 658-1192 Firm Fax

October 12, 2023

<u>**VIA E-MAIL & HAND DELIVERY**</u>
The Honorable Thomas M. Horan
United States Bankruptcy Court
for the District of Delaware
824 N. Market Street, 3rd Floor
Wilmington, Delaware 19801

**Re:** <u>***AmeriFirst Financial, Inc., et al., Case No. 23-11240 (TMH)***</u>

Dear Judge Horan:

We write on behalf of Reverence Capital Partners ("<u>RCP</u>") to respond to the letters dated October 10, 2023 from the Official Committee of Unsecured Creditors ("<u>Committee</u>") [D.I. 239] and Eric Bowlby ("<u>Bowlby</u>") [D.I. 240] seeking a continuance of the final hearing on the *Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) To Obtain Postpetition Financing And (B) To Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Lenders, (III) Modifying The Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [D.I. 21] (the "<u>DIP Hearing</u>" and "<u>DIP Motion</u>") "to allow for discovery to occur …." D.I. 239 at 1. The basis for the Committee and Bowlby's request is entirely based on purported delays caused by RCP in connection with the discovery process. We write to correct the record.

<u>First</u>, despite retaining Kasowitz Benson Torres LLP ("<u>Kasowitz</u>") and Morris Nichols Arsht & Tunnel LLP ("<u>MNAT</u>") as proposed counsel, on September 19 and 20, 2023, respectively, D.I. 171 at 2, the Committee waited well over two weeks to serve a subpoena on RCP.

<u>Second</u>, the Committee's October 6 subpoena facially violated the Court's October 5, 2023 *Scheduling and Protective Order* [D.I. 222]. Despite the Court's order that "no non-public or confidential information regarding the Debtors may be shared with Kasowitz by anyone" without leave of Court, the subpoena was signed by a Kasowitz attorney and demanded production at Kasowitz's New York office. When RCP objected to producing any documents to Kasowitz in light of the Court's October 5th Order, MNAT issued an identical subpoena on October 9, 2023, and demanded production the next day. However, that subpoena was not served on RCP until after the demanded production deadline. And to date, Kasowitz has not withdrawn its subpoena. Despite the unreasonableness of Committee's conduct, RCP met-and-conferred with MNAT on

October 12, 2023
Page 2

October 11, 2023,[1] and agreed to conduct reasonable searches and make a rolling production of documents to MNAT.

<u>Third</u>, Bowlby sent document requests to RCP concerning the DIP Motion on September 14, 2023, but the very next day, represented to the Court that with respect to discovery, he "will take a back seat to the [C]ommittee and what the [C]ommittee wants to do." 2023.09.15 H'rg Tr. at 13:18-22, 15:20-16:1, 16:14-16. For whatever reason, Bowlby changed his position the following week, and demanded documents from RCP on a truncated timeline. RCP served responses and objections on the date requested by Bowlby, sought to promptly meet and confer, and offered multiple dates and times. RCP met-and-conferred with Bowlby on October 11, 2023, the first date the parties were all available, and agreed to conduct reasonable searches and make a rolling production of documents to Bowlby, consistent with the productions to be made to MNAT.

Because RCP has not caused any delays in the discovery process, and any delays have been the result of the Committee and Bowlby's litigation tactics, RCP respectfully submits that the request for a continuance be denied.

Sincerely,

*/s/ L. Katherine Good*
L. Katherine Good (No. 5101)

CC: All parties via CM/ECF

---

[1] Kasowitz was excluded from that meet-and-confer based on the Court's October 5, 2023 Order.

IMPAC 11109727v.2