# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERIFIRST FINANCIAL, INC,[1] *et al.*, | ) Case No. 23-11240 (TMH) |
| | ) |
| Debtors. | ) (Jointly Administered) |

## DECLARATION OF EDWARD E. FILUSCH IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERIFIRST FINANCIAL, INC., *ET AL.*'S OMNIBUS REPLY IN FURTHER SUPPORT OF APPLICATION TO RETAIN AND EMPLOY KASOWITZ BENSON TORRES LLP AS SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO SEPTEMBER 19, 2023

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The location of Debtor AmeriFirst Financial, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1550 McKelleps Road, Suite 117, Mesa, Arizona 85203.

I, Edward E. Filusch, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am a member of Kasowitz Benson Torres LLP ("Kasowitz"), a national law firm with its principal office at 1633 Broadway, New York, New York 10019.

2. I am an attorney at law duly admitted to (i) the bars of the States of New York and New Jersey; (ii) the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, and the United States District Court for the District of New Jersey. I have been admitted *pro hac vice* in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors AmeriFirst Financial, Inc. ("AFI") and Phoenix 1040 LLC ("Phoenix," and collectively with AFI, the "Debtors"). No disciplinary proceedings are pending against me.

3. I am familiar with the matters set forth herein and make this declaration (the "Declaration") in support of the *Declaration of Edward E. Filusch In Support of the Official Committee of Unsecured Creditors of Amerifirst Financial, Inc., et al.'s Omnibus Reply in Further Support of Application to Retain and Employ Kasowitz Benson Torres LLP as Special Litigation Counsel Nunc Pro Tunc to September 19, 2023*, filed contemporaneously. If called upon to testify, I could and would testify competently as to the facts set forth herein.

**KASOWITZ'S PREPETITION REPRESENTATION OF AFI**

4. Kasowitz represented AFI pursuant to an engagement letter executed on December 19, 2022. I oversaw AFI's negotiation with RCP Credit Opportunities Fund Loan SPV (Fund III), L.P. and RCP Customized Credit Fund (Fund IVA), L.P. (collectively, "RCP") relating to certain disputes arising in connection with a Credit and Security Agreement dated as of April 21, 2022,

which resulted in the execution of an Amended and Restated Credit and Security Agreement, dated as of May 15, 2023 (the "A&R Credit Agreement"), and related documents.

5. Following the execution of the A&R Credit Agreement, Kasowitz continued its work for AFI to address issues related to RCP's non-compliance with the terms thereof. This involved contact with RCP's counsel to address various issues that arose under the A&R Credit Agreement during this time. Between May 15, 2023 and August 21, 2023, AFI and RCP engaged in numerous heated and recurring disputes regarding RCP's material breaches of the A&R Credit Agreement.

6. On August 21, 2023, after AFI's attempts to resolve matters consensually with RCP failed, Kasowitz executed a second engagement letter with AFI, which provided for a $2 million retainer. On August 22, 2023, I sent a notice of default to RCP on behalf of AFI, asserting various breaches of the A&R Credit Agreement (the "AFI Notice of Default"). As of August 24, 2023 (the "Petition Date"), AFI had not paid any amounts to Kasowitz pursuant to the second engagement letter.

## THE PETITION DATE

7. As of the Petition Date, to my knowledge as counsel to AFI, AFI had not received any response to the AFI Notice of Default. At 10:17 a.m. (ET) on the morning of August 24, 2023, Manisha M. Sheth of Quinn Emmanuel LLP ("Quinn"), counsel to RCP, reached out to me regarding a call at 12:30 p.m. (ET). We exchanged various emails back and forth due to scheduling conflicts.

8. In a conversation with Ms. Sheth at approximately 2:00 p.m. (ET), she explained to me that RCP was executing on AFI's equity security interests that AFI's shareholders (then-CEO Eric Bowlby and his father Kenneth Bowlby) pledged to RCP in connection with the A&R

Credit Agreement and related documents, effectuating a change of control. Ms. Sheth also conveyed to me that "documents" had been filed, and that RCP's representatives were on site at AFI's headquarters. I explained to Ms. Sheth that these actions appeared to be invalid as a result of the issuance of the AFI Notice of Default days earlier.

9.      After the call, I immediately set up a Zoom call with Mr. Bowlby, with whom I spoke with at approximately 2:30 p.m. (ET). During the Zoom, Mr. Bowlby expressed great concern to me that a crisis was ensuing at AFI, specifically that armed personnel had come to the headquarters of AFI and demanded the ability to enter its offices, had already entered, and that a man named Scott Avila, who I had never heard of and believed to be with the marshals' office, was in AFI's offices.

