# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERIFIRST FINANCIAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11240 (TMH)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: at or before hearing**<br>**Hearing Date: Oct. 26, 2023 at 2:00 p.m. ET**<br><br>**Re: 268** |

## MOTION TO FILE UNDER SEAL CERTAIN INFORMATION CONTAINED IN AND EXHIBITS ATTACHED TO REPLY OF INTERESTED PARTY ERIC BOWLBY IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION TO TRANSFER VENUE

Interested Party Eric Bowlby ("Mr. Bowlby"), by and through his undersigned counsel, respectfully states the following in support of this motion (the "Motion"):

### RELIEF REQUESTED

1. Mr. Bowlby seeks the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing Mr. Bowlby to file under seal the Reply of Interested Party Eric Bowlby in Support of United States Trustee's Motion to Transfer Venue (D.I. 268) (the "Reply").

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The location of Debtor AmeriFirst Financial, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1550 McKelleps Road, Suite 117, Mesa, Arizona 85203.

1

Delaware. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Mr. Bowlby confirms his consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.  The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), as supplemented by rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

## BACKGROUND

5.  On August 24, 2023 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

6.  On September 19, 2023, the Office of the United States Trustee (the "U.S. Trustee") filed a *Motion to Transfer Venue* (D.I. 280) (the "Transfer Motion").

7.  Pursuant to this Court's *Scheduling and Protective Order* (D.I. 222) (the "Protective Order"), the U.S. Trustee filed its Motion to Transfer Venue under seal because the Debtors and Reverence Capital Partners ("RCP") designated as confidential the information and documents contained in the Reply.[2]

---

[2]   Mr. Bowlby reserves all rights to contest the designation of the documents and information contained therein as confidential. In an abundance of caution, Mr. Bowlby filed the Reply under seal. Case 23-11240-TMH Doc 268 Filed 10/17/23.

8.     On October 17, 2023, Mr. Bowlby filed the Reply in support of the Transfer Motion.

9.     In compliance with the Debtors' and RCP's requests regarding confidentiality, Mr. Bowlby seeks entry of an order permitting the Reply to be filed under seal.

## BASIS FOR RELIEF

10.    Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, the Court may authorize the filing under seal of the Reply. Section 107(b) of the Bankruptcy Code is a codified exception to the general rule of access and protects entities from potential harm caused by the disclosure of confidential information. Specifically, section 107(b) provides in relevant part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
>
> (1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)    protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title

11 U.S.C. §107(b).

11.    Bankruptcy Rule 9018 and Local Rule 9018-1 establish the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018; *accord* Del. Bankr. L.R. 9018-1(b).

12.    A party seeking the protection of section 107(b) needs only demonstrate that the

3

information is "confidential" and "commercial" in nature. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See Global Crossing Ltd.*, 295 B.R. at 725.

13. Additionally, section 105(a) of the Bankruptcy Code, which codifies the Bankruptcy Court's inherent equitable powers, empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, Bankruptcy Rule 9018 "implements section 107 [of the Bankruptcy Code] but, in so doing, goes it one step better by adding a third circumstance which may warrant protection by the court: On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect government matters that are made confidential by statute or regulation . . . ." *In re Robert Landau Assocs., Inc.*, 50 B.R. 670, 675 (Bankr. S.D.N.Y. 1985). *See also* Fed. R. Bankr. P. 9018.

14. While there is a strong presumption in favor of public access to court records, see *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–8, 602 (1978), here, sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and the Protective Order authorize this Court to limit public access to information. In the present case, Mr. Bowlby is protecting the confidentiality of the documents and information produced in the discovery process, in compliance with the Debtors' and RCP's requests regarding confidentiality. Accordingly, Mr. Bowlby

respectfully asks this Court for authority to redact and file the Reply under seal.

## COMPLIANCE WITH LOCAL RULE 9018-1

15.     Pursuant to Local Rule 9018-1, counsel to Mr. Bowlby consulted with counsel to the Debtors and RCP on what information should be redacted from the Reply. Consistent with such communication, Mr. Bowlby has filed or will file concurrently herewith a proposed redacted version of the Reply. The Debtors have consented to or requested the redactions in the proposed redacted version of the Reply. Mr. Bowlby attempted to confer with RCP but did not receive a response.

## NOTICE

16.     Notice of this Motion will be provided to: (a) the Debtors; (b) the U.S. Trustee; (c) RCP; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. Mr. Bowlby respectfully submits that such notice is sufficient and no other or further notice of this Motion is required.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, Mr. Bowlby respectfully requests that the Court enter the Order substantially in the form attached hereto as **Exhibit A** and grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: October 23, 2023<br>Wilmington, Delaware | **PASHMAN STEIN WALDER HAYDEN, P.C.**<br><br>*/s/ Joseph C. Barsalona II*<br>William R. Firth, III (No. 4356)<br>Joseph C. Barsalona II (No. 6102)<br>1007 North Orange Street, 4th Floor, #183<br>Wilmington, DE 19801<br>Telephone: (302) 592-6497<br>Facsimile: (201) 488-5556<br>Email:  wfirth@pashmanstein.com<br>           jbarsalona@pashmanstein.com<br><br>-and-<br><br>J. John Kim (admitted *pro hac vice*)<br>Joshua P. Law<br>Court Plaza South, East Wing<br>21 Main Street, Suite 200<br>Hackensack, NJ  07601<br><br>*Counsel to Eric Bowlby, on behalf of himself and other displaced shareholders of AmeriFirst Financial, Inc.* |