IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERIFIRST FINANCIAL, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11240 (TMH)<br><br>(Jointly Administered)<br>**Ref. Docket No. 227** |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF
THE BON SALLE GROUP AS CONSULTANT FOR THE DEBTORS AND DEBTORS
IN POSSESSION, PURSUANT TO 11 U.S.C. §§ 327(A) AND 328, EFFECTIVE AS OF
SEPTEMBER 12, 2023; (II) WAIVING CERTAIN REQUIREMENTS
IMPOSED BY LOCAL RULE 2016-2; AND (III) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for: (i) authority to employ and retain The Bon Salle Group ("Bon Salle") as consultant to the Debtors in these Chapter 11 Cases, effective as of September 12, 2023 (the "Effective Date"), pursuant to the terms of the Engagement Agreement; and (ii) a waiver of certain requirements of Local Rule 2016-2 and excusing compliance with certain U.S. Trustee Guidelines, all as more fully set forth in the Application; and upon consideration of the declarations filed in support of the Application; and the United States District Court for the District of Delaware having

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The location of Debtor AmeriFirst Financial, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1550 McKellips Road, Suite 117, Mesa, Arizona 85203.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and no other or further notice need be provided; and this Court being satisfied that Bon Salle has the capability and experience to provide the services described in the Application and that Bon Salle does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and having found that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor;

      **IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** as set forth herein.

2. The Debtors are authorized to retain and employ Bon Salle as consultant to the Debtors in these Chapter 11 Cases, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, effective as of the Petition Date, under the terms and conditions set forth in the Application and the Engagement Agreement, as modified by this Order.

3. Except to the extent set forth herein, the Engagement Agreement (together with all exhibits thereto) is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, and the Debtors are authorized and directed to perform their payment and non-monetary

obligations in accordance with the terms and conditions, and at the times specified, in the Engagement Agreement, as may be modified by this Order.

        4.        Bon Salle shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

        5.        Notwithstanding anything to the contrary in the Application or any of its attachments, no amounts shall be paid to Bon Salle absent an order of this Court approving a fee application filed on notice to parties in interest in these Chapter 11 Cases under the procedures set forth in any order establishing procedures for compensation and reimbursement of expenses of professionals.

        6.        In the event that Bon Salle seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application, the Engagement Agreement, and this Order, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Bon Salle's own applications, both interim and final, and these invoices and time records shall be subject to the approval of this Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  Notwithstanding the foregoing, Bon Salle shall only be reimbursed for any legal fees incurred in connection with these Chapter 11 Cases to the extent permitted under applicable law and the decisions of this Court.

        7.        Bon Salle shall:  (i) to the extent that Bon Salle uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these Chapter 11

Cases, pass through the cost of such Contractors to the Debtors at the same rate that Bon Salle pays the Contractors; and (ii) seek reimbursement for actual costs only. The Debtors shall ensure that the Contractors are subject to the same conflicts checks as required for Bon Salle and file with this Court such disclosures required by Bankruptcy Rule 2014.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

9. Bon Salle shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

10. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. Notwithstanding any term in the Engagement Agreement to the contrary, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: October 24th, 2023**  
**Wilmington, Delaware**

THOMAS M. HORAN  
UNITED STATES BANKRUPTCY JUDGE