**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>AMERIFIRST FINANCIAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11240 (TMH)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>At or Before the Hearing<br><br>**Hearing Date:**<br>October 26, 2023 at 10:00 a.m. (ET) |

**MOTION TO FILE UNDER SEAL CERTAIN INFORMATION CONTAINED IN AND EXHIBITS ATTACHED TO AMENDED AND RESTATED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF THE DEBTORS FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS (A) TO OBTAIN POSTPETITION FINANCING AND (B) TO UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDERS, (III) MODIFYING THE AUTOMATIC STAY, (IV) SCHEDULING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF (D.I. 310)**

The Official Committee of Unsecured Creditors (the "Committee"), appointed in the chapter 11 bankruptcy cases of the above-captioned debtors and debtors in possession (the "Debtors") respectfully states the following in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1. The Committee seeks the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Committee to file under seal the *Amended and Restated Objection of the Official Committee of Unsecured Creditors to Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition*

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The location of Debtor AmeriFirst Financial, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1550 McKelleps Road, Suite 117, Mesa, Arizona 85203.

1

*Lenders, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "Amended Objection").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Committee confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), as supplemented by rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

## BACKGROUND

5. On August 24, 2023 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. On September 15, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee. No trustee or examiner has been appointed in these chapter 11 cases.

6. On August 29, 2023, the Debtors filed the *Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B)*

2

to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Lenders, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 21) (the "DIP Motion").

7. On October 13, 2022, the Committee filed the *Preliminary Objection of the Official Committee of Unsecured Creditors to Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Lenders, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (D.I. 256) (the "Objection"). Pursuant to this Court's *Scheduling and Protective Order* (D.I. 222) (the "Protective Order"), the Committee filed its Objection under seal because the Debtors and Reverence Capital Partners ("RCP") had designated as confidential the information and documents contained in the Objection.[2] The Committee subsequently filed a redacted Objection on October 18, 2023.

8. In compliance with the Debtors' and RCP's requests regarding confidentiality, the Committee seeks entry of an order permitting the Amended Objection to be filed under seal.

**BASIS FOR RELIEF**

9. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, the Court may authorize the filing under seal of the Amended Objection. Section 107(b) of the Bankruptcy Code is a codified exception to the general rule of access and protects entities from potential harm caused by the disclosure of confidential information. Specifically, section 107(b) provides

---

[2] The Committee reserves all rights to contest the designation of the documents and information contained in the Objection as confidential. In an abundance of caution, the Committee filed the Objection under seal. The Committee continues to reserve all rights to contest the designation of the documents and information

in relevant part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title

11 U.S.C. § 107(b).

10. Bankruptcy Rule 9018 and Local Rule 9018-1 establish the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018; *accord* Del. Bankr. L.R. 9018-1(b).

11. A party seeking the protection of section 107(b) needs only demonstrate that the information is "confidential" and "commercial" in nature. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once established that the subject information qualifies as "commercial information" under section 107(b)(1), the

---

contained in the Objection and Amended Objection as confidential. In an abundance of caution, the Committee also filed the Amended Objection under seal.

Bankruptcy Code mandates that this information be protected from disclosure. *See Global Crossing Ltd.*, 295 B.R. at 725.

12.  Additionally, section 105(a) of the Bankruptcy Code, which codifies the Bankruptcy Court's inherent equitable powers, empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, Bankruptcy Rule 9018 "implements section 107 [of the Bankruptcy Code] but, in so doing, goes it one step better by adding a third circumstance which may warrant protection by the court: On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect government matters that are made confidential by statute or regulation . . . ." *In re Robert Landau Assocs., Inc.*, 50 B.R. 670, 675 (Bankr. S.D.N.Y. 1985). *See also* Fed. R. Bankr. P. 9018.

13.  While there is a strong presumption in favor of public access to court records, s*ee Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597–8, 602 (1978), here, sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and the Protective Order authorize this Court to limit public access to information. In the present case, the Committee is protecting the confidentiality of the documents and information produced in the discovery process, in compliance with the Debtors' and RCP's requests regarding confidentiality. Accordingly, the Committee respectfully asks this Court for authority to redact and file the Amended Objection under seal.

## **COMPLIANCE WITH LOCAL RULE 9018-1**

14.  Pursuant to Local Rule 9018-1, counsel to the Committee consulted with counsel to the Debtors and RCP on what information should be redacted from the Amended Objection. Consistent with such communication, the Committee has filed or will file

concurrently herewith a proposed redacted version of the Amended Objection. The Debtors have consented to or requested the redactions in the proposed redacted version of the Amended Objection. The Committee attempted to confer with RCP but did not receive a response. RCP has not opposed the redactions.

## NOTICE

15. Notice of this Motion will be provided to: (a) the Debtors; (b) the U.S. Trustee; (c) RCP; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that such notice is sufficient and no other or further notice of this Motion is required.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter the Order substantially in the form attached hereto as **Exhibit A** and grant such other and further relief as is just and proper.

Dated: October 25, 2023
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Evanthea Hammer*
Donna L. Culver (No. 2983)
Robert J. Dehney (No. 3578)
Eric D. Schwartz (No. 3134)
Daniel B. Butz (No. 4227)
Evanthea Hammer (No. 7061)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: dculver@morrisnichols.com
       rdehney@morrisnichols.com
       eschwartz@morrisnichols.com
       dbutz@morrisnichols.com
       ehammer@morrisnichols.com

**PROPOSED COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS**