**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

|   |   |
|---|---|
| In re:<br><br>AMERIFIRST FINANCIAL, INC.,[1] | ) Chapter 11<br>)<br>) Case No. 23-11240 (TMH)<br>)<br>) (Jointly Administered)<br>) |

Ref. Docket No. 226

**ORDER (I) AUTHORIZING THE PRIVATE TRANSFER OR SALE OF CERTAIN LOANS AND RELATED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) APPROVING THE TERMS OF THE ASSET PURCHASE AGREEMENT; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS; AND <u>(IV) GRANTING RELATED RELIEF</u>**

Upon the motion dated October 5, 2023 (the "<u>Sale Motion</u>")[2] of the Debtors for an order (i) authorizing, pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code, §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>"), Rules 2002, 6004, 6006, 9013, 9014 and 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2002-1 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure (the "<u>Local Rules</u>") of the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"), the private sale and transfer (the "<u>Sale</u>") of certain mortgage loans and related assets (the "<u>Assets</u>") to Oaktree Funding Corp., Inc. ("<u>Oaktree</u>" or the "<u>Buyer</u>"), with such Sale being free and clear of liens, claims, encumbrances, and interests (except as otherwise set forth in this Motion); (ii) approving the terms of the *Term*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Phoenix 1040 LLC (2550) and AmeriFirst Financial, Inc. (4557). The Debtors' service address is 575 W. Chandler Boulevard, Suite 225, Unit 236, Chandler, AZ 85225.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Sale Motion.

*Sheet for Sale of Certain Loan Assets dated September 28, 2023* attached to the Motion as <u>Exhibit B</u> (the "<u>Term Sheet</u>") and the asset purchase agreement filed on October 19, 2023 [Docket No. 298] (the "<u>APA</u>"); (iii) approving the assumption and assignment of certain executory contracts; and (iv) granting further relief; and the Court having jurisdiction to consider the Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference of the United States Court for the District of Delaware,* dated February 29, 2012; and consideration of the Sale Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Sale Motion having been given under the circumstances; and it appearing that no other or further notice need be provided; and the Court having reviewed the Sale Motion; and the Court having held a hearing to consider the relief requested in the Sale Motion on October 26, 2023 (the "<u>Sale Hearing</u>"); and upon the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein; and it appearing that the relief requested is in the best interests of the Debtors, their estates, and all parties in interest; and after due deliberation; and good and sufficient cause appearing therefor;

**<u>THE BANKRUPTCY COURT HEREBY FINDS, ORDERS, ADJUDGES, AND DECREES that</u>**[3]**:**

    1.    The Sale Motion is GRANTED as set forth herein.

---

[3] All findings of fact and conclusions of law set forth in this Sale Order or announced by the Court at the hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith.

2. The APA and the sale/transfer of the Assets are hereby approved as being in the best interest of the Debtors' estates and their stakeholders. The Debtors are hereby authorized and empowered to enter into, consummate, implement and perform their obligations under the APA, and to execute, deliver, and perform such agreements, instruments, and documents and take any other actions that may be reasonably necessary and desirable to implement and effectuate the terms of the APA, this Sale Order, and the Sale, without any further corporate action or orders of the Court.

3. At the closing of the sale, the Debtors shall be, and hereby are, authorized and empowered by sections 105 and 363(b) and (f) of the Bankruptcy Code to sell and effectuate the transfer of the Assets to Buyer. The sale/transfer of the Assets by the Debtors to Buyer shall constitute a legal, valid and effective transfer of the Assets, notwithstanding any requirement for approval or consent by any person, and vest Buyer with all rights, title, and interests of the Debtors in the Assets, subject to the terms of the APA.

4. The Buyer is hereby granted and is entitled to all the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code. Neither the Debtors nor the Buyer, nor any of their equity owners, officers, directors, employees, professionals or other agents have engaged in any action or inaction that would (a) cause the entry into the APA, or consummation of the transactions contemplated thereby, to be avoided, or (b) result in costs and damages to be imposed under section 363(n) of the Bankruptcy Code. Entry into the APA is undertaken by the parties thereto without collusion, and in good faith, as that term is used in 363(m) of the Bankruptcy Code. All payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Sale have been disclosed. The Buyer is not an

"insider" of any Debtor (as defined under section 101(31) of the Bankruptcy Code). The reversal or modification on appeal of the authorization provided herein to enter into the APA and consummate the transactions contemplated thereby shall not affect the validity of such transactions (including the APA), unless such authorization is duly stayed pending such appeal.

