## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERIFIRST FINANCIAL, INC.,[1] *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11240 (TMH)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**November 21, 2023 at 2:00 p.m. (ET)**<br><br>**Objection Deadline:**<br>**November 10, 2023 at 4 p.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERIFIRST FINANCIAL, INC., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF ISLANDDUNDON LLC AS FINANCIAL ADVISOR EFFECTIVE AS OF OCTOBER 3, 2023**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors") hereby submits its application (this "Application") for entry of an order authorizing and approving the employment and retention of IslandDundon LLC ("IslandDundon") as financial advisor to the Committee, effective as of October 3, 2023, pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

In support of the Application, the Committee submits the *Declaration of Matthew Dundon* (the "Dundon Declaration"), attached hereto as **Exhibit A**. In further support of the Application, the Committee respectfully states as follows:

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The location of Debtor AmeriFirst Financial, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1550 McKellips Road, Suite 117, Mesa, Arizona 85203.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

**Background**

4. On August 24, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code commencing the chapter 11 cases. The Debtors are managing and operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No trustee or examiner has been appointed in these chapter 11 cases.

5. On September 15, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102. The members of the Committee are Kristen Rahn, Mortgageshots, LLC and Paragon Micro, Inc. *See* D.I. 122. The Committee selected Todd Cowen of Paragon Micro, Inc. as its

chair.

6. On September 20, 2023, the Committee selected Morris, Nichols, Arsht & Tunnell LLP as proposed general counsel to the Committee.

7. On October 3, 2023 (the "Retention Date"), the Committee selected IslandDundon as financial advisor to the Committee, subject to Court approval.

**Relief Requested**

8. By this Application, the Committee seeks to retain and employ IslandDundon pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in these chapter 11 cases, effective as of October 3, 2023.

**The Retention of IslandDundon is Warranted**

9. The Committee is familiar with the professional standing and reputation of IslandDundon and its members Dundon Advisers LLC ("Dundon Advisers") and Island Capital Group Advisor LLC ("Island Capital"). The Committee understands and recognizes that IslandDundon, including through Dundon Advisers and Island Capital, has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

10. The services of IslandDundon are necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates. Further, IslandDundon is well-qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

11. IslandDundon is a vehicle of the joint venture of Dundon Advisers and

Island Capital established in 2021 to pursue certain debt investment and real estate-related restructuring opportunities together. That joint venture has been employed in the *Eagle Hospitality* cases in this District, by way of parallel retentions of each member in *Renovate America* and *Madison Square Boys & Girls Club* chapter 11 cases, and is presently employed as IslandDundon in the *Peer Street* cases in this district.

12. Dundon Advisers is a financial advisory firm whose professionals' experience with distressed assets and the bankruptcy process goes back to the 1990s. Dundon Advisers presently acts or recently acted as financial advisor to the: Official Committee of Unsecured Creditors of *1 Global* (S.D. Fla.), *Agera Energy* (S.D.N.Y.), *Aequor Management* (E.D. Tex.), *Aerofarms* (D. Del.), *AfterShock Comics* (C.D. Cal.), *Alamo Drafthouse* (D. Del.), *All American Oil and Gas* (W.D. Tex.), *Allegiance Coal* (D. Del.), *Alpha Entertainment* (D. Del.), *Alpha Media* (E.D. Va.), *AmeriMark* (D. Del.), *American Virtual Cloud Technologies* (D. Del.), *Aralez Pharmaceuticals* (S.D.N.Y.), *Aztec Shaeffer* (W.D. Tex.), *BeavEx* (D. Del.), *Bella Flor* (N.D. Tex.), *Better Nutritionals* (C.D. Cal.), *Big Village* (D. Del.), *Celadon* (D. Del.), *Comcar* (D. Del.), *Diocese of Albany* (N.D.N.Y), *Endo Pharmaceuticals* (S.D.N.Y.), *Franks Theatres* (D.N.J.), *Front Sight Management* (D. Nev.), *Fuse Media* (D. Del.), *García Grain Trading* (S.D. Tex.), *Glostation USA* (C.D. Cal.), *Gold's Gym* (N.D. Tex.), *Goodrich Quality Theaters* (W.D. Mich.), *Ho Wan Kwok* (Connecticut), *HyreCar* (D. Del.), *Impresa Aerospace* (D. Del.), *In-Shape* (D. Del.), *iPic* (D. Del.), *Itella / Tattooed Chef* (C.D. Cal.), *Jagged Peak/Trade Global* (D. Nev.), *Juno USA* (D. Del.), *K&W Cafeterias* (M.D.N.C.), *Lannett* (D. Del.), *LaSalle Group* (N.D. Tex.), *LBI Media* (D. Del.), *Lifesize* (S.D. Tex.), *Loot Crate* (D. Del.), *Lucira Health* (D. Del.), *Madison Square Boys & Girls Clubs* (S.D.N.Y.), *Maines Paper & Food* (D. Del.), *Mallinckrodt* (D. Del.), *Matheson* (ED CA), *McClatchy* (S.D.N.Y.), *MediaMath* (D. Del.), *Meridian Restaurants* (D. Utah), *Miles*

