## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| AMERIFIRST FINANCIAL, INC., *et al.*,[1] | ) |
| | ) Case No. 23-11240 (TMH) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: D.I. 280, 326 351 and 368 |
| | ) Hearing Date: Nov. 6, 2023 at 12:00 p.m. |
| | ) Objection Deadline: Nov. 6, 2023 at 12:00 p.m. |

## UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO
## MOTIONS TO FILE UNDER SEAL

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), through his counsel, files this *Omnibus Objection to Motions to File Under Seal* (the "Seal Objection"), and in support thereof, the U.S. Trustee states:

### PRELIMINARY STATEMENT

1.      Motions to File Under Seal (the "Seal Motions") have been filed by several parties in these cases.  The purported bases of the requests are the inclusion of information, exhibits and/or deposition testimony in court filings that were designated by the proponent thereof as confidential during the discovery process.  The majority of the alleged confidential information consists of communications shared between parties allegedly interacting in arms-length transactions.  No efforts have been undertaken to support the confidential designations and to prove that the information constitutes a trade secret or confidential research, development, or commercial information that should be protected pursuant to section 107 (b) of the Bankruptcy Code.

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers include: Phoenix 1040 LLC (2550) and AmeriFirst Financial, Inc. (4557).  The Debtors' service address is 1550 McKelleps Road, Suite 117, Mesa, AZ 85203.

Accordingly, the Seal Motions should be denied and the filings in questions filed in full on the docket of these cases.

## JURISDICTION & STANDING

2.      Pursuant to 28 U.S.C. § 1334, applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve this Motion.

3.      Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4.      The U.S. Trustee has standing to be heard on this matter pursuant to 11 U.S.C. § 307.

## BACKGROUND

5.      The Debtors filed voluntary petitions for relief under Chapter 11 on August 24, 2023 (the "Petition Date").

6.      Debtor Amerifirst Financial, Inc. ("AFI") was a mid-sized independent mortgage company that owned certain loan master servicing rights ("MSRs"). (*Declaration of T. Scott Avila in Support of First Day Motions* ("Avila Decl.") ¶ 5, D.I. 20).  Debtor Phoenix 1040 LLC ("Phoenix") has no operations other than holding 100% of the common equity interest in AFI due to a change of control event that occurred on the Petition Date. *Id.* ¶¶ 5 and 12.

7.      In documents dated as of May 15, 2023, AFI entered into various agreements with its prepetition lender RCP Credit Opportunities Fund Loan SPV (Fund III), L.P. and RCP

Customized Credit Fund (Fund IVA), L.P. (each, a "Prepetition Lender" and collectively, the "Prepetition Lenders"), and RCP Credit Opportunities Fund Loan SPV (Fund III), L.P. as administrative agent (the "Prepetition Agent", and with the Prepetition Lenders, the "Prepetition Lender Parties"). *Id.* ¶ 7. In connection therewith, AFI shareholders Eric Bowlby and Kenneth Bowlby entered into a pledge agreement with the prepetition secured parties, also dated as of May 15, 2023, which granted liens and security interests in 100% of the common stock of AFI in favor of the Prepetition Agent (the "Pledge Agreement"). *Id.* ¶ 10.

8.      On August 24, 2023, the Prepetition Agent issued a Notice of Events of Default and declared the obligations owed by AFI were immediately due and payable. *Id.* ¶ 12. The Prepetition Agent also exercised its rights under the Pledge Agreement and transferred its rights under the Pledge Agreement and AFI's common stock to Phoenix. *Id.* As the sole shareholder of AFI, Phoenix executed various documents that, *inter alia*, removed and replaced the then current board of directors, and the new AFI Board then removed all officers and elected new ones. *Id.* The new AFI Board also authorized the CRO to take all necessary action in connection with AFI's bankruptcy filing. (*Unanimous Written Consent of the Board of Directors of Amerifirst Financial, Inc., Effective as of August 24, 2023*, attached to AFI's Chapter 11 Petition, D.I. 1).

9.      AFI's Petition lists Phoenix as owning 100% of its common shares, and RCP Credit Opportunities Fund Loan SPV (Fund III), L.P. ("RCP Fund III") (one of the Prepetition Lenders) as owning 100% of its preferred shares. Phoenix' Petition also identifies RCP Fund III as its equity owner.

