**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERIFIRST FINANCIAL, INC., *et al.*,[1] | ) | Case No. 23-11240 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Ref. Docket No. 374 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE FEDERAL HOME LOAN MORTGAGE CORPORATION TO DEBTORS' MOTION FOR ENTRY OF ORDER (I) AUTHORIZING (A) PRIVATE SALE AND (B) TRANSFER OF CERTAIN MORTGAGE SERVICING RIGHTS AND OBLIGATIONS TO THE MONEY SOURCE INC. FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) APPROVING THE TERMS OF THE LOAN SERVICING RIGHTS PURCHASE AND SALE AGREEMENT; AND (III) GRANTING RELATED RELIEF**

The Federal Home Loan Mortgage Corporation ("Freddie Mac"), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the "Objection")[2] to *Debtors' Motion for Entry of Order (I) Authorizing (A) Private Sale and (B) Transfer of Certain Mortgage Servicing Rights and Obligations to The Money Source Inc. Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Approving the Terms of the Loan Servicing Rights Purchase and Sale Agreement; and (III) Granting Related Relief* [Docket No. 374] (the "Sale Motion") in the event the parties are not able to agree on a form of proposed order granting the Sale Motion. In support of its Objection, Freddie Mac respectfully states as follows:

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (255) and AmeriFirst Financial, Inc. (4557). The Debtors' service address is 575 W. Chandler Boulevard, Suite 225, Unit 236, Chandler, AZ 85225.

[2] By email, counsel for the Debtors extended Freddie Mac's deadline to respond to the Sale Motion to noon on November 17, 2023.

1

**INTRODUCTION**

1. The Debtors and Freddie Mac are in negotiations regarding revisions to the proposed order granting the Sale Motion (the "Amended Proposed Sale Order"). Central to Freddie Mac's proposed revisions to the Amended Proposed Sale Order is that Freddie Mac's consent to the Debtors' transfer of the servicing contract rights ("SCRs") and assignment of the Freddie Mac Agreements[3] to The Money Source Inc. (the "Buyer") is required by the Freddie Mac Single-Family Seller/Servicer Guide (the "Freddie Mac Guide"). This consent is recognized in, and also required by, the Loan Servicing Rights Purchase and Sale Agreement (the "PSA") attached to the Sale Motion. *See* PSA § 4.06. This consent language, however, is absent from the proposed form of order attached to the Sale Motion.

2. Freddie Mac has not yet consented to the transfer of Freddie Mac's SCRs or the assignment of any of the Freddie Mac Agreements to the Buyer (or any party). To the extent that the parties are not able to reach an agreement on the terms of the Amended Proposed Sale Order and/or if the Debtors seek a non-consensual transfer, Freddie Mac reserves all rights to object to any such transfer.

**FACTUAL BACKGROUND**

3. On August 24, 2023 (the "Petition Date"), AmeriFirst Financial Inc. ("AFI") commenced the above-captioned voluntary case for relief under chapter 11 of the Bankruptcy Code.

---

[3] The "Freddie Mac Agreements" shall collectively include the Freddie Mac Guide, the Freddie Mac Guide Plus Additional Provisions, certain applicable Master Agreements (as defined in the Freddie Mac Guide), Purchase Contracts (as defined in the Freddie Mac Guide), Pricing Identifier Terms (as defined in the Freddie Mac Guide) supplements, addendums, Bulletins (as defined in the Freddie Mac Guide), terms of business and any other agreements between the Debtors and Freddie Mac, as amended, restated or supplemented from time to time.

A.     **The Freddie Mac Agreements**

4.    As of the Petition Date, AFI serviced, through a sub-servicer, approximately 21 loans owned by Freddie Mac (collectively, "Freddie Mac Loans"). AFI is obligated to service the Freddie Mac Loans in accordance with, and subject to, the Freddie Mac Guide. AFI's servicing contract rights ("SCRs")—by which AFI services the Freddie Mac Loans—derive from the "Servicing Contract," which is defined in the Freddie Mac Guide as the "unitary, indivisible master servicing contract comprising all the rights, duties, obligations, representations, warranties, covenants and agreements between [AFI, as servicer] and Freddie Mac, as set forth in the Purchase Documents."[4] Accordingly, the SCRs that AFI is attempting to transfer are part and parcel to the Servicing Contract.

5.    A critical condition to Freddie Mac's decision to enter into servicing relationships with approved servicers like AFI is Freddie Mac's retained right to consent to any transfers of the SCRs, as provided in the Freddie Mac Guide. *See* Freddie Mac Guide §§ 7101.1 and 7101.2. Freddie Mac's prior written approval is also required for any purported Transfer of Servicing[5] and the Freddie Mac Guide explicitly prohibits unauthorized Conveyances.[6] *See, e.g.*, Freddie Mac Guide §§ 1101.2, 7101.1, 7101.2 and Ex. 33.

6.    Additionally, the Freddie Mac Agreements provide to Freddie Mac, among other rights: (i) the right to disqualify or suspend AFI or any other Seller/Servicer, as an approved

---

[4] *See* https://guide.freddiemac.com/app/guide/glossary.

[5] *See id*.

[6] An unauthorized Conveyance is defined in Exhibit 33 to the Freddie Mac Guide as "in whole or in part, any assignment, sale, hypothecation, pledge, or transfer of, or grant of a security interest in, or through any other method that is intended to convey any or all of the obligations, rights, or interests of a Seller/Servicer under (or derived from) any Purchase Contract, Servicing Contract, or any rights or obligations under the Guide or any of the Seller/Servicer's Purchase Documents, or proceeds derived therefrom, to another Person." *See* https://guide.freddiemac.com/app/guide/exhibit/33. An unauthorized Conveyance constitutes grounds for, among other remedies, suspension or disqualification of a Seller/Servicer. *See, e.g.*, Freddie Mac Guide § 1101.2.

