**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERIFIRST FINANCIAL, INC., *et. al.,*[1] | Case No. 23-11240 (TMH) |
| Debtors. | (Jointly Administered) |

**MOTION OF RELATOR, LLC FOR EXTENSION OF THE DEADLINE TO FILE**
**COMPLAINTS UNDER SECTION 523(c) OF THE BANKRUPTCY CODE,**
**TO THE EXTENT APPLICABLE**

The United States Government ex. rel. Relator, LLC ("Relator"), by and through its undersigned counsel, hereby moves (the "Motion") pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order extending the deadline for filing complaints under section 523(c) of the Bankruptcy Code (the "523(c) Deadline"), to the extent applicable. In support of this Motion, Relator respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over the Motion under 28 U.S.C. §§ 1334(b) and 157(b), and the standing order of reference of the District Court. The Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Del. Bankr. L.R. 9013-1(f), Relator does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Phoenix 1040 LLC (2550) and AmeriFirst Financial, Inc. (4557). The Debtors' service address is 1550 McKellips Road, Suite 117, Mesa, AZ 85203.

the United States Constitution.  Venue of the Motion in this district is proper under 28 U.S.C. § 1409.

2.     The statutory and procedural predicates for the relief sought in the Motion are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 4007(c), and Local Rule 9006-2.

### BACKGROUND RELEVANT TO THE RELIEF REQUESTED

3.     On March 21, 2023, Relator filed under seal an action alleging that defendants AmeriFirst Financial, Inc. ("AFI"), its chief executive officer Eric Bowlby, and board member Kenneth Bowlby caused AFI to violate the False Claims Act ("FCA") in connection with $6.2 million in forgiven Paycheck Protection Program loans (the "Relator Action").  The action was brought as a *qui tam* action by Relator on behalf of the United States, and was unsealed on December 20, 2023. On December 29, 2023, Relator filed a Proof of Claim ("POC") for $22 million for the Relator Action.

4.     On October 19, 2023, the Debtors filed Combined Disclosure Statement and Plan of Liquidation of Amerifirst Financial Inc. and Its Affiliated Debtor Under Chapter 11 of the Bankruptcy Code (the "Liquidation Plan").  D.I. 300.  The Liquidation Plan contemplates that the Debtors will liquidate their assets, "complete the wind-down of their business, address pending claims, including litigation claims, and make distributions to Creditors as efficiently as possible through the liquidating Plan." *Id.* at 12.  On December 21, 2023, the Debtors filed a motion to extend the time pursuant to which the Debtors have the exclusive right to file a chapter 11 plan and to solicit acceptances of a plan by 75 days each to March 6 and May 6, respectively. ECF No. 573.  That motion is set to be heard on January 30, 2024.

5.     On November 16, 2024, a continued meeting of creditors pursuant to 11 U.S.C. §§ 341 and 343 was held telephonically.  D.I. 412.

**RELIEF REQUESTED**

6.      By this Motion, Relator seeks entry of an order, substantially in the form of the proposed order attached as <u>Exhibit A</u> hereto (the "Proposed Order"), extending the 523(c) Deadline for Relator, to the extent applicable, through to February 27, 2024.

**BASIS FOR RELIEF REQUESTED**

7.      Bankruptcy Rule 4007(c), which provides the procedural basis for establishment of the 523(c) Deadline, provides that the deadline may be extended "for cause" on motion by a party in interest.  Section 105(a) of the Bankruptcy Code provides that the Court may enter any order that is "necessary or appropriate to carry out the provisions of" the Bankruptcy Code."  As set forth below, such cause exists to the extend the deadline here to avoid wasting the Debtor's and this Court's resources.

8.      Initially, Relator believes that the fact that the Relator Action is non-dischargeable is a necessary consequence of the Liquidating Plan being a plan of liquidation; and, moreover, is self-executing.  Section 1141(d)(3) of the Bankruptcy Code provides that "confirmation of a plan does not discharge a debtor if": A) "the plan provides for the liquidation of all or substantially all of the property of the estate;" B) "the debtor does not engage in business after consummation of the plan;" and C) "the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title."  The Debtors' proposed Liquidation Plan meets all three criteria.

