IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERIFIRST FINANCIAL, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11240 (TMH)<br><br>(Jointly Administered) |

**DECLARATION OF T. SCOTT AVILA IN SUPPORT OF DEBTORS' OBJECTION TO ARIZONA INSTANT FUNDING LLC'S MOTION FOR STAY RELIEF & TURNOVER**

I, T. Scott Avila, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am founding partner of Paladin Management Group, LLC, and I am the Chief Restructuring Officer of the above-captioned debtors and debtors in possession (the "Debtors"). In such capacity, I am familiar with the Debtors' business, financial affairs, and day-to-day operations.

2. I submit this declaration (the "Declaration") in support of the *Debtors' Objection to Arizona Instant Funding LLC's Motion for Stay Relief & Turnover* (the "Objection"),[2] filed contemporaneously herewith.

3. I am authorized to submit this Declaration in support of the Objection. If called upon to testify, I can and would testify competently as to the facts set forth herein.

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The location of Debtor AmeriFirst Financial, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1550 McKelleps Road, Suite 117, Mesa, Arizona 85203.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

4. The Debtors do not possess or beneficially own the Loans and loan documents being sought by Arizona Instant Funding, LLC ("AIF") in *Arizona Instant Funding LLC's Motion for Stay Relief & Turnover* [Docket No. 590] (the "Motion").

5. AIF alleges that, prior to the Petition Date, AIF and AmeriFirst entered into the Repurchase Documents. However, the principal agreement attached to the Motion is unsigned by AmeriFirst and, in practice, no Loans were ever sold by AmeriFirst to AIF under the Repurchase Documents. AIF has offered no evidence of any sale or other conveyance of any Loans by AmeriFirst to AIF. Indeed, there was no operative agreement between the parties.

6. AIF advanced funds to borrowers of a third party on account of additional draws under existing construction loans serviced (but not owned) by AmeriFirst at the time. AIF is currently owed $1,398,529.69 on account of such advances. AIF failed to protect its own interests in making the foregoing advances by ensuring that it purchased the Loans at issue or at least took a security interest in them. Therefore, none of the Loans were covered by the Repurchase Documents or ever sold to AIF.[3]

7. AIF relies on a ShareFile link (*see* Motion ¶ 22) to suggest that there was some form of electronic transfer of the Loans to AIF. This is inaccurate. The link was merely a Google spreadsheet that kept track of the Loans and could be accessed by AIF. The ShareFile link and the spreadsheet did not contain Loan files, and AIF's access to the ShareFile link did not convey ownership of any Loans to AIF (which, in any event, were not AmeriFirst's Loans to convey).

---

[3] A few loans were funded by AIF that were originated and owned by AmeriFirst as of the Petition Date that were sold postpetition. AIF has been reimbursed for such loans.

8. AmeriFirst received reimbursements from the third party lender totaling $1,143,725.89 for the advances made by AIF. No such funds are subject to the liens and claims of AIF and AIF has offered no documentation to the contrary.

9. AIF also does not have any other viable claim to the funds in the AmeriFirst estate. At most, AIF is a general unsecured creditor with respect to the funds advanced.

10. Accordingly, and for the reasons set forth in the Objection, AIF's Motion should be denied.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 23, 2024                     */s/ T. Scott Avila*
                                            T. Scott Avila