IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERIFIRST FINANCIAL, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11240 (TMH)<br><br>(Jointly Administered)<br><br>Hearing Date:  February 29, 2024 at 10:00 a.m. (ET) |

**DEBTOR AMERIFIRST FINANCIAL, INC.'S OBJECTION TO
CLAIM NO. 179 FILED BY ARIZONA INSTANT FUNDING, LLC**

> **THIS OBJECTION SEEKS TO RECLASSIFY AND REDUCE A CLAIM. THE CLAIMANT RECEIVING THIS OBJECTION SHOULD REVIEW THIS OBJECTION, AND IF DESIRED, FILE A RESPONSE BY THE RESPONSE DEADLINE CONSISTENT WITH THE INSTRUCTIONS SET FORTH IN THIS OBJECTION. THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE DEBTOR'S RIGHT TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS TO CLAIMS.**

By this Objection (the "Objection"), AmeriFirst Financial, Inc. ("AmeriFirst"), one of the debtors and debtors in possession in these chapter 11 cases, seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), reclassifying and reducing claim number 179 (the "Claim") filed by Arizona Instant Funding LLC ("AIF").  In support of this Objection, AmeriFirst relies on the record of these chapter 11 cases and the *Declaration of T. Scott Avila in Support of Debtor AmeriFirst Financial, Inc.'s Objection to Claim No. 179 Filed By Arizona Instant Funding, LLC*, attached hereto as **Exhibit B** (the "Avila Declaration") and

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The location of Debtor AmeriFirst Financial, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 1550 McKelleps Road, Suite 117, Mesa, Arizona 85203.

respectfully state as follows:

## PRELIMINARY STATEMENT

1. AIF filed the Claim against AmeriFirst as a secured claim in the amount of $1,530,573.16. The asserted basis of the Claim is "Money Loaned," and the asserted basis for secured status is "Purchased Repo Assets and income thereon and proceeds" in connection with a "Master Repurchase Agreement."

2. AmeriFirst objects to the Claim because, for the reasons set forth below, there is no basis for AIF to assert secured status and the asserted amount of the Claim is incorrect. AmeriFirst requests that the Claim be reclassified to a general unsecured claim and reduced to $1,398,529.69.

## JURISDICTION AND VENUE

3. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and AmeriFirst consents, pursuant to Rule 9013-1(f) Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested are sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

**A. General Background**

6. On August 24, 2023 (the "Petition Date"), AmeriFirst filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. AmeriFirst is managing and operating its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

7. On September 15, 2023, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors.

8. Additional factual background regarding the events leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of T. Scott Avila in Support of First Day Motions* [Docket No. 20] (the "First Day Declaration"), which is incorporated herein by reference.

**B. The Claim**

9. On December 29, 2023, AIF filed the Claim against AmeriFirst as a secured claim in the amount of $1,530,573.16. A copy of the Claim is attached hereto as **Exhibit C**. The asserted basis of the Claim is "Money Loaned." The Claim asserts secured status with respect to "Purchased Repo Assets and income thereon and proceeds," with the asserted basis for perfection being an "Agreement" between AmeriFirst and AIF. The Claim is accompanied by copies of a "Master Repurchase Agreement" and related documents.

## RELIEF REQUESTED

10. By this Objection, AmeriFirst objects to the Claim and request that the Court: (a) reclassify the Claim to a general unsecured claim in its entirety; and (b) reduce the amount of the Claim to $1,398,529.69.

**OBJECTION**

11. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, "the court, after notice and a hearing, shall determine the amount of such claim." 11 U.S.C. § 502(b).

12. Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). When an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992). The burden of persuasion with respect to the claim is always on the claimant. *Id.* at 174.

13. AmeriFirst objects to the Claim because it is not entitled to secured status and should be reclassified to a general unsecured claim. AmeriFirst further objects to the amount of the Claim, which should be reduced to $1,398,529.69.

**A.    The Claim is Not Entitled to Secured Status**

14. AIF asserts that the Claim is secured. AIF has also filed *Arizona Instant Funding LLC's Motion for Stay Relief & Turnover* [Docket No. 590] (the "Stay Relief/Turnover Motion"), in which AIF argues that the loans at issue (the "Loans") are not property of AmeriFirst's estate and that "the equitable interest and rights to such Loans belong to AIF." Stay Relief/Turnover Motion ¶ 29. AIF alleges that, prior to the Petition Date, AIF and AmeriFirst entered into "Purchased Repo Assets, Mortgage Loan Documents, Repurchase Facility Documents, and any other documents required by the Agreement" (the "Repurchase Documents") with respect to the Loans. Stay Relief/Turnover Motion ¶ 30.

