**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERIFIRST FINANCIAL, INC.,[1] *et al*., | ) | Case No. 23-11240 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re:  D.I. 918 & 919** |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO
DEBTORS' MOTION TO (I) COMPEL MEDIATION AND (II) CONTINUE INTERIM
FEE APPLICATION HEARING SCHEDULED FOR JANUARY 10, 2025, AND REPLY
TO DEBTORS' MOTION TO SHORTEN NOTICE OF DEBTORS' MOTION TO (I)
COMPEL MEDIATION AND (II) CONTINUE INTERIM FEE APPLICATION
HEARING SCHEDULED FOR JANUARY 10, 2025**

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases, by and through its undersigned counsel, hereby files this objection (the "Objection") to *Debtors' Motion to (I) Compel Mediation and (II) Continue Interim Fee Application Hearing Scheduled for January 10, 2025* (the "Motion")[2] (D.I. 918), and in response to *Debtors' Motion to Shorten Notice of Debtors' Motion to (I) Compel Mediation and (II) Continue Interim Fee Application Hearing Scheduled for January 10, 2025* (D.I. 919).  In further support of the Objection, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1.     By their Motion, the Debtors seek to postpone – indefinitely – the Court's consideration of the Committee professionals' fee applications in these cases, improperly

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers include: Phoenix 1040 LLC (2550) and AmeriFirst Financial, Inc. (4557).  The Debtors' service address is 575 W. Chandler Blvd, Suite 225, Unit 236, Chandler, AZ 85225.

[2]     Capitalized terms used but not otherwise defined shall have the meaning ascribed to such terms in the Motion.

attempting to tie that consideration to a global resolution of the parties' disputes through court-ordered mediation.  But the entitlement of the Committee professionals to consideration and payment of fees for their work in these cases on an interim basis, in accordance with an order and professional fee reserve established for exactly that purpose, exists separate and apart from the evaluation and potential resolution of the claims subject to the Committee's standing motion, and the Debtors' attempt to link them is entirely improper.

2.      To be clear, the Committee does not oppose mediation of the claims which this Court has found the Debtors wrongfully failed to bring against RCP and granted the Committee standing to pursue.  But it is inappropriate, and the Court should not countenance the Debtors' request to defer consideration of the Committee professionals' fees in order to force a resolution of those claims in contravention of the procedures established by the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (D.I. 164) (the "Interim Compensation Procedures Order") which governs the consideration and approval of professional fee requests in these cases.  Accordingly, the Debtors' Motion should be denied, and the hearing on the Committee professionals' fee applications permitted to proceed as scheduled on January 10, 2025.

## OBJECTION

3.      The Debtors filed these chapter 11 cases on August 24, 2023, at the direction and for the sole benefit of their senior secured lender Reverence Capital Partners and its affiliates (collectively, "RCP").  Although the cases have been pending for almost eighteen months, there has been no interim fee application hearing, and the Committee's professionals have not been paid for any of their work which, the Court will no doubt recall, included expedited and

protracted litigation with the Debtors and RCP to secure the most basic rights afforded to unsecured creditors in chapter 11 cases.

4.      Although originally scheduled for January 30, 2024, with the Committee's consent, the interim hearing on the Committee professionals' fee applications was repeatedly rescheduled while the parties awaited a ruling on the Committee's standing motion which, like the Debtors, the Committee had hoped would enable the parties to resolve their issues.  However, following multiple failed settlement efforts in the months following the Court's August 14, 2024, ruling on the standing motion, on December 5, 2024, the Committee notified the Debtors that it would proceed with the interim fee hearing – then scheduled for December 11, 2024 – in order to have that heard by the end of the calendar year as is customary.

5.      Following a loss in the family by one of the Debtors' professionals, at the Debtors' request, the Committee agreed to a further adjournment of that hearing which was rescheduled to January 10, 2025, at 2:00 pm (ET).  Despite knowledge of the rescheduled hearing date for nearly three weeks, on January 6, 2024, the Debtors requested that the Committee agree to an indefinite adjournment of that hearing and to mediate that dispute as part of an attempt at a global resolution of these cases.  The Committee responded, offering to discuss mediation of the claims subject to the standing motion and proposed adversary proceeding complaint, but otherwise declining the attempt to link consideration of the Committee professionals' fees to a resolution of those claims.  The Debtors' Motion quickly followed.

6.      Contrary to the Debtors' suggestion, the Committee professionals' entitlement to compensation for carrying out normal and customary duties on behalf of the Debtors' unsecured creditors in these cases is independent of the evaluation of the likely settlement value of the claims subject to the standing motion, and the Committee Professionals should be

compensated for their efforts in accordance with the order and professional fee reserve established for the purpose of compensating estate professionals. Having themselves paid almost $3 million to the Debtors' professionals from that reserve, it is particularly unfair for the Debtors to attempt to condition the Court's consideration of the Committee's fees on a global resolution of the parties' disputes. This is particularly true given that more than $5 million remains in that reserve specifically earmarked for the payment of professional fees. *See* Motion at ¶ 4.

7.       Given the length of time the cases have been pending, and the complete lack of progress towards resolving these cases in the year since the final DIP hearing, there is ample reason to consider and approve the Committee professionals' requested fees and expenses on an interim basis as contemplated by the Interim Compensation Procedures Order. By its express terms, that order preserves all parties' ability to object to the final allowance of fees, and makes all fees and expenses paid on an interim basis subject to challenge and disgorgement until final allowance by the Court. Simply stated, there is no good reason to tie consideration and approval of the Committee professionals' fees on an interim basis to a global settlement, and the Debtors should not be permitted to hijack the procedures established in this case for the Court's consideration of interim fee applications in order to try and force a global resolution.

8.       Nor is there any merit to the Debtors' suggestion that "these cases are essentially at an untenable standstill" because "the Committee has yet to file a complaint" and "the parties remain far apart" in settlement negotiations. To be sure, the parties are indeed far apart in settlement, but the filing of a complaint while negotiations were ongoing could have further widened the gap between the parties and distracted from negotiations which the Committee hoped would bridge this gap through a consensual resolution. Accordingly, the Committee waited to file the complaint to afford the parties a meaningful opportunity to settle the dispute. However, once

-4-

it became clear, that the Debtors and RCP would seek to withhold payment of the Committee's professional fees as leverage to force the Committee to settle, the Committee began finalizing the complaint and is now prepared to file.  While the Committee does not object to continuing negotiations and agrees that the parties are at an impasse, the Committee intends to file and litigate the complaint to reach a final resolution of this dispute.

9.     Accordingly, for all the foregoing reasons, Committee respectfully requests this Court deny the Motion and proceed with the interim fee hearing as scheduled on January 10, 2025.

Dated: January 7, 2025
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Casey B. Sawyer*
Donna L. Culver (No. 2983)
Robert J. Dehney, Sr. (No. 3578)
Eric D. Schwartz (No. 3134)
Daniel B. Butz (No. 4227)
Casey B. Sawyer (No. 7260)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989
Email: dculver@morrisnichols.com
         rdehney@morrisnichols.com
         eschwartz@morrisnichols.com
         dbutz@morrisnichols.com
         csawyer@morrisnichols.com

**COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

- and -

**GLENN AGRE BERGMAN & FUENTES LLP**

Andrew K. Glenn (admitted *pro hac vice*)
Kurt A. Mayr (admitted *pro hac vice*)
Malak S. Doss (admitted *pro hac vice*)
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
Email: aglenn@glennagre.com
         kmayr@glennagre.com
         mdoss@glennagre.com

**SPECIAL LITIGATION COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS**