**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMERIFIRST FINANCIAL, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11240 (TMH)<br><br>(Jointly Administered) |

**DECLARATION OF T. SCOTT AVILA IN SUPPORT OF DEBTORS' MOTION
FOR ENTRY OF ORDER (I) APPROVING SETTLEMENT AGREEMENT WITH THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND RCP
AND (II) GRANTING RELATED RELIEF**

I, T. Scott Avila, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am founding partner of Paladin Management Group, LLC, and I am the Chief Restructuring Officer of the above-captioned debtors and debtors in possession (the "Debtors"). In such capacity, I am familiar with the Debtors' business, financial affairs, and day-to-day operations.

2. I submit this declaration (the "Declaration") in support of the *Debtors' Motion for Entry of Order (I) Approving Settlement Agreement with the Official Committee of Unsecured Creditors and RCP and (II) Granting Related Relief* (the "9019 Motion")[2] filed contemporaneously herewith.

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The Debtors' service address is 575 W. Chandler Boulevard, Suite 225, Unit 236, Chandler, AZ 85225.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the 9019 Motion.

3. I am authorized to submit this Declaration in support of the 9019 Motion. If called upon to testify, I can and would testify competently as to the facts set forth herein.

4. The Settlement Agreement is the product of extensive, good-faith discussions and arms' length negotiations among the Debtors, RCP and the Committee, along with the mediation assistance of The Honorable Mary F. Walrath. Each party was at all times represented by its own counsel.

5. At my direction, the Debtors' attorneys and other professionals at Paladin devoted considerable time and effort over the last six months sharing information and trying to bridge the gap between the Committee and RCP. I understand the parties (together and in sub-groups) participated in numerous conference calls, sent substantial written communications, and exchanged various draft agreements, much of which I was privy to.

6. I believe that the terms of the Settlement Agreement are well within the range of reasonableness. The Settlement Agreement resolves entrenched disputes among the parties. Under the Settlement Agreement, the Debtors have a path to confirmation of a liquidating plan – one with the potential for meaningful recoveries for general unsecured creditors.

7. Absent approval of the Settlement Agreement, these cases will face significant uncertainty, risk, expense, and delay and would likely convert to a liquidation under Chapter 7.

8. As an exercise of my business judgment, and based on my knowledge, experience and analysis of the Debtors' likelihood of success should litigation continue, I believe the Settlement Agreement is in the best interest of the Debtors, their estates and the Debtors' creditors.

9. Accordingly, and for the reasons set forth herein and in the 9019 Motion, I believe the Settlement Agreement should be approved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 5, 2025　　　　　　　　　　　*/s/ T. Scott Avila*
　　　　　　　　　　　　　　　　　　　　　　T. Scott Avila