IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERIFIRST FINANCIAL, INC., *et al.*,[1] | ) Case No. 23-11240 (TMH) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

**DEBTORS' MOTION FOR APPROVAL OF SETTLEMENT BY AND BETWEEN THE DEBTORS AND GRANITE MOUNTAIN LENDING, LLC AND JONNY JACKSON**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") move for entry of an order authorizing the Debtors to execute, and approving, a settlement agreement with Granite Mountain Lending, LLC ("Granite") and Jonny Jackson, the Manager of Granite and a former employee of one of the Debtors ("Jackson" and together with the Debtors and Granite, the "Parties") that will fully and finally resolve the Granite Disputed Secured Claim (as defined below), the Lift Stay Motion (as defined below), and related matters (this "Motion"). In support of the Motion, the Debtors respectfully state as follows:

**Relief Requested**

1. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving a settlement of certain disputes (the "Settlement") by and between the Debtors on the one hand, and Granite and Jackson on the other. The terms of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Phoenix 1040 LLC (2550) and AmeriFirst Financial, Inc. (4557). The Debtors' service address is 575 W. Chandler Boulevard, Suite 225, Unit 236, Chandler, AZ 85225.

4890-3476-7864.4 70786.001

the Settlement are set forth in that certain settlement agreement (the "Settlement Agreement"),[2] a true and correct copy of which is attached as **Exhibit 1** to the Proposed Order.

## Jurisdiction and Venue

2.  The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") pursuant to 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested herein are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019.

## Background

5.  On August 24, 2023, the Debtors commenced the above-captioned cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

Code. No trustee or examiner has been appointed in the Chapter 11 Cases. An official committee of unsecured creditors was appointed in the Chapter 11 Cases on September 15, 2023.

6. On or about August 17, 2023, Granite purportedly advanced AmeriFirst Financial, Inc. ("AmeriFirst") $600,000 (the "Advance") secured by that certain *Promissory Note* for $1,500,000 (the "Note") and that certain *Deed of Trust and Assignment of Rents* (the "Deed of Trust") with respect to the real property known as 3921 East Mallory Circle, Mesa, Arizona 85215 (the "Bowlby Residence"). The Bowlby Residence is the personal residence of Eric Bowlby ("Bowlby"), the former Chief Executive Officer of AmeriFirst.

7. On December 11, 2023, Granite filed Proof of Claim No. 128 as a secured claim in the amount of $1,500,000.00 (the "Granite Disputed Secured Claim") on the basis of the Note and Deed of Trust.

8. On August 29, 2024, Granite filed *Granite Mountain Lending, LLC's Motion for Relief from the Automatic Stay* [Docket No. 836] (the "Stay Relief Motion"), whereby Granite sought relief from the automatic stay to exercise its non-bankruptcy rights and remedies with respect to the Bowlby Residence.

9. On September 19, 2024, the Debtors filed the *Debtors' Objection to Granite Mountain Lending, LLC's Motion for Relief from the Automatic Stay* [Docket No. 860] (the "Stay Relief Objection") and the *Debtors' Objection to Proof of Claim No. 128 Filed by Granite Mountain Lending, LLC* [Docket No. 861] (the "Claim Objection").

10. Thereafter, the Parties engaged in good faith, arms' length negotiations in an effort to resolve the Granite Disputed Secured Claim and the Stay Relief Motion. Over several months, counsel for the Parties participated in conference calls and exchanged substantive e-mails, information concerning Granite's Disputed Secured Claim, and drafts of the Settlement

Agreement. As a result of these negotiations, the Parties have agreed to the terms of the Settlement Agreement, the material terms of which are summarized as follows:

- Upon entry of an order granting this Motion, the Granite Disputed Secured Claim will be deemed amended to be a general unsecured, non-priority claim in the amount of $450,000.00 (the "Granite Amended Claim").

- Within five (5) business days of the entry of an order granting this Motion, the Debtors will (a) withdraw the Claim Objection with prejudice, and (b) allow the Granite Amended Claim.

