# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERIFIRST FINANCIAL, INC., *et al.*, | Case No. 23-11240 (TMH) |
| Debtors.[1] | (Jointly Administered) |

Re: Docket No. 1064

### DECLARATION OF GARY LEMBO IN SUPPORT OF DEBTORS' MOTION FOR APPROVAL OF SETTLEMENT BY AND BETWEEN THE DEBTORS AND GRANITE MOUNTAIN LENDING, LLC AND JONNY JACKSON

I, Gary Lembo, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am a partner of Paladin Management Group ("Paladin"), the financial advisor to the above-captioned debtors and debtors in possession (the "Debtors"). As such, I am familiar with the Debtors' business, financial affairs, and day-to-day operations.

2. I submit this declaration (the "Declaration") in support of the *Debtors' Motion for Approval of Settlement By and Between Granite Mountain Lending, LLC and Jonny Jackson* [Docket No. 1064] (the "Granite 9019 Motion").[2]

3. I am authorized to submit this Declaration in support of the Granite 9019 Motion. If called upon to testify, I can and would testify competently as to the facts set forth herein.

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The Debtors' service address is 575 W. Chandler Boulevard, Suite 225, Unit 236, Chandler, AZ 85225.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the te 9019 Motion.

DE:4897-7092-2336.2 70786.001

4.    The Settlement Agreement is the product of good-faith, arms' length negotiations between the Debtors on the one hand and Granite and Jackson on the other. Each of the Parties was at all times represented by its own counsel.

5.    At Paladin's direction, the Debtors' attorneys and other professionals at Paladin devoted considerable time and effort in trying to resolve the $1.5 million Granite Disputed Secured Claim and related matters. I understand the Parties (through counsel) participated in a number of conference calls, sent written communications, and exchanged various draft agreements, much of which I or others at Paladin were privy to.

6.    I believe the terms of the Settlement Agreement are well within the range of reasonableness. The Settlement Agreement resolves a $1.5 million secured claim by allowing it as a $450,000 general unsecured claim while avoiding the time, expense, and risk of litigation, a proposed settlement satisfactory to the Official Committee of Unsecured Creditors (the "Committee") and RCP. Indeed, approval of the Settlement Agreement is a condition to the effectiveness of the Debtors' separate proposed settlement with the Committee and RCP. *See* Docket No. 1059.

7.    As an exercise of my business judgment, and based on my knowledge, experience and analysis of the Debtors' likelihood of success should litigation continue, I believe the Settlement Agreement is in the best interest of the Debtors, their estates and the Debtors' creditors.

8.    Accordingly, and for the reasons set forth herein and in the Granite 9019 Motion, I believe the Settlement Agreement should be approved.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  August 18, 2025                                      */s/ Gary Lembo*                               
                                                             Gary Lembo