# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **AMERIFIRST FINANCIAL, INC.** *et al.*, | **Case No. 23-11240 (TMH)** |
| Debtors.[1] | **(Jointly Administered)** |
| | |
| **The Official Committee of Unsecured Creditors of AMERIFIRST FINANCIAL, INC., et al, on behalf of the estates of the Debtors,** | |
| **Plaintiff,** | |
| **v.** | **Adv. Proc. No. 25 -_____(TMH)** |
| **Xactus,** | |
| **Defendant(s).** | |

## COMPLAINT PURSUANT TO U.S.C. §§ 547 AND 550 TO AVOID TRANSFERS AND RECOVER PROPERTY TRANSFERRED

Plaintiff, the Official Committee of Unsecured Creditors (the "Committee" or "Plaintiff")[2]

of AmeriFirst Financial, Inc. and Phoenix 1040 LLC, derivatively, on behalf of the debtors and

debtors-in possession in the above captioned bankruptcy proceedings (collectively the "Debtors"),

by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557). The Debtors' service address is 575 W. Chandler Boulevard, Suite 225, Unit 236, Chandler, AZ 85225.

[2] *See Notice of Appointment of Unsecured Creditors Committee* [Dkt. No. 122]

transfers against Xactus ("<u>Defendant</u>") and to disallow any claims held by Defendant.  In support

of this Complaint, Plaintiff alleges as follows:

## NATURE OF THE CASE

1.      This Complaint seeks to avoid and recover from Defendant, or from any other

person or entity for whose benefit the transfers were made, all preferential transfers of property of

the Debtors that occurred during the ninety (90) day period prior to the commencement of the

bankruptcy proceedings of the Debtors pursuant to sections 547 and 550 of chapter 5 of title 11 of

the United States Code (the "<u>Bankruptcy Code</u>").

2.      In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the

Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has

been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights and the

rights of the Debtors to object to any such claim for any reason, including, but not limited to, any

reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has

jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A),

(F) and (O); and the court may enter final orders for matters contained herein.

6.      Pursuant to rule 7008-1 of the Local Rules of the United States Bankruptcy Court

for the District of Delaware ("<u>Local Rules</u>"), Plaintiff states that it consents to the entry of final

orders or judgments by the Court if it is determined that the Court, absent consent of the parties,

cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

7.      On August 24, 2023 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Cases").   These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1.

8.      The Debtors are managing and operating their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

9.      On September 15, 2023, the Office of the United States Trustee for the District of Delaware appointed the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code.  *See Notice of Appointment of Unsecured Creditors Committee* [Dkt. No. 122].  Pursuant to the Court's August 21, 2025, *Order Approving Settlement Agreement* (the "Settlement Order") [Dkt. No. 1090] by and between the Debtors, the Committee and RCP Credit Opportunities Fund Loan SPV (Fund III), L.P. and RCP Customized Credit Fund (Fund IV-A), L.P. ("RCP"), the Committee is empowered and has standing to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, litigate to judgment or otherwise resolve avoidance actions that may be brought by or on behalf of the Debtors or their Estates, including actions or remedies under sections 510, 542, 545, 546 and 547 through 553 of the Bankruptcy Code, save those, not here relevant, expressly reserved to RCP pursuant to the Settlement Agreement.

## PARTIES

10.     The Committee, as Plaintiff in this Adversary Proceeding, represents the interests of the Debtors' estates and their unsecured creditors. The Committee is comprised of three

members: Kristen Rahn, Mortgageshots, LLC, and Paragon Micro, Inc.  The Committee has

standing to object to claims and investigate, assert, and settle preference claims on behalf of the

Debtors' estates pursuant to the Settlement Order.

11.     Upon information and belief Defendant was, at all relevant times a vendor or

creditor to the Debtors. Upon further information and belief, at all relevant times, Defendant's

principal place of business was located at 370 Reed Rd, Ste 100, Broomall, PA 19008-401. Plaintiff

is informed and believes that on that basis that Defendant is an entity residing in and subject to the

laws of Pennsylvania.

**FACTUAL BACKGROUND**

12.     Prior to the Petition Date, the Debtors maintained business relationships with

various business entities, through which the Debtors regularly purchased, sold, received, and/or

delivered goods and services. The Debtors also regularly paid for services used to facilitate their

business.

