IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERIFIRST FINANCIAL, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11240 (TMH)<br><br>(Jointly Administered) |

Hearing Date:  To be scheduled if necessary
Objection Deadline:  September 12, 2025 at 4:00 p.m. (ET)

**DEBTORS' MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACT WITH UKG**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to reject that certain executory contract between Debtor AmeriFirst Financial, Inc. ("AFI") and UKG Inc.  ("UKG") (the "Contract")[2] effective as August 31, 2025 and granting related relief.  In support of the Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1.     The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557).  The Debtors' service address is 575 W. Chandler Boulevard, Suite 225, Unit 236, Chandler, AZ 85225.

[2] For the avoidance of doubt, by this Motion, the Debtors seek to reject the Contract, including any amendments, restatements, supplements, and associated statements of work associated with the Contract, whether or not such amendments, restatements, supplements, and associated statements of work are specifically identified herein.

§ 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1.

**Background**

A. **The Chapter 11 Cases**

4. On August 24, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are managing and operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

5. On September 15, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").

2

DE:4917-1350-7428.1 70786.001

6. AFI was a mid-sized independent mortgage company. It was licensed to operate in 44 states and serves customers via branches located in over 20 states. In addition to previously originating and purchasing residential mortgage loans, AFI owned certain loan master servicing rights and fees generated thereby.

7. Additional factual background regarding the events leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of T. Scott Avila in Support of First Day Motions* [Docket No. 20] (the "First Day Declaration"), which is incorporated herein by reference.[3]

**B. The UKG Contract**

8. Pursuant to the Contract, UKG provided the Debtors with certain payroll and related services. The Debtors have determined they no longer need the services provided under the Contract.

9. The Contract no longer provides any benefit to the estates. By rejecting the Contract as of August 31, 2025, the Debtors will save the estates the unnecessary administrative expenses associated with the Contract. Absent rejection, the Debtors could continue to incur expenses under the Contract.

**Relief Requested**

10. By this Motion, the Debtors seek the entry of the Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to reject the Contract effective as of August 31, 2025 and granting related relief.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

**Basis for Relief**

**A. Rejection Of The Contract Is Appropriate**

11. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (Bankr. D. Del. 1995). Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See Lubrizol Enters., Inc. v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985). Further, "[t]his provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

12. Rejection of executory contracts and unexpired leases is appropriate where such rejection would benefit the estate. *See Sharon Steel Corp. v. Nan Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989). Upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a). *See In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R.

4

506 (S.D.N.Y. 1997); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtors' decision to assume or reject an executory contract "should be granted as a matter of course").

13. The Debtors no longer require the payroll services provided by UKG, and they have determined that the Contract constitutes an unnecessary drain on the Debtors' resources. Rejection of the Contract thus reflects the Debtors' exercise of sound business judgment.

## **Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

14. The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## **Notice**

15. The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the Debtors' postpetition DIP Lender; (d) UKG; and (e) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  August 29, 2025            **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
Email: ljones@pszjlaw.com
         dbertenthal@pszjlaw.com
         tcairns@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*