## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERIFIRST FINANCIAL, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11240 (TMH)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. 1183** |

## NOTICE OF (I) CONDITIONAL APPROVAL OF DISCLOSURES; (II) HEARING TO CONSIDER CONFIRMATION OF THE COMBINED PLAN; (III) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE COMBINED PLAN; AND (IV) DEADLINE FOR VOTING ON THE COMBINED PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.       On August 24, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced their cases by filing their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### THE COMBINED PLAN AND DISCLOSURE STATEMENT

2.       On November 12, 2025, the Debtors filed the *Amended Combined Disclosure Statement and Plan of Liquidation of AmeriFirst Financial, Inc. and Phoenix 1040 LLC Under Chapter 11 of the Bankruptcy Code* [D.I. 1181] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Combined Plan").

### INTERIM CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT

3.       By an Order dated  December 5, 2025 (the "Solicitation Procedures Order"), the Bankruptcy Court conditionally approved, on an interim basis, the disclosures (the "Disclosures") in the Combined Plan as containing adequate information within the meaning of section 1125 of Bankruptcy Code.  The Solicitation Procedures Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosures and Combined Plan.

4.       By the Solicitation Procedures Order, the Court established **January 2, 2026 at 5:00 p.m. (Eastern Time)** (the "Voting Deadline") as the deadline by which ballots accepting or

---

[1]    The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Phoenix 1040 LLC (2550); and AmeriFirst Financial, Inc. (4557).  The Debtors' service address is 575 W. Chandler Boulevard, Suite 225, Unit 236, Chandler, AZ 85225.

rejecting the Combined Plan must be received. To be counted, your original ballot must actually be **received** on or before the Voting Deadline by the Voting Agent in accordance with the instructions found on the ballot.

### THE COMBINED HEARING

5.      On **January 13, 2026 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Judge Thomas M. Horan in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, DE 19801 to consider final approval of the Disclosures and confirmation of the Combined Plan, as the same may be amended or modified (the "Combined Hearing").

6.      The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Combined Plan.  The Combined Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Combined Plan, and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

### INJUNCTIONS, RELEASES, AND DISCHARGE

7.      Sections 16.1, 16.2 and 16.3 of the Combined Plan contains the exculpation, release, and injunction provisions set forth below:

**Exculpation:**

**The (i) Debtors, (ii) the Debtors' directors, officers, managers, and employees that served in such capacity, (iii) the Committee and the members thereof, and (iv) each of their respective professionals retained during the Chapter 11 Cases, each solely in their capacities as such (collectively, the "Exculpated Parties"), will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Cases, the sale or other disposition of the Debtors' assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; *provided however*, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); *provided however*, that any Exculpated Party shall be entitled to rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code.  For the avoidance of doubt, Paladin, together with the personnel provided by it to furnish services to the Debtors during the**

Chapter 11 Cases, including T. Scott Avila, the Debtors' CRO, and the personnel of Paladin assisting the CRO, are Exculpated Parties.

<u>Releases</u>:

(a)    **Debtor/Estate Release of Released Parties.**

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtors, the Post-Effective-Date Debtor(s), the Estates, and the Committee (collectively, the "<u>Debtor/Estate Releasors</u>") shall release (the "<u>Debtor/Estate Release</u>") each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' liquidation, the Chapter 11 Cases, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct, or gross negligence; *provided however*, the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan, the Settlement Agreement or any other document, instrument, or agreement executed to implement the Plan or the Settlement Agreement; and further provided that nothing herein shall act as a discharge of the Debtors.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.  For the avoidance of doubt, the Debtor/Estate Release is not intended to and shall not modify any and all of the releases set forth in the Settlement Agreement and the Settlement Agreement Order.

"Released Parties" means, collectively, (a) the Debtors and Post-Effective-Date Debtors; (b) the Committee and the individual members thereof, solely in their capacity as such; (c) the Prepetition Lenders; (d) the Prepetition Agent; (e) the DIP Agent (as defined in the DIP Documentation) and DIP Lenders; and (e) each of such Entities' Related Persons.