10.     I had no clear understanding of what was transpiring at the time. Specifically, while I was on the Zoom, Mr. Bowlby forwarded me written notices that AFI had apparently received by hard copy, and Ms. Sheth and another Quinn attorney, Bennett Murphy, later provided me with electronic copies of the bankruptcy petitions and change of control documents. As I received these materials, I responded by email to counsel for RCP to re-iterate AFI's position that RCP's actions were void given RCP's existing defaults under the A&R Credit Agreement, but that we would respond in due course. However, upon understanding that bankruptcy proceedings were now pending and that Mr. Avila was acting in his apparent capacity as an officer of the company, I informed Mr. Bowlby to cooperate with Mr. Avila while we worked to sort out what was transpiring.

11.     Also that day, both RCP's counsel and, at RCP's counsel's directive, Laura Davis Jones of Pachulski Stang Ziehl & Jones LLP ("Pachulski") accused me of violating the automatic stay. Of course, I had done nothing of the sort; instead – under the impression that I was

representing AFI against RCP – I merely asserted that RCP's conduct was void given RCP's prior defaults. Apparently, Ms. Jones, acting at the request of RCP to intervene, was under the misapprehension that my accusations against RCP were somehow adverse to the Debtors. I clarified by email later that day that, of course, Kasowitz was not adverse to the Debtors.

### EVENTS FOLLOWING THE PETITION DATE

12. On August 25, 2023, I had a Zoom call with Ms. Jones and others. On this call, following my review of the relevant documents, I stated that Kasowitz's representation of AFI regarding potential claims against RCP was aligned with the goals in the Debtors' Chapter 11 Cases and that there could be a role for Kasowitz to play in the Chapter 11 Cases. Following the lack of response over the next few days, and upon reviewing Debtors' filings in the Chapter 11 Cases, I believed that the Debtors had already decided not to take any action adverse to RCP and instead Kasowitz had been constructively terminated as of the Petition Date.

13. On August 29, 2023, upon my review of the *Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Lenders, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [D.I. 21] (the "DIP Motion"), and the stipulations and proposed findings of fact seeking to provide releases to RCP (*see id., e.g.*, Ex. 1 (Proposed Order), ¶¶ 5(a)-(h), 6(a)-(h)), I further understood that the Debtors had no interest in investigating or pursuing potential claims against RCP and that the Debtors had no intent to further use Kasowitz. This confirmed my belief that AFI had terminated its retention of Kasowitz as of the Petition Date. Despite the proposed stipulations and findings of fact in the DIP Motion, it was not until October 2, 2023 that the Debtors first contacted me in connection with any investigation of RCP and its prepetition conduct.

5

14. On September 15, 2023, the Official Committee of Unsecured Creditors of AmeriFirst Financial, Inc, *et al.* (the "Committee") was formed. Kasowitz pitched its potential representation of the Committee on September 19, 2023 over Zoom. At the pitch, Kasowitz was careful to explain to the Committee that its representation would need to be limited, as it could not be adverse to the Debtors, but that it could pursue claims against non-debtor parties, including RCP. Upon information and belief, members of the Committee discussed this limitation with a representative of the United States Trustee.

15. Given Kasowitz's cabined role, on September 21, 2023, the Committee retained Morris, Nichols, Arsht & Tunnell LLP as co-counsel.

16. In all instances, Kasowitz has been forthcoming and candid with the Committee concerning its prior representation of AFI.

17. At the Committee's initial meet and confer with the Debtors on September 23, 2023, in which I participated, Kasowitz explained that its role would be limited to that of special litigation counsel and that it would not be adverse to the Debtors in any respect in that role. Ms. Jones conveyed that although the Debtors were skeptical that Kasowitz could be retained and had concerns regarding Kasowitz's prior access to confidential information, she would revert back on September 24, 2023 with the Debtors' position after communicating with the Debtors' CRO Mr. Avila. To my knowledge, Ms. Jones never reverted back on this open issue. Instead, beginning on September 26, 2023, the Debtors took the position that Kasowitz was conflicted and had never been terminated.

18.     It is my understanding that all Kasowitz attorneys working on this matter have been informed of Pachulski's concerns regarding conflict and the *Scheduling and Protective Order* [D.I. 222], and that Kasowitz attorneys have taken the utmost care to comply with its terms .

Dated:  New York, New York
         October 18, 2023

*/s/ Edward E. Filusch*
Edward E. Filusch