5. The Sale is hereby approved pursuant to section 363(f) of the Bankruptcy Code. The Assets sold pursuant to the APA shall be transferred free and clear of all liens, claims, encumbrances, and interests pursuant to section 363(f) of the Bankruptcy Code; *provided that* with such liens, claims, encumbrances and interests to attach to the sale proceeds of the Assets. Neither the APA nor the Assets under the APA shall be subject to any avoidance claim or cause of action arising under section 363(n) or chapter 5 of the Bankruptcy Code. The Buyer would not have entered into the APA and would not consummate the transactions contemplated thereby if the sale of the Assets to the Buyer was not free and clear of all liens, claims, encumbrances, and other interests, or if the Buyer would, or in the future could, be liable for any such liens, claims, encumbrances, or other interests. The holders of any liens, claims, encumbrances, or other interests against the Debtors, their estates, or any of the Assets who did not object, who withdrew their objections, or whose objections were overruled, to the Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. To the extent any person or entity that has filed statements or other documents or agreements evidencing liens, claims, encumbrances, or other interests in all or any portion of the Assets, and such person or entity has not filed and executed the appropriate termination statements, instruments of satisfaction, releases of liens and easements, or any other documents necessary to document the release of such liens, claims, encumbrances, or other interests, the Debtors are hereby authorized, and the Buyer is

hereby authorized on the Debtors' behalf, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Assets. For the avoidance of doubt, the Debtors and the Buyer are each authorized to file a copy of this Sale Order, which, upon filing, shall be conclusive evidence of the release and termination of such liens, claims, encumbrances, or other interests.

6. For the avoidance of doubt, none of the mortgage loan Assets being transferred pursuant to the APA are subject to agreements with, or requirements of the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

7. Nothing contained in the Sale Motion or this Sale Order, nor any payment made pursuant to the authority granted by this Sale Order, shall constitute or be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

8. At closing, Buyer shall pay over the sums described in the APA to Centier Bank and Sound Capital to satisfy the respective warehouse lines. Substantially contemporaneously with satisfaction of the Centier Bank warehouse line, Centier Bank shall release to the Debtors the amount currently held in the cash collateral account currently under Centier Bank's control. The Debtors shall not be required to close the Sale absent evidence, satisfactory to the Debtors in their sole discretion, that the Centier Bank funds will be released.

9. The assumption and assignment of the executory contracts (the "Assumed Contracts") listed in the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts in Connection with Sale of Certain of the Debtors' Assets* [Docket No. 229] (the "Assumed Contracts List") pursuant to the terms of this Sale Order and the APA, is integral to the APA and is in the best interests of the Debtors and their estates, their creditors, and all other parties in interest, and represents the reasonable exercise of the Debtors' business judgment; provided however, that the Debtors' inability to assume and assign any Assumed Contract to Buyer shall not affect Buyer's obligations under the APA and shall not reduce the consideration provided under the APA. Pursuant to section 365 of the Bankruptcy Code, the assignment and assumption of the Assumed Contracts of the Debtors, as identified by the Buyer pursuant to the Assumed Contracts List, is hereby authorized and approved in all respects. The Buyer shall pay all cure costs owing to the counterparties to the Assumed Contracts. Any provision in an Assumed Contract that purports to prohibit the assignment of such Assumed Contract, or that purports to allow the counterparty to terminate, recapture, or impose penalties upon assignment constitute unenforceable anti-assignment provisions and are void and of no force or effect. Upon the Closing, in accordance with Sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested with all right, title and interest of the Debtors under the Assumed Contracts and the Assumed Contracts shall remain in full force and effect for the benefit of the Buyer. Each counterparty to an Assumed Contract that did not object to the Motion, or that withdrew its objection, is deemed to have consented to the assumption and assignment of such Assumed Contract, and the Buyer has provided adequate assurance of future performance under the Assumed Contracts within the meaning of Section 365 of the Bankruptcy Code. The assignment

by the Debtor to the Buyer shall relieve the Debtors and the estates from all liabilities on account of any Assumed Contracts.

10. The Assumed Contracts List is amended to include that certain Asset Management Agreement dated as of July 10, 2023 between Debtor AmeriFirst Financial, Inc. as Seller and Saluda Grade Asset Management, LLC and Saluda Grade Loan Trust 4, Series A, as Clients (the "SG AMA"). The cure amount associated with the SG AMA is $18,014.89.

11. Pursuant to Bankruptcy Rule 9019, the settlement and waiver of claims between the Debtors and Buyer arising under, or in connection with, the Oaktree Agreement, is hereby approved. Moreover, the Oaktree Agreement shall be deemed terminated upon closing of the Sale.

12. Notwithstanding Bankruptcy Rule 6004(h), this Sale Order shall be effective and enforceable immediately upon entry.

13. The Sale Agreement and any related agreements, documents, or other instruments may be waived, modified, amended, or supplemented by the parties thereto, and in accordance with the terms thereof, without further order of this Court; *provided that* any such waiver, modification, amendment or supplement does not have a material adverse effect on the Debtors' estates. Any material amendments require Court approval on notice to parties in interest.

14. This Sale Order shall inure to the benefit of the Buyer and the Debtors, and their respective successors and assigns, including, but not limited to, any chapter 11 or chapter 7 trustee that may be appointed in these chapter 11 cases, and shall be binding upon any trustee, party, entity, or fiduciary that may be appointed in connection with these chapter 11 cases or any other or further cases involving the Debtors, whether under chapter 7 or chapter 11 of the Bankruptcy Code.

15. To the extent any provision of this Sale Order conflicts with the terms and conditions of the APA, this Sale Order shall govern and control.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Sale Order.

*[Signature: Thomas M. Horan]*

**Dated: October 26th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**