*Keller Trucking* (C.D. Ill.), *Mitchell Gold* (D. Del.), *NewAge* (D. Del.), *NG Purvis Farms* (E.D. Va.), *Nova Shurline Wildcat* (D. Del.), *Novan* (D. Del.), *Off Lease Only* (D. Del.), *Open Road Films* (D. Del.), *Pear Therapeutics* (D. Del.), *Packable* (D. Del.), *Pipeline Foods* (D. Del.), *Platinum Corral* (E.D.N.C.), *Professional Technical Security Services* (N.D. Cal.), *Proteus Heath* (D. Del.), *Quanergy* (D.N.J.), *Remnant Oil Company* (W.D. Tex.), *Rive Gauche Television* (C.D. Cal.), *Rocking M Media* (D. Kan.), *SIW Holdings* (D. Del.), *Slidebelts* (E.D. Cal.), *South American Beef* (SD IA), *Structurlam* (D. Del.) *Studio Movie Grill* (N.D. Tex.), *Sunergy* (E.D. Cal.), *Sungard Availability Services* (S.D. Tex.), *Tehum Care Services, Inc.* (S.D. Tex.), *TOMS King* (N.D. Ohio), *TPC Group* (D. Del.), *Valmiera Glass* (N.D. Ga.), *Vector Launch* (D. Del.), *Video Corporation of America* (D.N.J.), *Volunteer Energy* (S.D. Ohio), *Wave Technologies* (N.D. Cal.), *Westlake Surgical* (W.D. Tex.), *Williams Industrial Services* (D. Del.), *YogaWorks* (N.D. Tex.), and *YouFit* (D. Del.), and the Ad Hoc Noteholder Group in the *Woodbridge Group of Companies* (D. Del.), the Ad Hoc Group of Consumer and Worker Litigation Claimants in *Hertz* (D. Del.), the Ad Hoc Provider Committee in *American Physician Partners* (D. Del.), the Committee of Customers in *Lear Capital* (D. Del.), the Official Committee of Tort Claimants in *PG&E* (N.D. Cal.), the Ad Hoc Group of Individual Victims in *Purdue* (S.D.N.Y.), the Ad Hoc Group of Second Lien Bondholders in *CalPlant* (D. Del.), the Official Committee of Unsecured Commercial Creditors of the *Roman Catholic Archdiocese of New Orleans* (E.D. La.), the Ad Hoc Group of Equity Security Holders in *RAIT* (D. Del.), and the Ad Hoc Group of Equity Interest Holders in *Voyager* (S.D.N.Y.).  All of the foregoing are highly complex chapter 11 cases.

        13.     Dundon Advisers also provides services to debtors, individual creditors, and potential asset acquirors in many in-court and out-of-court restructuring proceedings; Dundon Advisers' individual creditor clients have been appointed to scores of official committees of

unsecured creditors in many districts since April 2016, and Dundon Advisers has taken an active role in the activities of many of those committees. Dundon Advisers regularly advises litigation trustees, liquidating trustees, trust administrators, and plan administrators appointed as part of the resolution of chapter 11 cases, and its senior employees regularly act as liquidating trustees, litigation trustees, trust administrators, plan administrators, members of advisory and supervisory bodies for such trustees and administrators, and independent directors or managers of corporations and companies presently or recently in financial distress. Dundon Advisers also provides financial advisory and investment management services in many non-bankruptcy contexts.