10.      On August 29, 2023, Debtors filed a Motion (the "DIP Motion") seeking approval of Debtor in Possession financing from the Prepetition Lenders RCP Fund III and RCP

Customized Credit Fund (Fund IV-A), L.P. ("DIP Lenders"), consisting of a senior secured, superpriority term loan facility in the principal amount of up to $5,000,000 (the "DIP Loans") to be used for general liquidity purposes, including the payment of administrative expenses and estate professional fees. (D.I. 21).

11.     On August 31, 2023, this Court issued an interim order (the "Interim DIP Order") granting the DIP Motion to the extent set forth therein. (D.I. 61). The Debtors were authorized to borrow up to $2,775,000 from the DIP Lenders. A committee or other party in interest had 75 days after entry of the Interim DIP Order to challenge the Prepetition Obligations. *Id.* ¶ 5(f). Accordingly, the Challenge Period would run at the earliest on November 14, 2023.

12.     Further, if a chapter 7 or a chapter 11 trustee was appointed or elected prior to the end of the Challenge Period, the Challenge Period solely for any such trustee was extended to the date that is the later of (A) 75 calendar days after entry of the Interim DIP Order, or (B) the date that is 30 calendar days after their appointment, or any such later date as has been agreed to in writing by the Prepetition Lenders or has been ordered by the Court for cause upon a motion filed and served within any applicable period. *Id.*

13.     On September 15, 2023, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

14.     On September 19, 2023, the U.S. Trustee filed a Motion to Transfer Venue (the "Venue Motion"), asking that these cases be transferred to the United States Bankruptcy Court for the District of Arizona (the "Arizona Bankruptcy Court") in the interest of justice because Debtors had abused the bankruptcy system. (D.I. 142).

15.     Discovery was then taken in connection with both the DIP and Venue Motions. On October 5, 2023, the Court issued a Scheduling and Protective Order that required no non-

public or confidential information regarding the Debtor could be shared with the law firm of Kasowitz Benson Torres LLC ("Kasowitz") without leave of Court (the "October Order").  (D.I. 142).

16.     The October Order did not address the production or filing of confidential information.  The parties to the discovery process, which included, *inter alia,* the Debtors, the Committee, Prepetition and DIP Lenders, and Eric Bowlby, former owner and CEO of AFI, never entered into a Confidentiality Agreement or Stipulation.  Further, the Court was never asked to nor did it ever enter a protective order to govern the discovery process.

17.     Most, if not all, materials were designated as "Confidential" by the producing party.  Deposition testimony was also labeled confidential.  Many of the responses and replies filed with this Court in connection with the DIP and Venue Motions referenced produced information labeled confidential or deposition testimony designated as confidential.  (*See, e.g.,* D.I. 256, 268, 310 and 335).  The filings were sealed, and eventually related redacted versions and motions to seal were filed.  The redactions were based solely on the confidential designation given to a document at the time it was produced or to the deposition testimony at the time it was given.

18.     As of the filing of this Seal Objection, no declaration or other evidence has been provided to support the confidentiality claims.  While the October Order was in part designated a "protective order," the applicable provisions only required that certain information not in the first instance be provided to Kasowitz.  There were no provisions governing the filing of information under seal.

19.    The parties have not satisfied their burden of demonstrating that the redacted portions of filings made under seal may in fact be sealed pursuant to Section 107 of the Bankruptcy Code, Fed. R. Bankr. P. 9018, and Local Rule of Bankruptcy Procedure 9018- 1.

## ARGUMENT

20.    "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *accord Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780-81 (3d Cir. 1994) (recognizing "a right of access to judicial proceedings and judicial records," and that "this right of access is 'beyond dispute'") (citation omitted).  Courts "have recognized a strong presumption of public access to court records. . . .  This preference for public access is rooted in the public's first amendment right to know about the administration of justice.  It helps safeguard 'the integrity, quality, and respect in our judicial system.'"  *In re Orion Pictures Corp.,* 21 F.3d 24, 26 (2d Cir. 1994) (citations omitted); *see also In re Anthracite Capital, Inc.*, 492 B.R. 162, 171 (Bankr. S.D.N.Y. 2013) ("A court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" (citation omitted)).