3

Freddie Mac Seller/Servicer (as defined in the Freddie Mac Guide), with or without cause (see Freddie Mac Guide §§ 2301.1 - 2301.2); and (ii) the right to terminate all or any portion of the Servicing Contract and related SCRs, in whole or in part, at any time with cause or without cause (see Freddie Mac Guide §§ 3601.1 and 3603.1).

7. Moreover, under the Freddie Mac Agreements, a Seller/Servicer agrees that "any failure to service any Mortgage in accordance with the terms of the Servicing Contract, or any breach of any of the Seller/Servicer's obligations under any aspect of the Servicing Contract, shall be deemed to constitute a breach of the entire contract and shall entitle Freddie Mac to terminate all or a portion of the Servicing Contract and any related Servicing Contract Rights." *See* Freddie Mac Guide § 1101.2.

8. Finally, in the ordinary course of AFI's business prior to the Petition Date, AFI made certain representations and warranties ("R&W") to Freddie Mac under the Freddie Mac Agreements in connection with AFI's origination, sale, and/or servicing of mortgage loans to, or on behalf of, Freddie Mac. The Freddie Mac Agreements entitle Freddie Mac to certain remedies in the event AFI breaches any of these representations and warranties, including Freddie Mac's right to demand repurchase of the affected mortgage loans. *See, e.g.*, Freddie Mac Guide § 3601.1 and Ch. 3602.

**B.    The Sale Motion**

9. The Debtors filed their Sale Motion on October 31, 2023, which is set for hearing on November 21, 2023. In the Sale Motion, the Debtors request authority to, among other relief, transfer to Buyer the SCRs related to the Freddie Mac Loans. The sale provides for an estimated gross purchase price of $8.0 million.

10. The PSA conditions the sale of the SCRs to the Buyer on Freddie Mac's (and

other's) consent.  For example, section 4.06 (Investor Approval and Costs) of the PSA provides:

> (a) No later than the Transfer Date, Seller shall have delivered to Buyer, **proof of consent to transfer the servicing of the Mortgage Loans from each applicable Investor, including GNMA, FNMA, and FHLMC** ("Servicing Agreement Consent"). When the Servicing Agreement Consent is received, it will not contain unusual conditions. "Unusual conditions" would include, by way of example, but are not limited to: (i) the imposition of conditions not customarily imposed by the Investor, (ii) the requirement for the payment of money by Buyer to the Investor, or (iii) the requirement that Buyer suspend or otherwise alter its normal origination or servicing activity. **In the event Servicing Agreement Consent is not received, or is received but with unusual conditions, Seller will promptly return all moneys paid, and this Agreement will be terminated.**

PSA § 4.06(a) (emphasis added).  As noted above, however, the proposed order attached to the Sale Motion fails to mention that the sale is conditioned on Freddie Mac's consent.

11. The PSA also provides that the Buyer is assuming, paying, and performing, on and after the Transfer Date (as defined in the PSA), each and every obligation to service the Freddie Mac Loans in accordance with the Freddie Mac Agreements, including the Freddie Mac Guide, and applicable law.  PSA § 2.01.  The proposed order attached to the Sale Motion, however, fails to identify any Freddie Mac Agreements that are being assumed.

## RESERVATION OF RIGHTS AND LIMITED OBJECTION

12. If the Amended Proposed Sale Order includes language regarding the Freddie Mac Agreements that is acceptable to Freddie Mac, then Freddie Mac does not oppose the Sale Motion; *provided, however*, Freddie Mac has not consented to the transfer of the SCRs and/or the assignment of the Freddie Mac Agreements to Buyer (or any other party).

13. While the parties continue to negotiate language in the Amended Proposed Sale Order, Freddie Mac submits this limited objection and reserves the right to assert, among other things, the following objections, which will be supplemented in advance of the hearing on the Sale Motion to the extent necessary:

- AFI may not transfer the SCRs related to the Freddie Mac Loans or assign the Freddie Mac Agreements to the Buyer absent Freddie Mac's consent;

- AFI may not transfer the SCRs to the Buyer unless it also assumes and assigns the related Service Contract (as defined in the Freddie Mac Guide) pursuant to section 365 of the Bankruptcy Code;

- Buyer must assume the Freddie Mac Agreements in their entirety, including with respect to all burdens and obligations imposed by the agreements, including but not limited to any and all R&W liabilities and obligations; and

- Section 365 of the Bankruptcy Code requires that AFI provide Freddie Mac with adequate assurance of future performance by the Buyer under the Freddie Mac Agreements and cure all defaults related thereto.

14. Freddie Mac further reserves all of its rights with respect to the Freddie Mac Loans, the SCRs, and the Freddie Mac Agreements. Freddie Mac also reserves the right to supplement and amend this Objection, including to allege any cure amounts or defaults under the applicable agreements or to raise additional objections to the assumption and assignment of any contract to which Freddie Mac is a counterparty or beneficiary. Finally, Freddie Mac reserves all objections and rights related to the Sale Motion.

WHEREFORE, the Federal Home Loan Mortgage Corporation objects to the Sale Motion on the bases set forth herein and reserves all of its rights related to the Sale Motion.

Dated: November 17, 2023

Respectfully submitted,

REED SMITH LLP

*/s/ Mark W. Eckard*
Mark W. Eckard (No. 4542)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Email: meckard@reedsmith.com

*Counsel for Federal Home Loan Mortgage Corporation*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on November 17, 2023, a true and correct copy of the foregoing was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

      */s/ Mark W. Eckard*
      Mark W. Eckard