9.      Moreover, should Debtors seek reorganization, the Relator Action is also non-dischargeable.  Section 1141(d)(6)(A) provides that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt . . . of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit, or owed to a person as

the result of an action filed under subchapter III of chapter 37 of title 31[2] or any similar State

statute." Sections 523(a)(2), (4), and (6) provide exceptions to discharge for certain debts arising

from fraud, misrepresentation, or willful misconduct.  FCA claims fall within the exceptions

enumerated in Section 523(a)(2), (4), and (6).  *United States ex rel. Ceas v. Chrysler Grp. LLC*,

78 F. Supp. 3d 869, 877 (N.D. Ill. 2015) (holding that "FCA claims are not dischargeable in

bankruptcy"); *In re Hawker Beechcraft, Inc.*, 515 B.R. 416, 433 (S.D.N.Y. 2014) (same for FCA

claims brought by a relator in a *qui tam* action).  This determination is self-executing, and "a

creditor or debtor may seek a determination of dischargeability at any time pursuant to Fed. R.

Bankr.P. 4007(b)."  *In re Hawker*, 515 B.R. at 422; *see also id.* at 424-32 (reviewing statutory

text, case law, and policy considerations to conclude the same).

10.      Without waiving its claim that the non-dischargeability of its claims in the

Relator Action is self-executing and a complaint for non-dischargeability is not required,

Relators bring this Motion to avoid wasting the resources of the Debtors and this Court on future

disputes concerning whether an adversary proceeding to determine whether the Relator Action

is dischargeable is timely brought.  *See, e.g., id.* at 425-26 (noting that the bankruptcy court had

erroneously determined that the non-dischargeability of FCA claims was not self-executing).

Pursuant to 11 U.S.C. § 523(c), Creditors are permitted to file a complaint within 60 days "after

the first date set for the meeting of creditors under § 341(a)."  Fed. R. Bankr. P. 4007(c).  The

deadline is currently January 15, 2024.  Wasting the Debtors' and Court's resources on

determining that the Relator Action is non-dischargeable makes little sense when the Debtors

are likely to end up in a liquidation in which none of the Debtors' debts are dischargeable.

---

[2] The federal False Claims Act, 31 U.S.C. §§ 3729-3733, allows private citizens in certain
circumstances to bring *"qui tam"* suits against wrongdoers on behalf of the federal government.
The Relator Action is such an action.

Similarly, wasting time and resources on determining whether an adversary proceeding to determine dischargeability was timely filed serves no valid purpose.  The requested extension also would allow the relevant parties to discuss this matter and its procedural posture and for more information concerning the form of the type of Chapter 11 plan that ultimately will be pursued.  Accordingly, good cause exists to grant the Motion and extend the 523(c) Deadline.

## NOTICE

11.     Notice of this Motion will be provided to (i) counsel to the Office of the United States Trustee, (ii) counsel to the Debtors, (iii) counsel to the Official Committee of Unsecured Creditors, and (iv) any party who has requested notice and service of papers in accordance with Local Rule 2002-1.  Relator submits that, in light of the relief requested in this Motion, no other or further notice is necessary.

## CONCLUSION

WHEREFORE, Relator respectfully requests that the Court enter the Proposed Order attached as Exhibit A hereto and award Relator any such other and further relief as is just and proper.

Dated:  January 12, 2024
Wilmington, Delaware                              Respectfully submitted,

                                          By: /s/ Christopher D. Loizides
                                              Christopher D. Loizides, Esq. (No. 3968)
                                              LOIZIDES, P.A.
                                              Legal Arts Building
                                              1225 King Street, Suite 800
                                              Wilmington, Delaware 19801
                                              Telephone:     (302) 654-0248
                                              Facsimile:     (302) 654-0728
                                              Email:         loizides@loizides.com

                                              *Attorney for Relator, LLC*

OF COUNSEL:

Theo Bruening, Esq. (*pro hac vice forthcoming)*
Michael K. Eggenberger, Esq. (*pro hac vice forthcoming*)
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
E: tbruening@hechtpartners.com
E: mike@hechtpartners.com
P: (646) 777-2489

*Attorneys for Relator, LLC*