15. However, the principal agreement attached to the Claim is unsigned by AmeriFirst and, in practice, no Loans were ever sold by AmeriFirst to AIF under the Repurchase Documents. AIF has offered no evidence of any sale or other conveyance of any Loans by AmeriFirst to AIF. Indeed, there was no operative agreement between the parties.

16. AIF advanced funds to borrowers of a third party on account of additional draws under existing construction loans serviced (but not owned) by AmeriFirst at the time. As described more fully below, AIF is currently owed $1,398,529.69 on account of such advances, and AmeriFirst requests that the Claim be reduced to that amount. AIF failed to protect its own interests in making the foregoing advances by ensuring that it purchased the Loans at issue or at least took a security interest in them. AIF did not file a UCC financing statement against any assets of AmeriFirst. Therefore, none of the Loans were covered by the Repurchase Documents or ever sold to AIF.[2]

17. As set forth in the Stay Relief/Turnover Motion, AIF relies on a ShareFile link to suggest that there was some form of electronic transfer of the Loans to AIF. This is inaccurate. The link was merely a Google spreadsheet that kept track of the Loans and could be accessed by AIF. The ShareFile link and the spreadsheet did not contain Loan files, and AIF's access to the ShareFile link did not convey ownership of any Loans to AIF (which, in any event, were not AmeriFirst's Loans to convey).

18. AmeriFirst received reimbursements from the third party lender totaling $1,143,725.89 for the advances made by AIF. No such funds are subject to the liens and claims of AIF and AIF has offered no documentation to the contrary.

---

[2] A few loans were funded by AIF that were originated and owned by AmeriFirst as of the Petition Date that were sold postpetition. AIF has been reimbursed for such loans.

19. For these reasons, there is no basis for AIF to assert secured status for any amounts owed to it. Accordingly, AmeriFirst requests that the Court reclassify the Claim to a general unsecured claim in its entirety.

B. **The Amount of the Claim Should Be Reduced**

20. AmeriFirst has produced an accounting concerning loans with respect to which AIF advanced funds, which accounting includes a comparison of AIF's figures with the figures compiled from AmeriFirst's books and records. A copy of the accounting is attached hereto as **Exhibit D**. As set forth in the accounting, AmeriFirst has determined that the outstanding prepetition amounts with respect to the loans in question total $1,398,529.69. Therefore, AmeriFirst requests that the Court reduce the amount of the Claim to $1,398,529.69.

## RESPONSES TO THE OBJECTION

21. Filing and Service of Responses. To contest the Objection, AIF must file and serve a written response to the Objection (a "**Response**") so that it is actually received by the Clerk of the Court and the parties in the following paragraph **no later than 4:00 p.m. (prevailing Eastern Time) on February 22, 2024** (the "**Response Deadline**"). Any Response must address each ground upon which AIF opposes the Objection.

22. Each Response must be filed and served upon the following entities at the following addresses: (a) the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801; (b) counsel to AmeriFirst: Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Attn: Laura Davis Jones (ljones@pszjlaw.com), David M. Bertenthal (dbertenthal@pszjlaw.com), and Timothy P. Cairns (tcairns@pszjlaw.com)); (c) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Linda Richenderfer (linda.richenderfer@usdoj.gov)); and (d) counsel to the Committee: Morris, Nichols, Arsht &

Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347 (Attn: Donna L. Culver (dculver@morrisnichols.com), Robert J. Dehney (rdehney@morrisnichols.com), Eric D. Schwartz (eschwartz@morrisnichols.com), Daniel B. Butz (dbutz@morrisnichols.com), and Evanthea Hammer (ehammer@morrisnichols.com)).

23. <u>Timely Response Required; Hearing</u>.  If AIF fails to file and serve a timely Response in compliance with the foregoing procedures, AmeriFirst will present to the Court an appropriate order without further notice to AIF.  If a Response is properly and timely filed and served in accordance with the above procedures, the Court will conduct a hearing (the "<u>Hearing</u>") with respect to the Objection, and any Response, on **February 29, 2024 at 10:00 a.m. (ET)** before the Honorable Thomas M. Horan, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801.

24. AmeriFirst may file and serve a reply to any Response in accordance with the Local Rules.  AmeriFirst reserves the right to seek an adjournment of the Hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the Hearing.

**NOTICE**

25. Notice of this Objection will be provided to:  (a) counsel to AIF; (b) the U.S. Trustee; (c) counsel to the Committee; and (d) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  AmeriFirst submits that, under the circumstances, no other or further notice is required.

**NO PRIOR REQUEST**

26. No prior request for the relief sought herein has been made to this Court or any other court.

## **CONCLUSION**

27.     WHEREFORE, for the reasons set forth herein, AmeriFirst respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested and granting such other and further relief as is just and proper.

Dated:  January 23, 2024                                        PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:   302-652-4400
Email:  ljones@pszjlaw.com
            dbertenthal@pszjlaw.com
            tcairns@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*