- Within five (5) business days of the entry of an order granting this Motion, Granite will withdraw the Stay Relief Motion with prejudice.

- Within five (5) business days of the entry of an order granting this Motion, Granite will take all steps necessary to complete the withdrawal and release of all liens and encumbrances against the Bowlby Residence, including but not limited to the Note and the Deed of Trust.

- Granite and Jackson agree that the Debtors may serve process, including but not limited to subpoenas, directed to Granite or Jackson, as applicable, by email to their counsel of record in the Bankruptcy Cases or, if the Granite Parties no longer have counsel, then to Jackson at johnnygranitemountain@gmail.com.

- Granite and Jackson represent that they are retaining and securing all written communications between either of them and the Debtors or Bowlby, including but not limited to all text messages.

11. Notably, the granting of this Motion is a condition to the effectiveness of the Debtors' motion to approve their global settlement with RCP and the Official Committee of Unsecured Creditors. *See* Docket No. 1059, Exhibit 1 (definition of "Settlement Effective Date").

**Basis for Relief**

**I.     Entry Into The Settlement Is Appropriate Under Bankruptcy Rule 9019**

12. The Settlement is the type of compromise that is recognized as a favored method of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *See In re Martin*, 91 F.3d 389, 393 (3d

Cir. 1996). Bankruptcy Rule 9019 provides that, "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, courts consider "whether 'the compromise is fair, reasonable, and in the interest of the estate.'" *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (quoting *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)). Although approval of a compromise is within the bankruptcy court's discretion, the court should not substitute its judgment for that of a trustee or debtor in possession. *See In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). Accordingly, courts generally defer to a debtor's business judgment when there is a "legitimate business justification" for the decision. *In re Martin*, 91 F.3d at 395.

13.   The Third Circuit has provided "four criteria that a bankruptcy court should consider" in determining whether to approve a compromise: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* at 393 (citing *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986)). When applying the *Martin* factors to a particular motion, "[t]he court is not supposed to have a 'mini-trial' on the merits, but should 'canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness.'" *In re Jasmine, Ltd*, 258 B.R. 119, 123 (D.N.J. 2000) (quoting *Neshaminy*, 62 B.R. at 803); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008) (quoting *Protective Comm. for Indep. S'holders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 425 (1968)) ("Basic to the process of evaluating a proposed settlement, then, is the 'need to compare the terms of the compromise with the likely rewards of the

litigation.'"); *In re World Health*, 344 B.R. at 296 (citations and internal quotation marks omitted) ("In the final analysis, the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.").

14. The Debtors submit that the compromise embodied in the Settlement Agreement is fair, reasonable, and in the best interests of the Debtors, their creditors, and their estates, and that the Settlement satisfies each of the applicable *Martin* factors.

15. First, the probability of success in litigation favors approval of the Settlement. The litigation among the Parties requires adjudication of the Granite Disputed Secured Claim and the Stay Relief Motion. Among the issues to be litigated are whether Granite made the Advance, including whether Jackson's purported compensation was or could have been used to fund the Advance. While AmeriFirst believes it would likely prevail, the ultimate outcome is uncertain because the issues are fact-intensive and may require the Court to make credibility determinations; the compromise set forth in the Settlement eliminates this risk.

16. Second, the likely difficulties in collection is a neutral factor because the Debtors do not seek a monetary judgment against Granite or Jackson that would require collection, making this factor irrelevant.

17. Third, the complexity of litigation and the attendant expense, inconvenience, and delay strongly favor approval of the Settlement. Resolution of the disputed matters would require substantial work on the part of the Debtors and their professionals—including written discovery and document production, multiple depositions (including potentially third-party discovery), and preparing for and conducting evidentiary hearings on two contested matters—resulting in considerable administrative costs to the Debtors' estates. Any such litigation

may also delay the Debtors' emergence from bankruptcy. The Settlement would allow the Debtors to eliminate any uncertainty as to these matters, as well as the associated administrative costs, while streamlining the Debtors' exit from these Chapter 11 Cases.