13.     The Debtors' financial difficulties that led to the decision to file the voluntary

petitions are attributable to a combination of factors, all of which placed significant stress on the

Debtors' liquidity position in the months leading up to the Petition Date.  A summary of the

Debtors' prepetition operations, debt structure, and factors that led to the Chapter 11 Cases are set

forth in the Debtors' *Declaration of T. Scott Avila in Support of First Day Motions* [Dkt. No. 20]

and are incorporated herein by reference.

14.     During the ninety (90) days before the Petition Date, that is between May 26, 2023,

and August 24, 2023 (the "Preference Period"), the Debtors continued to operate their business

affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH

transfers, direct deposits, credit card payment, or otherwise to various entities.

15.     Upon information and belief, during the course of their relationship, the Debtors and Defendant entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements").  The Agreements concerned and related to the goods and/or services provided by Defendant to the Debtors as described in the "Parties" section of this Complaint. The payments to the Defendant in respect of the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as **Exhibit A**.  Such details include "Invoice Number," "Invoice Date," and "Invoice Amount."

16.     The Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $15,338.36 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on **Exhibit A** attached hereto and incorporated by reference.

17.     Plaintiff also conducted a review and analysis of the readily available information regarding known and reasonably knowable affirmative defenses available to Defendant under section 547(c) of the Bankruptcy Code.

18.     Based upon Plaintiff's own due diligence evaluation of the known and reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

19.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right

to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## COUNT I
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

20.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

21.     As more particularly described in **Exhibit A** attached hereto and incorporated herein, during the Preference Period, one or more of the Debtors made Transfers to or for the benefit of Defendant in an aggregate amount not less than $15,338.36.

22.     Each Transfer constituted a transfer of an interest in property of the Debtor and was made by the Debtors within the Preference Period.

23.     Defendant was a creditor of the Debtors within the meaning of 11 U.S.C. § 101(10)(A) at the time of the Transfers. At the time of the Transfers, Defendant had a right to payment on account of an obligation owed to such Defendant by the Debtors in connection with its Agreements with the Debtors.

24.     The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Debtors to Defendant.

25.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtors to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtors.

6

26.     The Debtors were insolvent when the Transfers were made.  Plaintiff is entitled to the presumption of insolvency for the Transfers made during the ninety (90) days prior to the Petition Date pursuant to Section 547(f) of the Bankruptcy Code.

27.     As a result of the Transfers, Defendant received more than it would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its debts under the provisions of the Bankruptcy Code.

28.     In accordance with the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

29.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

30.     Plaintiff is entitled to avoid the Transfer(s) pursuant to section 547(b) of the Bankruptcy Code (the "Avoidable Transfers").

31.     Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

32.     Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## COUNT III
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and(j))

33.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Claim for Relief.

34.     Defendant is a transferee of transfers avoidable under sections 547 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

35.     Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

36.     Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

37.     Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief against Defendant:

A.     On Plaintiff's First, and Second Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to sections 547(b), and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the

fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.      On Plaintiff's Third Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Avoidable Transfers to Plaintiff pursuant to sections 502(d) and (j) of the Bankruptcy Code; and

C.      Granting to Plaintiff such other and further relief as this Court may deem just and proper.

*[Remainder of Page Purposefully Left Blank]*

**Dated:** August 22, 2025

**MORRIS, NICHOLS, ARSH & TUNNELL LLP**
By: */s/ Donna L. Culver*
Donna L. Culver (No. 2983)
Robert J. Dehney, Sr. (No. 3578)
Eric D. Schwartz (No. 3134)
Daniel B. Butz (No. 4227)
Casey B. Sawyer (No. 7260)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: dculver@morrisnichols.com
rdehney@morrisnichols.com
eschwartz@morrisnichols.com
dbutz@morrisnichols.com
csawyer@morrisnichols.com

*Counsel for*
*Official Committee of Unsecured Creditors.*

**-AND-**

**GLENN AGRE BERGMAN & FUENTES LLP**
By: */s/ Andrew K. Glenn*
Andrew K. Glenn (admitted *pro hac vice*)
Kurt A. Mayr (admitted *pro hac vice*)
Malak S. Doss (admitted *pro hac vice*)
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
Tel: (212) 970-1600
E-mail: aglenn@glennagre.com
kmayr@glennagre.com
mdoss@glennagre.com

*Special Litigation Counsel for*
*Official Committee of Unsecured Creditors.*