"Related Persons" means, subject to any exclusions expressly set forth in the Plan, with respect to a specific Person, said Person's successors and assigns, and as applicable, its current (as of the Confirmation Hearing) shareholders, affiliates, subsidiaries, employees, agents, officers, directors, managers, trustees, partners, members, professionals, representatives, advisors, attorneys, financial advisors, accountants, and consultants, solely in their respective capacities as such.

**(b)** **Third Party Release.**

**On and after and subject to the occurrence of the Effective Date, except as otherwise provided in the Plan, each Claimant (collectively, the "Releasing Parties") who (i) is not Impaired under the Plan but who does not elect to "opt-out" by marking the appropriate box on such Releasing Party's Opt-Out Form; (ii) votes to accept or reject the Plan but does not elect to "opt-out" by marking the appropriate box on such Releasing Party's Ballot, for themselves and their respective successors, assigns, transferees, and such Claimants' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), shall release (the "Third Party Release") each Released Party, and each of the Released Parties shall be deemed released from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtors or the Estates, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct or gross negligence; *provided however*, the foregoing Third Party Release shall not release any obligations of any party under the Plan, the Settlement Agreement, or any other document, instrument, or agreement executed to implement the Plan. For the avoidance of doubt, the Third Party Release is not intended to and shall not modify any and all of the releases set forth in the Settlement Agreement and the Settlement Agreement Order.**

**Injunction:  In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order, the Settlement Agreement, or the Plan, and except in connection with the enforcement of the terms of the Plan, Settlement Agreement, or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors, the Post-Effective-Date Debtor(s), or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Plan Administrator, the Post-Effective-Date Debtor(s), the Estates, or any of their respective assets, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Post-Effective-Date Debtor(s), the Plan Administrator, the Estates, or any of their respective assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Post-Effective-Date Debtor(s), the Plan Administrator, the Estates, or any of their respective assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest.  Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtors, the Post-Effective-Date Debtor(s), or the Plan Administrator under the Plan.  For the avoidance of doubt, nothing contained herein shall effect the rights and obligations of the Settlement Agreement and related documents.**

## DEADLINE FOR OBJECTIONS TO FINAL APPROVAL OF THE DISCLOSURES OR CONFIRMATION OF THE COMBINED PLAN

8. Objections, if any, to final approval of the Disclosures or confirmation of the Combined Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service **on or before January 6, 2026 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtor's chapter 11 case; (b) state with particularity the provision or provisions of the Combined Plan objected to and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (i) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com); (ii) counsel to the Committee, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney, Esq. (rdehney@morrisnichols.com); and (iii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: jane.m.leamy@usdoj.gov.

**COPIES OF THE COMBINED PLAN AND BALLOTS, IF APPLICABLE**

9.      If you wish to receive copies of the Combined Plan, they will be provided, as quickly as practicable, upon request to the Voting Agent, Omni Agent Solutions, Inc. ("Omni" or the "Voting Agent") by writing to AmeriFirst Financial Ballot Processing Center, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367. Copies of the Combined Plan are also available for free on the Voting Agent's website at https://omniagentsolutions.com/AmeriFirst and are on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

10.     IF YOU HAVE ANY QUESTIONS REGARDING YOUR CLAIM OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE COMBINED PLAN OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AS SET FORTH ABOVE.

11.     IF YOU HAVE ANY QUESTIONS REGARDING YOUR CLAIM OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE COMBINED PLAN OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AS SET FORTH ABOVE.

12.     **IF YOU DO NOT RECEIVE A SOLICITATION PACKAGE (INCLUDING A CLASS 2 OR CLASS 4 BALLOT) AND YOU BELIEVE YOU ARE ENTITLED TO VOTE ON THE PLAN, PLEASE PROMPTLY CONTACT THE VOTING AGENT AS SET FORTH ABOVE TO OBTAIN A BALLOT.  THE DEBTORS RESERVE ALL RIGHTS WITH RESPECT TO ANY SUCH CAST BALLOTS PURSUANT TO THE SOLICITATION PROCEDURES.**

Dated: December 5, 2025          **PACHULSKI STANG ZIEHL & JONES LLP**

/s/      *Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (*pro hac vice*)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
         dbertenthal@pszjlaw.com
         tcairns@pszjlaw.com

*Counsel for Debtors and Debtors in Possession*