    14.  The Island Capital personnel assigned to IslandDundon (inclusive of experience at prior employers) have over three decades of experience in capital markets, financial advisory, bankruptcy, and M&A transactions. Collectively, Island Capital has managed, advised or transacted in billions of assets in the real estate, credit, and real estate finance industries. Island Capital was: advisor to the Southmark Corporation, managing restructuring and asset monetization strategies prior to its bankruptcy filing; financial advisor to Sun Oil Corporation in the restructuring of its $1 billion real estate operating subsidiary Radnor Corp.; financial advisor and asset sales advisor to Ponderosa Steakhouse Corporation to manage 50+ sale-leaseback transactions as part of its restructuring plan; financial advisor to Franchise Finance Corporation of America in the merger of its affiliates into a publicly-traded real estate investment trust; manager of the acquisition and restructuring of Centerline Capital Corp.; advisor to the Special Committee of the Board of CNL Corp. in the consolidation of its hospitality businesses; financial advisor to the first lien creditors of Electrical Components International; financial advisor to the first lien creditors of Graceway Pharmaceuticals LLC; investment banking advisor to the Official Committee of Unsecured Commercial Creditors in Renovate America Inc.; and co-financial

advisor to the Official Committee of Unsecured Commercial Creditors in Madison Square Boys and Girls Club, Inc.

15. Leadership in these chapter 11 cases for IslandDundon will be provided by Principal Matthew Dundon, Managing Directors Steven Landgraber and Joe Cashel and Senior Advisor Victor Baev. The Committee's selection of IslandDundon as a financial advisor was based upon, among other things: (a) the Committee's need to retain a financial advisory firm to provide advice relevant to the scope of the Committee's mandate; (b) IslandDundon's senior professionals' extensive experience and excellent reputation in providing financial advisory services in chapter 11 cases such as these chapter 11 cases; and (c) IslandDundon's knowledge and expertise prior mortgage and real estate cases.

16. The Committee determined that IslandDundon brought a unique blend of case-specific knowledge, relevant experience, and expertise. The Committee believes that IslandDundon's proposed compensation structure is competitive, appropriate, and reasonable in the context of these chapter 11 cases.

## Scope of Services

17. IslandDundon has and, to the extent necessary, will continue to provide such financial advisory services to the Committee as the Committee deems appropriate and feasible in order to advise the Committee in the course of these chapter 11 cases, including, but not limited to, the following:

- Assist in the analysis, review, and monitoring of the restructuring process, including, but not limited to, an assessment of the unsecured claims pool and potential recoveries for unsecured creditors;

- Develop a complete understanding of the Debtors' businesses and their valuations;

- Determine whether there are viable alternative paths for the disposition of the Debtors' assets from those currently or in the future proposed by any Debtor;

- Monitor and, to the extent appropriate, assist the Debtors in efforts to develop and solicit transactions that would support unsecured creditor recovery;

- Assist the Committee in identifying, valuing, and pursuing estate causes of action, including, but not limited to, relating to prepetition transactions, control person liability, and lender liability;

- Assist the Committee to analyze, classify and address claims against the Debtors and to participate effectively in any effort in these chapter 11 cases to estimate (in any formal or informal sense) contingent, unliquidated, and disputed claims;

- Assist the Committee to identify, preserve, value, and monetize tax assets of the Debtors, if any;

- Advise the Committee in negotiations with the Debtors, certain of the Debtors' lenders, and third parties;

- Assist the Committee in reviewing the Debtors' financial reports;

- Assist the Committee in reviewing the Debtors' cost/benefit analysis with respect to the assumption or rejection of various executory contracts and leases;

- Review and provide analysis of the present and any subsequently proposed debtor-in-possession financing or use of cash collateral;

- Assist the Committee in evaluating and analyzing avoidance actions, including fraudulent conveyances and preferential transfers;

- Assist the Committee in investigating alleged encumbrances upon assets;

- Review and provide analysis of any proposed disclosure statement and chapter 11 plan and, if appropriate, assist the Committee in developing an alternative chapter 11 plan;

- Attend meetings and assist in discussions with the Committee, the Debtors, the secured lenders, the U.S. Trustee and other parties in interest and professionals;

- Present at meetings of the Committee, as well as meetings with other key stakeholders and parties;

- Perform such other advisory services for the Committee as may be necessary or proper in these proceedings, subject to the aforementioned scope; and

- Provide testimony on behalf of the Committee as and when may be deemed appropriate.