21.    "There is a strong presumption in favor of public access to bankruptcy proceedings and records.  During a chapter 11 reorganization, a debtor's affairs are an open book and the debtor operates in a fishbowl."  *In re Alterra Healthcare Corp.*, 353 B.R. 66, 73 (Bankr. D. Del. 2006) (citations omitted); *see also In re Continental Airlines,* 150 B.R. 334, 341 (D. Del. 1993).

22.    Pursuant to section 107 (a) of the Bankruptcy Code, filings made in a bankruptcy case are "public records and open to examination by an entity at reasonable times without

charge." Section 107 of the Bankruptcy Code establishes "a broad right of public access to all papers filed in a bankruptcy case, subject to certain limited exceptions." *In re A C & S Inc.*, 775 Fed.Appx.78, 79 (3d Cir. 2019). "Under § 107(a), unless a paper filed in a bankruptcy court falls within one of the express exceptions in § 107(b) or (c), it must be open to public inspection. On the other hand, if a paper falls within one of the express exceptions in § 107(b), on the request of a party in interest, the bankruptcy court *shall* protect a person." *In re Food Management Group, LLC*, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007). Sealing is "an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *In re Anthracite Capital, Inc.*, 492 B.R. 162, 171 (Bankr. S.D.N.Y. 2013) (citation omitted).

23.     Section 107 (b) provides that the bankruptcy court may, though, on request of a party in interest protect a "trade secret or confidential research, development, or commercial information." Presumably the parties here contend that the information in question constitutes "commercial information" and must be redacted.

24.     "Commercial information is information whose disclosure "would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *See In re Alterra Healthcare Corp.*, 353 B.R. at 75 (*citing In re Orion Pictures Corp.*, 21 F.3d at 27-28). Disclosure of the information must "'reasonably be expected to cause the entity commercial injury.'" *In re Alterra Healthcare Corp.*, 353 B.R. at 75 (citing *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004)). The possibility that disclosure of information will give negative publicity to or embarrass a party in interest is not a basis on which to seal records under section 107(b). *See In re Alterra Healthcare Corp.*, 353 B.R. at 77.

25.     The confidentiality proponent has the burden of showing that a request to seal documents falls within the parameters of section 107(b).  *See In re Food Management Group, LLC*, 359 B.R. at 561; *accord In re FiberMark, Inc.*, 330 B.R. 480, 504 (Bankr. D. Vt. 2005); *In re Oldco M Corp.*, 466 B.R. 234, 237 (Bankr. S.D.N.Y. 2012).

26.     The designating parties also bear the burden of showing that the information falls within the parameters of an exception to Section 107(a) by demonstrating "that the interest in secrecy outweighs the presumption in favor of access."  *In re Continental Airlines*, 150 B.R. at 340 (quotation marks, citations omitted); *accord In re Food Management Group, LLC*, 359 B.R. at 561; *In re FiberMark, Inc.*, 330 B.R. at 504; *In re Oldco M Corp.*, 466 B.R. at 237.  "It is not an easy burden nor should it be."  *In re Gitto/Global Corp.,* 321 B.R. 367, 373 (Bankr. D. Mass. 2005), *aff'd* 2005 WL 1027348 (D. Mass. May 2, 2005), *aff'd* 422 F.3d 1 (1st Cir. 2005).

27.     No party here has met the burden imposed by Section 107.  The Seal Motions do not establish that the sealed information falls within the narrow categories set forth in Section 107(b): trade secrets; confidential commercial, research, or development information; or scandalous or defamatory matter.  The redacted information concerns matters of great public interest in these Bankruptcy Cases as it was before Court when it ruled on the Venue Motion and is before the Court in connection with the upcoming final DIP hearing.