18. Finally, the paramount interests of creditors strongly favors approval of the Settlement because the Settlement will, among other things, (a) convert a $600,000 secured claim into a $450,000 general unsecured, non-priority claim, (b) require Granite and Jackson to (i) withdraw the Stay Relief Motion with prejudice, (ii) withdraw and release all liens and encumbrances against the Bowlby Residence (including but not limited to the Note and the Deed of Trust), (iii) tender a general release in the Debtors' favor (while the Debtors tender only a limited release), and (iv) retain and secure all written communications between either of them and the Debtors or Bowlby (including but not limited to all text messages), and (c) avoid the time, cost, and risk of contested litigation.

19. Notably, (a) the Committee has effectively approved the Settlement Agreement as part of its global agreement with the Debtors and RCP, and (b) approval of the Granite/Jackson settlement is a condition to the effectiveness of the Debtor/Committee/RCP agreement.

20. Accordingly, the Debtors believe that the compromise embodied in the Settlement is fair, reasonable, and in the best interests of the Debtors and their estates and stakeholders. Moreover, the Settlement is the product of active, good-faith discussions and arms'-length negotiations among the Parties. For these reasons, the Debtors believe that the Settlement represents a beneficial outcome for the Debtors' estates and should be approved pursuant to Bankruptcy Rule 9019.

## II. Entry Into The Settlement Is Appropriate Under Sections 363 And 105(a) Of The Bankruptcy Code

21. Pursuant to section 363(c)(1) of the Bankruptcy Code, a debtor in possession may "enter into transactions . . . in the ordinary course of business . . . and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1); *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy.").

22. Moreover, pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This section recognizes bankruptcy courts' broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003).

23. "Settlement agreements frequently involve the disposition of assets of the estate." *Martin*, 91 F.3d at 394. To the extent that sections 363(b) and 105(a) of the Bankruptcy Code applies to the Settlement, the Debtors seek authority thereunder for entry of the proposed order approving the Settlement.

24. In determining whether authorization of the use, sale, or lease of property of the estate is appropriate, courts normally apply the business judgment standard. *See Martin*, 91 F.3d at 395; *see also In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999)

(stating that the trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b) of the Bankruptcy Code).  Under the business judgment standard, so long as a debtor's decision is reasonable and in the best interests of the bankruptcy estate, courts generally defer to the business judgment of the debtor's management.  *See In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near-Herculean task.  Delaware courts have said that it may be accomplished by showing either irrationality or inattention.").

25. The terms of the Settlement reflect a sound exercise of the Debtors' business judgment.  If the Debtors were to engage in full-fledged litigation as described above, they would incur considerable professional fees and other expenses and may not prevail in the litigation.  The compromise set forth in the Settlement avoids the incurrence of these costs and any delay in the administration of the Chapter 11 Cases as a result of potentially time-consuming litigation.  Accordingly, the Debtors' entry into the Settlement should be authorized and approved pursuant to sections 363(b) and 105(a) of the Bankruptcy Code to the extent that such sections apply to the Settlement.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

26. The Debtors seek to promptly remove any cloud on the title of the Bowlby Residence (an asset of the Debtors' estates) and resolve one of the larger disputed claims.  As such, to ensure that the relief requested in the Motion is implemented expeditiously, the Debtors request that the Court waive the notice requirements under Bankruptcy Rule 6004(a), if applicable, and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**Notice**

27. The Debtors will provide notice of this Motion to the following parties and their counsel, if known: (i) the Office of the United States Trustee for the District of Delaware; (ii) Granite; (iii) Jackson; (iv) all parties that have requested notice pursuant to Bankruptcy Rule 2002; and (v) all of the Debtors' known creditors. The Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

**No Prior Request**

28. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request the entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief that the Court deems just and proper.

Dated:  August 6, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email: ljones@pszjlaw.com
          dbertenthal@pszjlaw.com
          tcairns@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*