8

**Professional Compensation**

18. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a committee appointed under Bankruptcy Code section 1102 "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

19. Subject to the Court's approval, and in accordance with Bankruptcy Code section 328(a), IslandDundon proposes to render its services on an hourly fee basis as follows:

| Rank | Standard Hourly Rate |
|---|---|
| Principal | $890 |
| Managing Director and Senior Adviser | $790 |
| Senior Director | $700 |
| Director | $650 |
| Associate Director | $550 |
| Senior Associate | $475 |
| Associate: | $350 |

IslandDundon's next scheduled rate adjustment, set to take effect on July 1, 2024, will not, to the extent of any increase in rates, take effect with respect to these chapter 11 cases without notice of same, as more particularly set forth in the proposed order. Non-working travel time is billed at 50% of otherwise applicable rates.

20. IslandDundon will be reimbursed for its reasonable and necessary out-of-pocket expenses (which shall be charged at cost) incurred in connection with this engagement, such as travel, lodging, duplicating, research, messenger, and telephone charges. IslandDundon will charge for these expenses at rates consistent with or discounted to charges made to other IslandDundon clients and subject to the guidelines of the U.S. Trustee.

21. IslandDundon will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services described above, in accordance with

applicable rules and guidelines.

22. In light of the foregoing, the Committee believes that IslandDundon's fee structure is reasonable, market-based, and designed to fairly compensate IslandDundon for its work in these chapter 11 cases.

**<u>Disinterestedness; Lack of Adverse Interest</u>**

23. To the best of the Committee's knowledge and based on the Dundon Declaration, the Committee submits that IslandDundon is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14). The Committee submits that IslandDundon currently neither holds nor represents any interest adverse to the Debtors' estates or the Committee, except as set forth in the Dundon Declaration. Further, except as set forth in the Dundon Declaration, IslandDundon has no connection with any Debtors, creditor, other party-in-interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

24. IslandDundon will not, while employed by the Committee, advise any other entity having an adverse interest in connection with these chapter 11 cases.

25. The Committee has been informed that IslandDundon and its members are conducting an ongoing review of their respective files to ensure that no disqualifying circumstances arise. To the extent that IslandDundon discovers any connection with any interested party or enters into any new relationship with any interested party, IslandDundon will promptly supplement its disclosure to the Court.

**<u>Request for Approval of Retention of IslandDundon Effective as of the Retention Date</u>**

26. The Committee submits that the employment of IslandDundon on the terms and conditions set forth herein is in the best interests of the Committee and its constituency. The

Committee requests that IslandDundon's retention be made effective as of October 3, 2023, in order to allow IslandDundon to be compensated for the work it performed for the Committee as of and following the date it was retained, subject to the Court's consideration and approval of this Application. Due to the size and complex nature of these chapter 11 cases, as well as the expedited schedule occasioned by the Debtors seeking relief during the early stages of these chapter 11 cases, there was an immediate need for IslandDundon to perform services for the Committee upon its retention and prior to the Court's consideration and approval of this Application. Immediately upon the selection of IslandDundon as financial advisor to the Committee on the Retention Date, IslandDundon turned its attention to urgent matters including, but not limited to, addressing a variety of issues relating to the sale of the Debtors' assets. The Committee submits that under the circumstances, retroactive approval to October 3, 2023, the date of IslandDundon's retention, is warranted.

## Statement Regarding U.S. Trustee Guidelines

27. In accordance with the U.S. Trustee Guidelines, IslandDundon shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. IslandDundon also intends to make every effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final applications to be filed by IslandDundon in these chapter 11 cases.

## Notice

28. Notice of this Application will be provided to: (a) the U.S. Trustee; (b) the

Debtors; (c) RCP; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. Because of the nature of the relief requested, the Committee respectfully submits that no further notice of the Application is necessary or required under the circumstances.

### **No Prior Request**

29.     No previous application for the relief requested herein has been made to this or any other court.

### **Conclusion**

WHEREFORE, the Committee respectfully requests entry of an order substantially in the form attached hereto as **Exhibit B**, authorizing the Committee to employ and retain IslandDundon as financial advisor to the Committee, effective as of October 3, 2023, and granting such other and further relief as is just and proper.

Dated: October 27, 2023               Respectfully Submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERIFIRST FINANCIAL, INC., *ET AL.***

By: /s/ *Todd Cowen*
Todd Cowen
*Chair of the Official Committee of Unsecured Creditors of AmeriFirst Financial, Inc., et al.*