28.     A document that is filed with the Court in a non-discovery matter or is otherwise incorporated or integrated into the Court's adjudicatory proceedings is a judicial record to which the common law's strong presumption of access attaches.  *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 672 (3d Cir. 2019); *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.,* 998 F.2d 157, 164 (3d Cir. 1993) ("[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether

preliminary or dispositive, and the material filed in connection therewith."). The standard for sealing judicial records is "[a]nalytically distinct" from and "more rigorous" than the Rule 26(c) standard for protecting discovery materials. *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d at 670-73.

> On one end of the spectrum, there is no public right of access to unfiled discovery materials. . . . But, once a document produced in discovery is filed with the court, there is a presumptive right of public access. . . . A common justification offered up as 'good cause' for sealing a court filing is that a document is (or contains information that is) designated as confidential under a stipulated protective order. That alone, however, is not enough. The 'good cause' that justifies an umbrella protective order at the discovery stage (and allows such designations) is not sufficient to meet the heightened standard to seal filings about dispositive motions or trial. . . . Parties therefore may not rely solely on their designations under a discovery protective order to support sealing motions; they must show that each document they seek to seal should be sealed under the appropriate standard.

*Bradford & Bigelow, Inc. v. Richardson*, 109 F.Supp.3d 445, 447-48 (D. Mass. 2015).

29.    Even if there was a protective order that covered the information at issue, it would not constitute sufficient grounds to support the Seal Motions. *See In re Columbia Gas System, Inc.*, 1995 WL 917032 at *2 (D. Del. Oct. 4, 1995) ("[A] protective order may be binding on the parties to it during the discovery phase of litigation, but not beyond, if a party chooses to utilize 'protected material' in any matter other than a discovery dispute."); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. This fact sharply tips the balance in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record."). An agreement among parties to keep information confidential is not determinative. *See In re Muma Services, Inc.,* 279 B.R. 478, 485 (Bankr. D. Del. 2002) (if parties could file documents under seal simply because of contractual confidentiality provisions, then the Court "would never

have control over motion practice" and Section 107 "would be meaningless."); *Bradford & Bigelow, Inc. v. Richardson*, 109 F.Supp.3d at 447 (some parties have "misconception that they, rather than the court, get to decide when documents are sealed.  That is not so.").

30.     Section 105 of the Bankruptcy Code is not an independent basis on which to grant the Seal Motions.  Section 105(a) "has a limited scope." *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000).  A Bankruptcy Court's equitable powers "must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988).  "The general grant of equitable power contained in § 105(a) cannot trump specific provisions of the Bankruptcy Code and must be exercised within the parameters of the Code itself." *In re Combustion Engineering, Inc.,* 391 F.3d 190, 236 (3d Cir. 2004).  The Bankruptcy Court "cannot waive or modify Bankruptcy Code requirements that are plain and unambiguous because it agrees with the policy underlying the debtor's arguments." *In re Columbia Gas Systems Inc.,* 33 F.3d 294, 302 (3d Cir. 1994).  "[W]hen a specific Code section addresses an issue, a court may not employ its equitable powers to achieve a result not contemplated by the Code." *Matter of Fesco Plastics Corp., Inc*., 996 F.2d 152, 154 (7th Cir. 1993).  Here, Section 105 cannot be used to expand the reach of Section 107 or reach a result that is inconsistent with it.  Fed. R. Bankr. P. 9018 cannot be used to reach a different result, either. *See In re Anthracite Capital, Inc*., 492 B.R. at 171 (Fed. R. Bankr. P. 9018 "does not expand a bankruptcy court's ability to limit access to papers filed beyond the powers conferred in § 107, nor does it provide a separate basis for relief.").

31.     The U.S. Trustee reserves any and all rights, remedies and objections, including to complement, supplement, augment, alter and/or modify this objection.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Seal Motions and grant such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE FOR**
**REGIONS 3 AND 9**

By: */s/ Linda Richenderfer*
Linda Richenderfer (DE # 4138)
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Tel.)
(302) 573-6497 (Fax)
Email: linda.richenderfer@usdoj.gov

Dated:  November 2, 2023

**CERTIFICATE OF SERVICE**

I, Linda Richenderfer, hereby certify that I served copies of the *United States Trustee's Omnibus Objection to Motions to File Under Seal* through the CM/ECF notification system and by email on November 2, 2023.


s/Linda Richenderfer
Linda Richenderfer